# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

CHAPLAIN GORDON JAMES )
KLINGENSCHMITT )
　 )
Plaintiff, )
　 )　　Civil Action No. 06-1832 (HHK)
v. )
　 )
DONALD C. WINTER, Secretary of the Navy )
　 )
Defendant. )

## NOTICE OF FILING

　　　Defendant hereby notifies the Court and Plaintiff that it is filing the attached declaration

of Captain Gregory S. Parker, and accompanying attachments, referenced and submitted at

today's hearing on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary

Injunction and For Emergency Hearing (Dkt. 2).

Dated: October 30, 2006.　　　Respectfully submitted,


　/s/
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


　/s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


　/s/
PAUL A. MUSSENDEN,
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 305-4740

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Chaplain Gordon James          )
Klingenschmidt                 )
                               )
Plaintiff,                     )
                               )
v.                             )      Civil No.: 06CV 1832 (HHK)
                               )
                               )      DECLARATION OF CAPTAIN
                               )      GREGORY S. PARKER,
                               )      U.S. NAVY
DONALD C. WINTER,              )
                               )
Defendant                      )


I, Captain Gregory S. Parker, U.S. Navy, pursuant to

28 U.S.C. § 1746, declare:

1.   I am a Captain in the United States Navy and the

head of the Career Progression Division ("PERS 48") of

the Navy Personnel Command ("NPC").  I make this

declaration based on my personal knowledge, information

reviewed in the course of my official duties, and personnel

records of Plaintiff, Gordon James Klingenschmidt ("").

2.   As head of PERS 48, my responsibilities include

the conduct of Officer and Enlisted Promotion Boards,

Officer and Enlisted Unfavorable and Favorable Separations,

Post selection board adverse information reviews, Officer retirements, retire/retain requests, Fleet Reserve requests, and maintaining the Temporary & Permanent Disability List.

3. I was made aware of a complaint and request for emergency relief filed by the Plaintiff in the above-captioned matter seeking to discontinue his ongoing separation proceedings.

4. On or about September 27, 2006, Plaintiff's record shows that the Chief of Naval Personnel received notice that Plaintiff's ecclesiastical endorsement from the Evangelical Episcopal Church as a Religious Ministry Professional ("RMP") was withdrawn.

5. Consistent with the Department of Defense Instruction 1304.28; Secretary of the Navy Instruction 1920.6C; Chief of Naval Operations Instruction 1120.9; Chief of Chaplains Instruction 1110.1G; administrative processing to possibly separate Plaintiff from naval service was initiated upon the loss of his ecclesiastical endorsement.

6. Under Department of Defense Instruction 1304.28, processing for separation shall be initiated immediately upon notification of withdrawal of a Chaplain's ecclesiastical endorsement.

DECLARATION OF CAPTAIN GREGORY S. PARKER, U. S. NAVY

7.    When an ecclesiastical endorsing agency withdraws its endorsement of a chaplain, the Chief of Chaplains must comply with the following relevant provisions of OPNAVINST 1120.9 [Appointment of Officers in the Chaplain Corps of the Navy]: (1) notify the Chief of Naval Personnel ("CHNAVPERS") of the withdrawal; (2) Recertify a chaplain's "professional qualification" upon receipt of a new ecclesiastical endorsement; and (3) Recommend to CHNAVPERS a chaplain's continuance, based on the needs of the Navy. See OPNAVINST 1120.9, para. 5b(3)(a)and (b) (attached as Exhibit A).

8.    Under OPNAVINST 1120.9, para. 6, the Chief of Chaplains must validate the professional qualifications of all applicants for appointment to the Chaplain Corps "with the assistance of the Chaplain Appointment and Recall Eligibility (CARE) Advisory Group." Ex. A at 5-6; See also COCINST [Chief of Chaplain Instruction] 1110.1G (attached as Exhibit B).

9.    On September 29, 2006, NPC, through PERS 48, responded to the September 27, 2006 notice that Plaintiff's ecclesiastical endorsement was withdrawn by forwarding a letter of notification ("LON") to Plaintiff.   Complying with DOD Directive 1304.28, the LON informed Plaintiff that the loss of his ecclesiastical endorsement rendered him

DECLARATION OF CAPTAIN GREGORY S. PARKER, U. S. NAVY

professional unqualified to serve as a Navy Chaplain and
that administrative action to separate him from naval
service was initiated.

10. The LON outlined several options for Plaintiff to
consider when responding, including the seeking of a new
ecclesiastical endorsement, which would result in the
convening of a board to review his professional
qualifications. Plaintiff was further informed that if re-
certification as a Navy Chaplain was not approved, the
Secretary of the Navy may order an appropriate discharge
from the naval service. The LON was delivered to Plaintiff
via his chain of command. See LON (attached as Exhibit C).

11. On or about September 29, 2006, Plaintiff
submitted another endorsement from the Chaplaincy of Full
Gospel Churches to the Chief of Chaplains.

12. On or about October 14, 2006, Plaintiff
acknowledged receipt of the LON in writing. Based on the
endorsement by the Chaplaincy of Full Gospel Churches,
requested that his professional qualifications to be a
Chaplain be recertified.

13. Consistent with OPNAVINST 1120.9, para. 6, the
Chief of Navy Chaplains convened a CARE board to assist
with validating Plaintiff's professional qualifications and

making a recommendation as to whether Plaintiff should be recertified as a Navy chaplain.

14.  OPNAVINST 1120.9, para. 6 provides the basic and professional qualifications that must be met for appointment as a Chaplain.

15.  The recertification board considered Plaintiff's new endorsement, service record and the results of his September 14, 2006 court martial for violation of a lawful order to not wear his uniform during any media appearances without first receiving permission.  Plaintiff was convicted of violating that order by wearing his uniform, without permission, at a press conference in front of the White House.

16.  On October 26, 2006, the recertification board completed its review and made its recommendation to the Chief of Navy Chaplains that Plaintiff not be recertified as a Navy chaplain.

17.  Concurring with the board's recommendation, the Chief of Navy Chaplains recommended to the Assistant Secretary of the Navy for Manpower and Reserve Affairs ("ASN M&RA") that the Plaintiff not be recertified as a Navy Chaplain.

18. The following is the administrative process that is yet to be completed:

DECLARATION OF CAPTAIN GREGORY S. PARKER, U. S. NAVY

(a) PERS 48 will forward to the Assistant Secretary of the Navy for Manpower and Reserve Affairs ("ASN M&RA"), via Commander, Navy Personnel Command ("CNPC") and the Chief of Navy Personnel ("CNP") the Chief of Navy Chaplains recommendation.

(b) ASN M&RA is the final authority directing recertification.

(c) If the Plaintiff is not recertified, then ASN M&RA may direct separation.

(d) If Plaintiff is recertified, he will be reinstated as a Navy Chaplain.

19.  If the ASN M&RA directs separation, that action is forwarded to PERS 48 for implementation. Once PERS 48 receives the ASN M&RA separation directive, PERS 48 will prepare written separation orders directing detachment within 30 to 60 days.

20.  If Plaintiff is directed to separate, under the current situation it will be under honorable conditions.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 30, 2006.


GREGORY S. PARKER


DECLARATION OF CAPTAIN GREGORY S. PARKER, U. S. NAVY

# EXHIBIT A

# PARKER DECLARATION
# 06 - 1832 (HHK)



DEPARTMENT OF THE NAVY

OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON, DC 20350-2000

OPNAVINST 1120.9
N097
20 Dec 2005

OPNAV INSTRUCTION 1120.9

From:  Chief of Naval Operations

Subj:  APPOINTMENT OF OFFICERS IN THE CHAPLAIN CORPS OF THE NAVY

Ref:   (a) DOD Instruction 1304.28 of 11 Jun 04
       (b) DOD Directive 1310.2 of 28 May 96
       (c) SECNAVINST 1000.7E
       (d) DOD Directive 1205.5 of 22 Apr 04
       (e) DOD Directive 1312.3 of 21 Oct 96
       (f) OPNAVINST 1210.5
       (g) DOD Directive 1304.19 of 11 June 04
       (h) SECNAVINST 1730.7B
       (i) SECNAVINST 1420.1 Series
       (j) SECNAVINST 5300.28C
       (k) NAVMED P-117, Manual of the Medical Department
       (l) 10 U.S.C.
       (m) OPNAVINST 1427.2
       (n) OPNAVINST 1427.1
       (o) SECNAVINST 1920.6B

Encl:  (1) Chaplain Candidate Program

1.  Purpose.  To delineate Department of the Navy (DON) policy,
responsibilities, and procedures for the appointment and recall
of chaplains under references (a) through (e).

2.  Cancellation.  SECNAVINST 1120.4A.

3.  Applicability.  This instruction applies to all persons
appointed as chaplains in the Regular or Reserve Component of
the Navy.  Processing initiated before the effective date of
this instruction will be continued pursuant to policy and
instructions in effect before that date.

    a.  Additional guidance on the transfer of Chaplain Corps
officers from other services into the Chaplain Corps of the Navy
is found in references (c) and (d).

b.  Additional guidance on the transfer of Chaplain Corps officers into the Regular Component of the Chaplain Corps from the Reserve Component and the transfer of Regular and Reserve Component between the Line and the Chaplain Corps, or between another Staff Corps, and the Chaplain Corps, is found in reference (f).

4.  <u>Policy - Appointment of Chaplains</u>.  DON will ensure that persons appointed as chaplains meet the minimum professional and educational qualifications required by reference (g). Authorized strength and grade levels in the Chaplain Corps shall be maintained by recruiting Religious Ministry Professionals (RMPs) of Religious Organizations (ROs) of the United States to provide religious ministries under reference (h), to support the annual 5-year promotion plan approved under reference (i), to provide a base for an all-Regular career force, and to attain authorized strength in the Reserve Component to meet approved mobilization requirements.

a.  Requirements for newly-appointed officers on the Active Duty List (ADL) sufficient to support an all Regular force will be filled primarily through the Chaplain Candidate Program authorized in enclosure (1).  Requirements, which cannot be fully met by this source, will be met by direct appointment of qualified religious ministry professionals.

b.  Requirements for officers on the ADL in career grades that cannot be met by promotion will be supplemented by voluntary recall to active duty of Chaplain Corps officers who have not served previously on extended active duty.

c.  Requirements for officers on the ADL which cannot be met by the preceding sources will be met by voluntary recall of Chaplain Corps officers who have served previously on extended active duty and by interservice transfer of chaplains from other services.

d.  Requirements for Selected Reserve (SELRES) and Individual Ready Reserve (IRR) officers will be filled primarily by the transfer of officers from the ADL who have completed their initial obligated service.  Requirements which cannot be met from this source will be met by direct appointment of

OPNAVINST 1120.9
20 Dec 2005

qualified religious ministry professionals as Reserve officers of the Chaplain Corps on inactive duty or through the Chaplain Candidate Program.

5. <u>Action</u>

a. Deputy Chief of Naval Operations (DCNO) (Manpower, Personnel, Training, and Education (N1/NT)) may approve entry grade credit and establish entry grades and dates of rank in compliance with this instruction.

b. Chief of Chaplains shall:

(1) Develop an annual accession plan to support authorized strength in the Chaplain Corps. There must be enough accessions to support the 5-year promotion plans for the ADL and Reserve Component and ensure that the promotion opportunity and flow necessary to meet authorized strength-in-grade requirements are maintained.

(2) Certify professional qualifications and calculate entry grade credit based on these qualifications for DCNO (N1/NT).

(3) Notify Chief of Naval Personnel (CHNAVPERS) when an ecclesiastical endorsing agency withdraws its endorsement of a chaplain or when the Chief of Chaplains withdraws its designation of a chaplain.

(a) Recertify a chaplain's professional qualification upon receipt of a new ecclesiastical endorsement.

(b) Recommend to CHNAVPERS a chaplain's continuance, based on needs of the Navy.

c. Commander, Navy Recruiting Command (COMNAVCRUITCOM) shall determine a chaplain's grade and date of rank based on the criteria established in this instruction subject to the approval of DCNO (N1/NT).

6. <u>Policies and Procedures for Appointment of Regular and Reserve Officers in the Chaplain Corps</u>

a. <u>Basic Qualifications for Appointment as a Chaplain</u>. To be eligible for appointment as a Chaplain Corps officer in either the ADL or Reserve Component, or for voluntary recall

3

OPNAVINST 1120.9
20 Dec 2005

from the Reserve Component to the ADL, the applicant must meet the following requirements:

(1) Citizenship.  A Chaplain Corps appointee must be a citizen of the United States under reference (b).

(2) Age.  Must be able to complete 20 years of active commissioned service by age 68.  DCNO(N1/NT) may waive these restrictions for otherwise qualified applicants for appointment on the ADL or in the Reserve Component in the following instances:

(a) When there is a shortage against authorized strength in the ADL, which cannot be met through the Chaplain Candidate Program, direct appointments, voluntary recall from the Reserve Component, or by in-zone promotion under the annual 5-year plan.

(b) When there is a shortage against authorized strength in the Reserve Component which cannot be met by transfer of officers from the ADL, from the Chaplain Candidate Program, in-zone promotions under the annual 5-year promotion plan, or by direct procurement of qualified civilians who meet age requirements.

(c) When extraordinary circumstances cause such a waiver to be in the best interests of the Naval Service.

(d) When a gross inequity to the applicant would otherwise result.  Before appointment, applicants who will be unable to complete 20 years of creditable service for retirement shall acknowledge the same in writing.

(3) Moral character.  Must be of good moral character and of unquestioned loyalty to the United States as determined by interview and investigation.  As prescribed under reference (j), no person who is alcohol and/or drug dependent, who currently abuses alcohol and/or drugs, whose pre-service abuse of alcohol and/or drugs indicates a proclivity to continue abuse in the service, or who has a record of any trafficking offenses shall be permitted to enter or be retained in the Chaplain Corps.

(4) Physical standards.  Must meet the physical standards for service on active duty established by Chief, Bureau of Medicine and Surgery and approved by CNO.  DCNO

4

OPNAVINST 1120.9
20 Dec 2005

(N1/NT) may grant waivers for physical defects that will not interfere with the performance of active duty within the guidelines of reference (k).

(5) Moral assent. Applicants shall affirm that, if appointed, they shall abide by applicable laws, and all applicable regulations, directives, and instructions of the Department of Defense (DOD) and DON. This includes a willingness to function in a pluralistic environment and to support, both directly and indirectly, the free exercise of religion by all members of the Naval service, their family members, and other persons authorized to be served by the chaplaincy.

(6) Ecclesiastical Endorsement. Applicants must have an endorsement from a qualified Religious Organization (RO) as specified in reference (a), enclosure (5) that verifies:

(a) The individual is a Religious Ministry Professional (RMP) as defined in reference (a). An individual endorsed to represent a RO and to conduct its religious observances or ceremonies. An RMP is a fully qualified member of the clergy for those Religious Organizations that have a tradition of professional clergy or their equivalents. The RO's endorsement verifies that an RMP is professionally qualified to serve as a chaplain in the military and meets the graduate education and religious leadership requirements of reference (a).

(b) Two years of religious leadership experience for an ADL appointment. Religious leadership experience shall be compatible with the duties of RMPs in their respective RO and relevant to the settings of military chaplaincy.

(c) An RMP's application shall include the endorsement of the person's ecclesiastical credentials on DD Form 2088, Statement of Ecclesiastical Endorsement as provided in reference (a), enclosure (6).

(7) Education. The RMP will meet the requirements set forth in reference (a), paragraph 6.1.5.

b. Examination of professional qualifications. The professional qualifications of all applicants for appointment in the Chaplain Corps, the Chaplain Candidate Program Officer (CCPO) program, and transfers between active and inactive duty shall be validated by the Chief of Chaplains with the assistance

5

OPNAVINST 1120.9
20 Dec 2005

of the Chaplain Appointment and Recall Eligibility (CARE) Advisory Group. This includes applicants for direct appointments to active duty, direct appointment to inactive duty in the Reserve Component, voluntary recall from the Reserve Component to the ADL, interservice transfers, and superseding applications from CCPOs to active or inactive duty.

    (1) <u>Voluntary recall</u>.  To be eligible for voluntary recall from the Reserve Component to the ADL, the applicant must be a fully qualified RMP of a RO represented by a DOD-recognized ecclesiastical endorsing agency under reference (g).  Recalled officers will be recalled in the rank held in the Reserve Component and will not have entry grade recomputed.

    (2) <u>Examination procedure</u>.  The CARE Advisory Group shall review an applicant's academic performance, graduate theological education, professional experience, professional reputation, interviews by a recruiting officer and a chaplain, and letters of personal or professional recommendation; and shall ensure that an ecclesiastical endorsement has been submitted for each applicant.  This review must be completed before recommending the applicant for appointment or recall and prior to recommending the entry grade credit to be granted upon appointment.  Once the examining body has examined and certified the applicant's professional qualifications, DCNO (N1/NT) or COMNAVCRUITCOM acting for DCNO (N1/NT) shall determine whether the applicant is otherwise qualified for a commission as a chaplain.  No applicant shall be appointed as a Chaplain Corps officer without these determinations.

    c. <u>Entry grade credit</u>.  Entry grade and date of rank upon appointment in the Chaplain Corps shall be based on the number of years of entry grade credit awarded for prior active commissioned service, advanced education, and professional experience under reference (e).  Credit shall be granted subject to the computation rules in paragraph 6d and as specified in the following table:

**ENTRY GRADE CREDIT TABLE**

| Qualification | Credit |
|---|---|
| 1.  Commissioned service in any of the uniformed services on active duty or in an active status. | 1 year |
| 2.  Successful completion of graduate professional study validated by a Master of Divinity or equivalent degree under the criteria of paragraph 6a(7). | 3 years |

6

| | |
|---|---|
| 3. Seven or more years of full-time practical experience in ministry following the completion of the educational requirements in paragraph 6a(7). To be credited, the applicant must have accrued the experience as a fully qualified RMP of a RO. The experience may include pastoral ministry, religious education, or other form of full-time religious vocation. | 1/2 year for each year not to exceed 1 year of credit |
| 4. The DON will not normally grant entry grade credit for special experience or unique qualifications. Assistant Secretary of the Navy (Manpower and Reserve Affairs) (ASN (M&RA)), considering the recommendations and supporting justification of DCNO (N1/NT), may waive this limitation on a case-by-case basis when there is a requirement that cannot be met within the guidelines of this instruction. | Maximum of 3 years of credit |

 d. Limits and Computation of entry grade credit. Entry grade credit shall be computed as follows:

 (1) A period of time or a qualification shall be counted only once.

 (2) Qualifying periods of less than one full year will be proportionally credited to the nearest day.

 (3) Credit will not be awarded for service as a warrant officer.

 (4) Graduates of the service academies will not be awarded credit for any service performed or education, training, or experience obtained before graduation from the academy concerned.

 (5) Entry grade credit will not be normally awarded for education, training, or experience obtained while on active duty or on inactive duty in an active status. If the officer completes advanced education specified in reference (a) for initial appointment in less than the normal number of years, the officer may be given constructive credit for the difference between the normal number of years and the actual number of years taken. Detailed guidance is furnished in reference (l), sections 533 and 12207.

7

(6) To obtain a high level of experience in the naval chaplaincy environment before entering the career force, total entry grade credit shall normally be limited to six years.  ASN (M&RA), considering the recommendations and supporting justification of DCNO (N1/NT), may waive this limit on a case-by-case basis when there is a requirement that cannot be met within the guidelines of this article.

(7) Because the recall of a Chaplain Corps officer from inactive duty is not an appointment, such officers are not entitled to additional entry grade credit.

(8) The total entry grade credit granted shall be no more than that required for the person to receive an entry grade of lieutenant commander.  This may be waived by Secretary of the Navy (SECNAV) in individual cases if there are significant reasons to appoint a person in a higher grade.  This is not applicable to the appointment of a Reserve commissioned officer as a Regular commissioned officer under reference (1).

e. <u>Entry grade credit in a transition period</u>.  This instruction provides credit to be awarded to individuals appointed in the Chaplain Corps from the effective date of this instruction.  There shall be no retroactive changes made as a result of this instruction to the number of years credit previously granted to officers in the Chaplain Corps before the effective date of this instruction.

f. <u>Appointments</u>.  A prospective Chaplain Corps officer will be appointed initially as a naval officer subject to the following guidance governing entry grade, date of rank, precedence, and application processing:

(1) <u>Entry grade</u>.  A prospective Chaplain Corps officer shall be appointed in a grade based on total entry grade credit awarded.  The minimum entry grade credit required for each grade is equal to the promotion flow points prescribed in the approved annual 5-year promotion plan in effect at the time of the appointment.  Entry grade and date of rank of Chaplain Corps officers transferred from other services into the Chaplain Corps of the Navy shall be determined under references (c) and (d).

(2) <u>Date of rank</u>.  When the minimum entry grade credit required for appointment in a given grade is granted, the date of rank shall be the date of appointment.  When entry grade credit is granted in excess of the minimum years required for

appointment in a given grade (but is less than the amount necessary to justify the next higher grade), the excess credit shall be used to adjust the date of rank within grade. The appointee's excess entry grade credit shall be compared with the time-in-grade of Chaplain Corps officers on the ADL in the same grade. The date of rank upon appointment shall be the same as that of the Chaplain Corps officers on the ADL in the same grade with time-in-grade most equal to, but not less than, the appointee's excess entry grade credit.

(3) <u>Assignment of precedence</u>. Each appointee will be placed on the ADL or assigned precedence as follows:

(a) Appointees ordered to active duty or retained on active duty (other than active duty of Reserve officers as described in reference (l), section 641), incident to appointment shall be placed on the ADL under the provisions of reference (m). All appointees whose placement on the ADL would render them eligible for consideration in zone or above zone for promotion by an active duty promotion selection board shall be counseled regarding the option to defer eligibility for consideration for promotion under reference (h), and shall acknowledge such counsel in writing.

(b) Appointees not concurrently ordered to or retained on active duty (other than active duty as described in reference (l), section 641), shall be assigned a running mate on the ADL and placed on the inactive duty precedence list in an active status under reference (n).

(4) <u>Failure to complete qualifications</u>. Officers who fail to complete the Chaplain Basic Course or any required qualification in the Chaplain Candidate Program normally shall be relieved of any statutory service obligation and active duty obligation incurred as a result of accepting an appointment into the Chaplain Corps or the Chaplain Candidate Program, and shall be separated for cause per reference (o) under the following guidelines:

(a) Officers who do not have pre-existing service obligations under prior appointments or enlistments shall normally have their service obligation cancelled and be discharged for cause.

(b) Officers who have pre-existing service obligations under prior appointments shall normally be

OPNAVINST 1120.9
20 Dec 2005

reappointed in their previous competitive category to complete their initial service obligation.

(c) Officers who have pre-existing service obligations under prior enlistments shall normally be reverted to their previous enlisted status to complete their initial service obligation.

(d) CHNAVPERS may recommend, with supporting justification, retention and transfer to another competitive category when that action would be in the best interest of the Naval Service.

g. Chaplain Candidate Program. Selection and appointment for active duty in the Chaplain Corps through the Chaplain Candidate Program shall be made as required by enclosure (1) and paragraph 6f.

h. Application Processing. All qualified applicants for appointment either on active duty or inactive duty shall be commissioned within 120 days following receipt of a complete application by Navy Recruiting Command. DCNO (N1/NT) may authorize delayed commissioning when a later time is requested by the applicant.

/s/
J. C. HARVEY, JR.
Vice Admiral, U.S. Navy
Deputy Chief of Naval Operations
(Manpower, Personnel, Training, and Education)

Distribution:
Electronic only, via Navy Directives Web site

10

# EXHIBIT B

# PARKER DECLARATION
# 06 - 1832 (HHK)



**DEPARTMENT OF THE NAVY**
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON, D.C. 20350-2000

IN REPLY REFER TO

COCINST 1110.1G

DEC 2 2 1997

<u>CHIEF OF CHAPLAINS INSTRUCTION 1110.1G</u>

From: Chief of Chaplains

Subj: CHAPLAIN APPOINTMENT AND RECALL ELIGIBILITY ADVISORY GROUP

Ref: (a) SECNAVINST 1120.4A

1. <u>Purpose</u>. To establish the Chaplain Appointment and Recall Eligibility (CARE) Advisory Group and define its membership, responsibilities and procedures.

2. <u>Cancellation</u>. COCINST 1110.1F.

3. <u>Background</u>. Per reference (a), the Chief of Chaplains validates the professional qualifications of all applicants for appointment in the Chaplain Corps, the Chaplain Candidate Program Officer (CCPO) program, and transfers between active and inactive duty. This includes applicants for direct appointment to active duty, direct appointment to inactive duty in the Naval Reserve, voluntary recall from the inactive Naval Reserve to the active-duty list, interservice transfers, and superseding applications from CCPOs to active or inactive duty. Once an applicant's professional qualifications are validated, the Chief of Chaplains forwards the application package to Commander, Navy Recruiting Command, or Chief of Naval Personnel, with a recommendation for the applicant's final selection. The CARE Advisory Group assists the Chief of Chaplains in these processes.

4. <u>Membership</u>

Senior Member: Deputy Chief of Chaplains (N097B)

Members:        Executive Assistant (N1G)

                Director, Plans, Programs and
                Professional Development
                (N971)

                Director, Manpower, Facilities and
                Policy Division (N972)

                Director, Distribution and Placement
                Division (N973)

1

CCOCINST 1110..1G

Director, Reserve Affairs Division
(N097R)

The Chief of Chaplains shall appoint two
additional voting members to ensure
maximal knowledge of faith groups,
women and minorities in the CARE
Advisory Group.

Briefer/Recorder:  Head Community Management Branch
(N972T)

5.  Responsibilities.  Per reference (a), the CARE Advisory
Group shall examine each direct, superseding, recall or
interservice transfer application and each Regular chaplain
officer discharged from active duty who requests a Naval
Reserve appointment.  The CARE Advisory Group will review
each applicant's record giving particular consideration to
the following:  ecclesiastical endorsement (or
ecclesiastical approval for CCPO applicants), academic
performance, graduate theological education, professional
ministry experience, professional reputation and deportment,
interview results and letters of personal or professional
recommendation.

Specific responsibilities:

    a.  Senior member.  Call and chair CARE Advisory Group
meetings as required and submit written reports to the Chief
of Chaplains.  These reports shall recommend/not recommend
appointment or recall of applicants based on the needs of
the Navy, current accessions plan and professional
qualifications.

    b.  N097R.  Provide, as requested, statistics and data
on the faith group composition of the Naval Reserve chaplain
community and CCPO officers.

    c.  Briefer/Recorder

        (1) Receive applications from CNRC and prepare a
summary of the applications.

        (2) Ensure applicants' records are complete and
ready for brief.

        (3) Inform Chaplain Program Manager (316A) of any
missing data.

        (4)  Determine entry grade credit per reference (a).

2

COCINST 1110.1G

(5) Inform the senior member of applications pending and schedule advisory group meetings as directed.

(6) Reserve the Conference Room for CARE Advisory Group meetings.

(7) Schedule personnel other than group members to brief the CARE Advisory Group as required.

(8) Provide, as requested, statistics and data on faith group composition of the Chaplain Corps active duty component.

(9) Deliver the briefing to the CARE Advisory Group.

(10) Record the vote.

(11) Prepare and submit a written report of the CARE Advisory Group's recommendations for the senior member's signature. This report will ultimately be given to the Chief of Chaplains for approval/disapproval.

6. Procedures.

a. Quorum. At least three members must be present to constitute a quorum. Recommendations shall be based on no less than a majority vote of the members present.

b. Closed sessions. CARE Advisory Group meetings are closed. No member shall discuss deliberations or recommendations outside CARE Advisory Group meetings.

A. B. Holderby, Jr.

A. B. HOLDERBY, JR.
Chief of Chaplains, Acting

Distribution:
CARE Advisory Group members

3

# EXHIBIT C

# PARKER DECLARATION
# 06 - 1832 (HHK)



**DEPARTMENT OF THE NAVY**
NAVY PERSONNEL COMMAND
5720 INTEGRITY DRIVE
MILLINGTON TN 38055-0000

1900
Ser PERS-48/039
4 Oct 06

From: Commander, Navy Personnel Command
To:   LT Gordon J. Klingenschmitt, CHC, USNR, XXX-XX-0240/4105
Via:  Commanding Officer, Naval Station Norfolk

Subj: NOTIFICATION OF ADMINISTRATIVE ACTION BASED UPON LOSS OF
      ECCLESIASTICAL ENDORSEMENT

Ref:  (a) CNO (N097A) ltr 1900 Ser N097/856131 of 27 Sep 06
      (b) CNP ltr 1200 Ser 00/124 of 29 Sep 06
      (c) Chaplaincy of Full Gospel Churches facsimile to Chief of Navy Chaplains with
          enclosure dated 29 Sep 06
      (d) LT Klingenschmitt letter to Chief of Chaplains of 30 Sep 06
      (e) DODI 1304.28
      (f) OPNAVINST 1120.9
      (g) Chief of Chaplains Instruction 1110.1G
      (h) SECNAVINST 1920.6C
      (i) MILPERSMAN 1920-190
      (j) MILPERSMAN 1070-170

Encl: (1) Acknowledgment of Rights Form

1. This letter is delivered in response to the matters contained in references (a) through (d), in
accordance with references (e) through (j).

2. Reference (a) reported the revocation of your ecclesiastical endorsement from the Evangelical
Episcopal Church. Reference (b) informed you that the loss of your endorsement rendered you
professionally unqualified to serve as a Navy Chaplain, notwithstanding receipt of reference (c),
an ecclesiastical endorsement from the Chaplaincy of Full Gospel Churches. As explained
below, you may request the Secretary of the Navy approve recertification of a new ecclesiastical
endorsement.

3. In accordance with references (e) and (f), due to the revocation of your ecclesiastical
endorsement, you are hereby notified of the initiation of administrative action to separate you
from the naval service.

4. You may exercise or waive the following rights (see reference (e) for a full list of your
rights):

     a. You may confer with appointed military counsel, or civilian counsel at no expense to
the government.

Subj: NOTIFICATION OF ADMINISTRATIVE ACTION BASED UPON LOSS OF ECCLESIASTICAL ENDORSEMENT

b. You may submit statements in response to this notification.

c. Upon request, you may receive a copy of the ecclesiastical endorsing agent's correspondence withdrawing your endorsement.

d. You may seek another ecclesiastical endorsement, which must be submitted within 30 days.

e. You may apply for reappointment in a competitive category other than the Chaplain Corps.

f. You may tender a qualified resignation request for an Honorable Discharge in lieu of separation processing. Reference (i) contains the format for a resignation request.

g. You may submit a written request for copies of the papers forwarded to the Secretary of the Navy to support a recommendation for separation.

h. In the event of separation, documents related to your administrative separation may become part of your official record. Per reference (h), in the event you are separated from the naval service, you have the right to respond to matters submitted into your personnel record that relate to your administrative separation.

5. If you return enclosure (1) requesting that the Navy recertify your professional qualification based upon your new ecclesiastical endorsement, the Chief of Chaplains will convene a board, in accordance with references (e) through (g) to make a recommendation whether you should be recertified. The Chief of Chaplains will then recommend to the Secretary of the Navy, via Commander, Navy Personnel Command and the Chief of Naval Personnel, whether to recertify your professional qualification. The board will consider your official service record, as well as the documented Results of Trial from your Special Court-Martial. As indicated above, you may also provide statements for consideration. The Secretary of the Navy will make the final determination whether to approve your recertification to serve as a Navy Chaplain. If recertification is not approved, the Secretary may direct an appropriate discharge.

6. Return enclosure (1) to your commanding officer within 10 calendar days of receipt of this letter. If you intend to tender your resignation, return your request with enclosure (1). Failure to exercise your rights or respond within the specified time will constitute a waiver of your rights.

7. My point of contact is LCDR A. Limani; COM (901) 874-3153; DSN 882-; FAX –2625.

DORICE S. FAVORITE
By direction

Copy to:
PERS 4414

2

_____
**DATE**

From:    LT Gordon J. Klingenschmitt, CHC, USNR, XXX-XX-0240/4105
To:      Commander, Navy Personnel Command (PERS-4834)
Via:     Commanding Officer, Naval Station Norfolk

Subj:    ACKNOWLEDGMENT OF RIGHTS

Ref:     (a) COMNAVPERSCOM ltr 1900, Ser PERS-48/039 of 4 Oct 06

1. Receipt of reference (a) is acknowledged.

    ( ) I desire to tender my resignation request (attached).
    ( ) I do not desire to tender my resignation.

    ( ) I desire to make a statement (attached).
    ( ) I do not desire to submit a statement.

2. ( ) I desire recertification of my new ecclesiastical endorsement from the Chaplaincy of Full
       Gospel Churches.

3. ( ) I intend to seek redesignation into another officer community.

4. My daytime telephone is (_____)_____

5. My official e-mail address is _____

                                        _____
                                        G. J. KLINGENSCHMITT

Copy to:
PERS 4414

3