UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DONALD C. WINTER )<br>)<br>Defendant, )<br>) | Civil No.: 06CV 1832 (HHK) |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT
FOR AN EXPEDITED DISCOVERY SCHEDULE**

Pursuant to Federal Rules of Civil Procedure 16 and 56, plaintiff, Gordon James Klingenschmitt, hereby moves this court for an expedited scheduling order. Plaintiff also requests that the Court set a deadline by which defendants must provide initial discovery.

In compliance with local Rule 7(m) Plaintiff requested Defendant's consent to this motion. Defendants do not consent to this motion. The complaint in this case has been served. No discovery has been provided in this matter.

**ARGUMENT**

The Defendant (Defendant or "Navy") has stated that they have initiated separation proceedings against Chaplain Klingenschmitt based upon his lack of ecclesiastical endorsement. For three major reasons discovery is required: (1) there is no evidence that in its more than 200 year history the Navy has ever separated a chaplain who has an ecclesiastical endorsement (which

1

Chaplain Klingenschmitt has his Ecclesiastical Endorsement from the Chaplaincy of Full Gospel Churches); (2) there needs to be discovery on whether any other chaplain in the Navy has faced separation based upon praying in Jesus' name; and (3) the treatment of the other Navy Chaplains that are similarly situated to Chaplain Klingenschmitt and are not being separated.

As the plaintiff has properly alleged constitutional violations in his complaint, a dispositive motion would be premature without discovery. *Paquin v. Federal Nat. Mortg. Ass'n*, 119 F.3d 23, 28 (D.C.Cir. 1997) ("Because we believe the district court erred in not granting Paquin's Rule 56(f) motion, we reverse the district court's grant of summary judgment and remand for further discovery")

In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). As the Court has subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(b)(6) would not be applicable, the only other possibility is a motion for summary judgment. And "[w]hen a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties both a reasonable opportunity to present all material made pertinent to such a motion by Rule 56 and a chance to pursue reasonable discovery." *Taylor v. FDIC*, 132 F.3d 753, 765 (D.C.Cir.1997) (quoting Fed.R.Civ.P. 12(b)(6)) (internal quotation marks and other citation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that an adequate time for discovery is required) (citation omitted).

Thus, discovery is required prior to any dispositive motion being considered.

### A. Expedited Discovery Will Permit the Court to Determine if a Restraining Order will be Issued Stopping the NAVY'S Violations of Constitutional Rights

An expedited discovery schedule is proper in this matter because Chaplain Klingenschimtt will be separated and he will suffer irreparable harm if he is denied the evidence that his constitutional rights are being violated by the Navy.

The Navy will likely file a dispositive motion that will also need to be briefed by the plaintiff using all of the facts and evidence that is currently only available to the Defendant. Plaintiff will require the facts that are in Defendant's possession in order for the Court to be fully informed.

Defendant has informed Chaplain Klingenschmitt that separation proceedings have been initiated against him. In his complaint, Chaplain Klingenschmitt alleges that his separation will not be based on an admissible criteria. Chaplain Klingenschmitt alleges that his employer is seeking his separation for praying in the name of Jesus. The Court will be required to analyze these diametric views in order to determine if Chaplain Klingenschmitt has evidence that will permit him to prevail in this action.

### B. Permitting Discovery Now Will Preserve Judicial Resources

Plaintiff will need to move pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for discovery if a dispositive motion is filed by Defendant. Rule 56(f) provides that a court "may refuse the application for [summary] judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had," if it "appears from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f).

Additional discovery pursuant to Rule 56(f) is often granted. *See Khan v. Parsons Global*

*Services, Ltd.*, 428 F.3d 1079, 1087 (D.C.Cir. 2005) ("Because the district court never ruled on the Khans' initial Rule 56(f) discovery request, on remand, the district court should address both Rule 56(f) declarations."). Who has made the decisions in this matter is of key importance. *See Paralyzed Veterans of America v. D.C. Arena L.P.*, 117 F.3d 579, 587 (D.C.Cir.1997) ("A speech of a mid-level official of an agency . . . is not the sort of 'fair and considered judgment' that can be thought of as an authoritative departmental position.") Plaintiffs should be granted an opportunity to depose decision makers to determine whether Chaplain Klingenschmitt's religious beliefs are the sole reason he has been punished by the Navy. Chaplain Klingenschimtt will also seek to discover the Navy's position on the Constitutional right to pray.

Prior to any dispositive motions, Chaplain Klingenschmitt should be permitted to find out: (1) when the Navy began to create their "non-sectarian" civic religion suppressing plaintiff's Christian faith; (2) why the Navy removed Chaplain Klingenschmitt for his Trinitarianistic Christian views; (3) what conditions the Navy placed on Chaplain Klingenschmitt's prayers, including separating him from the Navy for praying to Jesus; (4) whether it is systemic within the Navy to deny Chaplains the liberties of religion and expression by infringing by denial of or by placing conditions on benefit or privilege; and each of the allegations in Chaplain Klingenschmitt's complaint.

### C. Expedited Discovery Will Assist The Court

An effective case management system in the present matter will be furthered by an immediate release of relevant information pursuant to the Federal Rules. Rule 26(a)(1)-(4), Rules 26(b)(4), 26(g)(1), 37(a)(2)(A) and 37(c)(1) generally provide for "initial disclosure," "disclosure of expert testimony" and "pretrial disclosure." They are geared to move the case along and clear the docket.

Klingenschmitt requests the Court to expedite discovery as it is not uncommon in this Circuit

to grant motions to expedite. *See, e.g. U.S. ex rel. Ortega v. Columbia Healthcare, Inc.*, 240 F.Supp.2d 8 (D.D.C. 2003); *Alexander v. F.B.I.*, 1998 WL 1048982 (D.D.C. 1998); *Rothenberg v. Ralph D. Kaiser Co., Inc.*, 200 B.R. 461 (D.D.C. 1996); *Resolution Trust Corp. v. Burke*, 874 F.Supp. 23 (D.D.C. 1995).

Much has been written about the movement of cases through the litigation process and the congestion of the federal docket. See SONYA SCATES AND RICHARD L. COFFMAN, *The Abuse of Rule 11 and Forum non Conveniens: Fast, Effective Relief for Federal Docket Congestion*, 7 Rev. Litig. 311 (1988); GALANTER, *The Day After the Litigation Explosion*, 46 MD. L. REV. 3 (1986); GINSBURG, *Reflections on the Independence, Good Behavior, and Workload of Federal Judges*, 55 COLO. L. REV. 1, 7 (1983); RUBIN, *Bureaucratization of the Federal Courts: The Tension Between Justice and Efficiency*, 55 Notre Dame L. Rev. 648, 648-49 (1980); DANIEL GLIMCHER, *Legal Dentistry: How Attorney's Fees and Certain Procedural Mechanisms Can Give Rule 68 the Necessary Teeth to Effectuate its Purposes*, 27 Cardozo L. Rev. 1449 (January 2006 Note).

This litigation can be completed and the docket congestion cleared if the relief requested is granted. There is no reason for defendants to refuse to provide at the very least initial discovery they have already gathered.

WHEREFORE, Klingenschmitt respectfully requests that the motion be granted and the Court issue an expedited scheduling order. In addition, Klingenschmitt requests the Defendant be ordered to comply with initial disclosures immediately.

Respectfully submitted,

  /s/ William P. Farley
William P. Farley 466280
Law Office of William P. Farley
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT ) | ) |
| Plaintiff, | ) Civil No.: 06CV 1832 (HHK) |
| v. | ) |
| DONALD C. WINTER | ) |
| Defendant, | ) |

**SCHEDULING ORDER**

Upon consideration of Plaintiff's Motion For an Expedited Discovery or a Scheduling Order from this Court, Plaintiff's memorandum of points and authorities in support thereof, the Defendant's opposition thereto, Plaintiff's Reply and the record herein, it is the ___ day of _____ 2006 hereby:

**ORDERED** that the Plaintiff's motion be and hereby is **GRANTED**; and it is further

**ORDERED** that this case shall be placed on an expedited schedule; and it is further

**ORDERED** that the parties shall comply with initial disclosures required by Rule 26(a)(1), F.R.Civ.P. within ten days; and it is further

**ORDERED** that all discovery shall be completed within 60 days; and it is further

**ORDERED** that each party shall be permitted thirty depositions; and it is further

**ORDERED** that each party shall be permitted forty-five interrogatories to be served on each of the other respective parties; and it is further

**ORDERED** that all motions shall be filed no later than twenty days after the close of discovery; and it is further

**ORDERED** that the opposing party shall have 10 days to respond and to file any cross motion; and it is further

**ORDERED** that the party who filed the initial motion will then have five days to reply, and to oppose any cross-motion; and it is further

**ORDERED** that the other party will then have five days to file a reply; and it is further

**ORDERED** that the Pretrial Conference be held on _____, 2006.

_____
Judge Henry H. Kennedy
Federal District Court Judge - District of Columbia

Copies to:

William P. Farley
Farley@dccounselor.com
Counsel for Plaintiff

Michael P. Abate
Trial Attorney
United States Department of Justice
Federal Programs Branch
PO Box 883
Washington, DC 20530
Tel: (202) 616-8209
Fax: (202) 616-8470
michael.abate@usdoj.gov

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Motion For an Expedited Rule 16 Scheduling Conference or a Scheduling Order from this Court was served on all parties by delivering a copy thereof via the Court's electronic filing, on this 10th day of November 2006 to:

        Michael P. Abate
        Trial Attorney
        United States Department of Justice
        Federal Programs Branch
        PO Box 883
        Washington, DC 20530
        Tel: (202) 616-8209
        Fax: (202) 616-8470
        michael.abate@usdoj.gov


        _____/s/ William P. Farley_____
        William P. Farley 466280
        Law Office of William P. Farley
        900 17th Street, N.W., Suite 1250
        Washington, D.C. 20006
        (202) 293-3200 (telephone)
        (202) 429-1851 (fax)
        farley@dccounselor.com
        Counsel for Plaintiff