UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT, )<br><br>Plaintiff, )<br><br>v. )<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY, )<br><br>Defendant. ) | Civil Action No. 06-01832 (HHK) |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE (1) DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND (2) OUT OF TIME DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendant Donald C. Winter, Secretary of the Navy ("Defendant"), hereby moves the court for an extension of time to file Defendant's opposition to Plaintiff Gordon Klingenschmitt's ("Plaintiff") motion for expedited discovery and for an extension of time out of time to file Defendant's brief in opposition to Plaintiff's motion for a preliminary injunction to and including December 13, 2006. This briefing schedule would represent a 36 day extension to respond to Plaintiff's motion for a preliminary injunction and a 19 day extension to respond to Plaintiff's motion for expedited discovery.

Pursuant to Local Rule 7(m), Defendant conferred with Plaintiff and attempted to obtain his consent for this motion. Plaintiff indicated that he opposes this request for an extension of

time.[1]

## **ARGUMENT**

Plaintiff brought this suit for declaratory and injunctive relief alleging that the Navy violated the First Amendment and the Religious Freedom Restoration Act. Plaintiff then moved for a temporary restraining order and/or a preliminary injunction. On October 30, 2006, Defendant appeared at a hearing in front of this court to oppose Plaintiff's request for a temporary restraining order and a preliminary injunction, and at that time filed a declaration in support of Defendant's opposition, but not a brief. On November 1, 2006, after that hearing, this court denied Plaintiff's request for a temporary restraining order. The request for a preliminary injunction remains pending, and Defendant has not yet submitted a brief in opposition to a preliminary injunction.

On November 6, 2006, the Department of Justice's Civil Division took over handling of the case from the United States Attorney's Office of the District of Columbia. Undersigned counsel filed a Notice of Substitution of Counsel on that date. Defendant's counsel subsequently conferred with Plaintiff's counsel in an effort to establish a schedule for further proceedings in this case. On November 10, 2006, Plaintiff moved that this court establish an expedited discovery schedule. Plaintiff informed Defendant – and now this court, see Plaintiff's Motion and Memorandum in Support of an Expedited Discovery Schedule ("Pls.' Mot.") at 3

---

[1] Prior to Plaintiff's filing of his motion to expedite discovery, Defendant sought Plaintiff's consent to enter into a stipulation, with the Court's permission, on a briefing schedule whereby Defendant would file a brief in opposition to Plaintiff's motion for a preliminary injunction at the same time Defendant files a dispositive motion that Defendant believes could resolve the case without any need for discovery. Plaintiff refused to consent to such a briefing schedule.

("Expedited Discovery Will permit the Court to Determine if a Restraining Order will be Issued . . .") – that he intends to use this discovery to augment his arguments in favor of injunctive relief. As indicated in footnote 1, supra, Plaintiff's counsel declined to agree to a briefing schedule proposed by Defendant's counsel.

Defendant opposes both Plaintiff's motion for a preliminary injunction and his request for expedited discovery. Defendant believes that judicial efficiency will best be served by allowing the briefing on both matters to be combined into a single response. Defendant's brief in opposition to the preliminary injunction and Defendant's opposition to expedited discovery in support of that injunction will be nearly identical. This is so because one of the two tests that this court has used to evaluate the appropriateness of expedited discovery closely parallels the test for whether the injunctive relief itself is warranted. That test – originally established in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982) – requires a plaintiff to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer is the expected relief is granted." Notaro, 95 F.R.D. at 405; see also Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth., 234 F.R.D. 4, 6 (D.D.C. 2006) (HHK/JMF); In re Fannie Mae Derivative Litigation, 227 F.R.D. 142, 142 (D.D.C. 2005) (RJL). While Defendant also plans to demonstrate why discovery is inappropriate under the less demanding "reasonableness" test, the fact remains that the opposition to Plaintiff's expedited discovery request will closely resemble Defendant's opposition to the request for preliminary injunction.

As defendant will be working on both responses simultaneously, in addition to preparing a dispositive motion which Defendant believes will resolve the entire case without the need for any discovery,[2] Defendant requests this court grant an extension of time allowing Defendant to file a consolidated response to the motion for a preliminary injunction and the motion for expedited discovery by December 13, 2006, which is thirty (30) days from today.

Absent such an extension, Defendant's response to Plaintiff's motion for expedited discovery will be due 14 days after filing. See Local R. 7(b) (opposition to motion due within 11 days); Fed. R. Civ. P. 6(e) (three days are added for documents served by electronic means). As Plaintiff's motion was electronically filed on November 10, 2006,[3] Defendant's response would be due Friday, November 24, which is the day immediately following the Thanksgiving holiday. Defendant's brief in opposition to Plaintiff's motion for a preliminary injunction was due on November 7, 2006. See LCvR 65.1(c) (response to motion for preliminary injunction due within 5 days); Fed. R. Civ. P. 6(e) (three additional days for electronic service); Fed. R. Civ. P. 6(a) (computation of time periods less than eleven days does not include weekends).

As this court recognized in denying Plaintiff's motion for a temporary restraining order, there is no urgency requiring immediate action by this court. Defendant has not even decided whether to separate Plaintiff from service or retain him as a Navy chaplain. See Declaration of Captain Gregory Parker ("Parker Decl.") ¶ 18 (filed in opposition to Plaintiff's request for a temporary restraining order). Moreover, even if the Navy decided to separate Plaintiff from

---

[2] Plaintiff served the complaint upon Defendant on approximately October 26, 2006. Defendant's response, due within 60 days, would be due in late December 2006.

[3] November 10, 2006 was Veteran's Day. The court (as well as the Navy's and Department of Justice's offices) was closed in observance of the legal holiday.

service, that separation process would take 30 to 60 days. Id.

Wherefore, Defendant respectfully requests this court grant an extension of time allowing Defendant to file a brief in opposition to Plaintiff's pending motion for a preliminary injunction and Plaintiff's request for expedited discovery on or before December 13, 2006.

Dated: November 13, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFERY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

Of Counsel:
Lieutenant Commander Thomas Leary
Lieutenant Katy Pasieta
Office of the Judge Advocate General
Department of the Navy
Washington Navy Yard, Bldg 33
1322 Patterson Ave., S.E., Suite 3000
Washington, D.C.  30274-5066

 /s/ Michael P. Abate
MICHAEL P. ABATE
Attorney, Civil Division
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Ave., N.W., Room 7302
Washington, D.C. 20530
Telephone: (202) 616-8209

Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT, ) ) ) Plaintiff, ) ) v. ) ) DONALD C. WINTER ) In his Official Capacity as Secretary, ) DEPARTMENT OF THE NAVY, ) ) Defendant. ) ) | Civil Action No. 06-01832 (HHK) |

**ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE (1) DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND (2) OUT OF TIME DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Upon consideration of the motion by Defendant Donald C. Winter, Secretary of the Navy, for Extension of Time to File Defendant's Opposition to (1) Plaintiff's Motion for Preliminary Injunction and (2) Plaintiff's Motion for Expedited Discovery Within 30 Days,

IT IS HEREBY ORDERED that Defendant's time to file a brief in opposition to Plaintiff's motion for a preliminary injunction and Defendant's opposition to Plaintiff's motion for expedited discovery is extended up to and including December 13, 2006.

Dated _____, 2006

_____
Hon. Henry H. Kennedy
United States District Judge