UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DONALD C. WINTER  )<br>In his Official Capacity as Secretary,  )<br>DEPARTMENT OF THE NAVY,  )<br>)<br>Defendant.  )<br>) | Civil Action No. 06-01832 (HHK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR AN EXPEDITED DISCOVERY SCHEDULE**

Defendant Donald C. Winter, Secretary of the Navy ("Defendant"), hereby opposes Plaintiff Gordon Klingenschmitt's ("Plaintiff") request for expedited discovery. Plaintiff has informed defendant that he wishes to expedite discovery in order to obtain information that would allow him to file further briefing in support of his pending motion for a preliminary injunction. But Plaintiff's discovery request belies the contention that he is only seeking narrow discovery in aid of that preliminary injunction. Instead, he proposes to undertake (in sixty days) a wide-ranging examination of all the issues that he believes are relevant to his ultimate case on the merits.

From that request, it appears that Plaintiff improperly seeks to use his pending request for a preliminary injunction to speed up the normal process of litigation. That is inappropriate. The point of a preliminary injunction is merely to preserve the status quo of the parties, not to afford

-1-

an opportunity to obtain an expedited decision on the merits. That equitable relief can only be obtained if Plaintiff shows a credible threat of irreparable injury and a likelihood of success on the merits. He has not done that. See Defendant's Brief in Opposition to Plaintiff's Motion for a Temporary Restraining order and/or a Preliminary Injunction ("Def. Opp.").

Aside from being premature, Plaintiff's discovery request is inappropriate. Although Plaintiff alleges the Navy began separation proceedings against him because of his religious views and his exercise of First Amendment rights, he cannot succeed on this type of retaliation or discrimination claim. Navy regulations required the Secretary to begin these separation proceedings after Plaintiff voluntarily resigned his ecclesiastical endorsement. See Def. Opp. As part of those mandatory proceedings, Plaintiff exercised his right to apply for reinstatement with a new ecclesiastical endorsement. The Secretary, however, exercised his discretion under Defense Department regulations to deny Plaintiff's request because, inter alia, Plaintiff was convicted in a special court martial of violating a lawful order.

If Plaintiff wishes to challenge the Secretary's exercise of discretion, he would need to amend his complaint to challenge the Secretary's decision under the Administrative Procedures Act ("APA"). Under the APA, consideration of whether the Secretary's decision was arbitrary, capricious, or otherwise contrary to law is a purely legal question; discovery is allowed only in limited circumstances that are not present in this case.

Moreover, even if this were non-APA litigation, Plaintiff would not be entitled to expedited discovery. This court has previously used two separate tests for evaluating such requests. The first test, set forth in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982), closely parallels the requirements for obtaining a preliminary injunction. The second test, more

commonly applied in cases seeking discovery in advance of a preliminary injunction hearing, assesses the "reasonableness" of the request using five separate factors. Plaintiff's request should be denied under either standard.

Finally, Defendant has not even responded to the complaint. The Secretary intends to file a dispositive motion that could resolve the entire case without any discovery. Courts have consistently exercised discretion to stay discovery where it appears that a case is subject to a potentially dispositive motion. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987); B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Judicial efficiency will be best served by considering that motion first, before ordering the parties to embark on an onerous discovery schedule likely to produce several disputes that will require this court's intervention.

## ARGUMENT

I. **PLAINTIFF'S CHALLENGE TO THE SECRETARY'S DECISION NOT TO APPROVE HIS NEW ECCLESIASTICAL ENDORSEMENT COULD ONLY BE BROUGHT UNDER THE ADMINISTRATIVE PROCEDURES ACT, AND THE REQUESTED DISCOVERY IS INAPPROPRIATE IN AN APA CASE**

Plaintiff alleges that the Navy instituted his separation proceedings in retaliation for his speech or religious views. But, as demonstrated in Defendant's Brief in Opposition, that accusation cannot withstand scrutiny. Department of Defense regulations required the Navy to institute separation proceedings against Plaintiff after he voluntarily resigned his ecclesiastical endorsement. See Def. Opp.; DODI 1304.28 ¶ 6.5. Plaintiff himself triggered the proceedings that resulted in his separation. This, his claim that the proceedings are in retaliation for his religious views or speech is meritless.

Under Defense Department regulations, the Secretary of the Navy retained the discretion to determine whether or not Plaintiff would be reinstated as a chaplain. See Def. Opp.; DODI 1304.28 ¶ 6.5.3.1. Because the decision not to approve Plaintiff's new endorsement was a discretionary act by an agency covered under the Administrative Procedures Act, Plaintiff's challenge to that decision should be reviewed under the APA's "arbitrary and capricious" standard. See Morgan v. Perry, 142 F.3d 670, 687 n.33 (3d Cir. 1998) ("[E]ach branch of the military is an agency within the meaning of the Administrative Procedures Act."); Turner v. Department of Navy, 325 F.3d 310, 313-14 (D.C. Cir. 2003) ("We review the decisions of the Secretary under the arbitrary and capricious standard of the APA." (citing 5 U.S.C. § 706)) (analyzing claim that Secretary wrongfully rejected recommendation of the Administrative Discharge Board).

Under the APA, Plaintiff is not automatically entitled to discovery probing the basis of the Secretary's decision. In fact, the point of the APA is that this court should review the record that was in front of the Secretary at the time the decision was made. Plaintiff cannot undertake a fishing expedition designed to ferret a decision maker's alleged bias unless he makes "a strong showing of bad faith or improper behavior." Bank of Commerce of Laredo v. City Nat. Bank of Laredo, 484 F.2d 284, 288 (5th Cir. 1973) (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971)). Although he has alleged the separation proceedings were instituted in bad faith, he has not made a "strong showing" to that effect. Indeed, he cannot, for the reason noted above: the separation proceedings resulted automatically from Plaintiff's decision to resign his ecclesiastical endorsement.

Plaintiff's motion for expedited discovery illustrates that he fundamentally

misunderstands APA review. He maintains that, because his claim presents a constitutional challenge, it may not be disposed of in a motion to dismiss. That argument is patently false even outside the APA context. See, e.g., Martin v. Envtl. Prot. Agency, 271 F. Supp. 2d 38, 47-48 (D.D.C. 2002) (dismissing First Amendment claim under Rule 12(b)(6) because allegations in pleading, even if true, do not rise to the level of a constitutional violation).[1] But this argument is especially ill-founded in the APA context. Under the APA, a court need only determine whether the Secretary's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a). As the D.C. Circuit explained, that determination is a question of law, not fact:

> Appellants misunderstand the role the district court plays when it reviews agency action. The district court sits as an appellate tribunal, not as a court authorized to determine in a trial-type proceeding whether the Secretary's study was factually flawed. Appellants imply that their claims that the Secretary acted arbitrarily and capriciously, or refused to consider material in the record, are similar to factual allegations – allegations they are entitled to "prove" as if the complaint alleged that the Secretary, driving her car negligently, had run into one of their hospitals. Based on this misunderstanding, appellants contend that the district court erred in dismissing their complaint under Rule 12(b)(6) because the court actually considered whether their "allegations" were true and thus improperly determined the "merits" of the dispute. Such a conclusion, according to appellants, might be appropriate on a motion for summary judgment, but certainly not on a motion to dismiss – the latter is meant to test only the sufficiency of the complaint.
> Appellants, however, overlook the character of the questions before the district court when an agency action is challenged. The entire case on review is a question of law, and only a question of law. And because a court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to

---

[1] Moreover, the case that Plaintiff cites for that unsupportable proposition, Paquin v. Federal Nat. Mortg. Ass'n., 119 F.3d 23, 28 (D.C. Cir. 1997), held nothing of the sort. Indeed, that case did not even involve a constitutional claim; it concerned a claim of wrongful termination brought under the Age Discrimination and Employment Act. The Paquin court simply held that the applicable burden-shifting analysis could not be conducted on the record in front of the district court at the time it awarded summary judgment.

reaching the merits at the 12(b)(6) stage.

Marshall County Health Care Authority v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993). Thus, the question of whether Plaintiff's separation is lawful is a question of law. It will be up to this court to determine, based on the administrative record, whether that decision was arbitrary and capricious or otherwise contrary to law.

## II. PLAINTIFF IS NOT ENTITLED TO EXPEDITED DISCOVERY ON HIS FREE EXERCISE AND ESTABLISHMENT CLAUSE CLAIMS BECAUSE THOSE CLAIMS ARE MOOT AND HE LACKS STANDING TO PURSUE THEM

For the reasons explained more fully in Defendant's Brief in Opposition, Plaintiff's challenge to SECNAVINST 1730.7C is now moot because the Navy rescinded that regulation. See Def. Opp. Moreover, even if the Navy had not rescinded that regulation, Plaintiff's pending separation deprives him of the right to seek prospective relief. Because Plaintiff will no longer be subject to that regulation, he cannot allege an "injury in fact" sufficient to give him Article III standing. Finally, as also explained in Defendant's Brief in Opposition, the request for an injunction against the regulation is an inappropriate attempt to use the court's power to issue preliminary injunctions to obtain an expedited decision on the merits. Plaintiff merely compounds that error by requesting this expedited discovery in the service of that improper end.

## III. EVEN IF DISCOVERY WERE PROPER IN THIS LITIGATION, PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY SHOULD BE DENIED

Plaintiff seeks this expedited discovery in aid of his pending motion for a preliminary injunction. See Plaintiff's Motion and Memorandum in Support of an Expedited Discovery Schedule ("Pls.' Mot.") at 3 ("Expedited Discovery Will permit the Court to Determine if a

Restraining Order will be Issued. . . .").[2]  The Federal Rules do not provide specific guidelines for granting expedited discovery in such circumstances.  This court has, however, applied two different tests for determining whether discovery should be expedited.  See <u>Disability Rights Council of Greater Washington v. Washington Metro. Transit Auth.</u>, 234 F.R.D. 4, 6 (D.D.C. 2006); <u>In re Fannie Mae Derivative Litigation</u>, 227 F.R.D. 142, 142 (D.D.C. 2005).

Under the first test, set forth in <u>Notaro v. Koch</u>, 95 F.R.D. 403 (S.D.N.Y. 1982), the party seeking expedited discovery must satisfy a standard that closely resembles the standard for obtaining preliminary injunctive relief: "courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer is the expected relief is granted."  <u>Notaro</u>, 95 F.R.D. at 405; <u>see also</u> <u>Disability Rights Council</u>, 234 F.R.D. at 6.  Under the second standard, more commonly applied in cases seeking discovery in connection with a motion for preliminary injunction, courts determine whether the request is "reasonable" by considering a list of factors including, but not limited to, "(1) whether a preliminary injunction is pending; (2) the breath of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  <u>Disability Rights Council</u>, 234 F.R.D. at 6.  Plaintiff is not entitled to expedited discovery under either test.

---

[2] Defendant assumes that Plaintiff's reference to a "restraining order" actually pertains to his pending motion for a preliminary injunction.  This court already denied plaintiff's request for a temporary restraining order.

### A. PLAINTIFF CANNOT SATISFY THE "REASONABLENESS" TEST USED FOR DISCOVERY IN AID OF A MOTION FOR A PRELIMINARY INJUNCTION

The factors this court must consider as part of the "reasonableness" inquiry weigh heavily against granting Plaintiff's motion for expedited discovery. Indeed, the only one of the five "reasonableness" factors that could be considered as weighing in favor of Plaintiff's motion is the fact that he has already sought a preliminary injunction. But the mere fact that such a request is pending does not mean that Plaintiff is entitled to discovery to shore up arguments that, by themselves, are insufficient to support a claim for equitable relief. See Def. Opp..

#### 1. Plaintiff's Requested Discovery is Excessively Overbroad and Would Substantially Burden the Defendants

The breadth of Plaintiff's request is striking. See Disability Rights Council, 234 F.R.D. at 6 (court should consider "the breath of the discovery requests"). Plaintiff proposes, on an expedited basis, to take up to thirty depositions and to propound up to forty five interrogatories. See Pls.' Mot. at 7. This is not a request carefully tailored to a motion for preliminary injunctive relief but is, instead, a fishing expedition. Plaintiff seeks twenty depositions and twenty interrogatories above the presumptive limits set by the Federal Rules. See Fed. R. Civ. P. 30(a)(2)(A) (ten depositions); Fed. R. Civ. P. 33(a) (twenty five interrogatories). Such a request would require express approval of this court, even if Plaintiff were seeking it pursuant to the normal discovery time line.

Nor is the subject matter of his request tailored to the request for a preliminary injunction. Instead, he seeks discovery on: "(1) when the Navy began to create their 'non-sectarian' civic religion suppressing plaintiff's Christian faith; (2) why the Navy removed Chaplain Klingenschmitt for his Trinitarianistic Christian views; (3) what conditions the Navy placed on

Chaplain Klingenschmitt's prayers, including separating him from the Navy for praying to Jesus; (4) whether it is systemic within the Navy to deny Chaplains the liberties of religion and expression by infringing by denial of or by placing conditions on benefit or privilege." Pls.' Mot. at 4. Clearly, Plaintiff seeks discovery on the merits of his case. That is not the purpose of the limited discovery courts sometimes allow in aid of a motion for preliminary injunction. If there were any doubt about the purpose of Plaintiff's request, he dispels it by also requesting immediate discovery about "each of the allegations in Chaplain Klingenschmitt's complaint." Id.

Due to this exceptional breadth, Plaintiff's request would impose a substantial burden upon Defendant. See Disability Rights Council, 234 F.R.D. at 6 (court should consider "the burden on the defendants to comply with the requests"). Defendant would be forced to immediately respond to respond to Plaintiff's extensive discovery – and to propound its own – even before it has a chance to file its dispositive motions or otherwise answer the complaint. As explained below, the normal discovery time line would allow Defendant the opportunity to file such a motion before engaging in time consuming and costly discovery.

### 2. Plaintiff Lacks a Proper Purpose for Seeking Expedited Discovery

Plaintiff argues that expedited discovery is warranted because he will eventually be entitled to discovery. See Pls.' Mot. at 2 ("As the plaintiff has properly alleged constitutional violations in his complaint, a dispositive motion would be premature without discovery."). This argument must fail. Merely alleging a constitutional violation does not preclude defenses under Rule 12(b)(6). See, e.g., Martin, 271 F. Supp. 2d at 47-48 (dismissing First Amendment claim under Rule 12(b)(6)). Defendant believes this case can be resolved on a dispositive motion without discovery, and plans to file one within the time allowed for answering the complaint.

Even assuming that Plaintiff is eventually entitled to discovery, that alone is an insufficient basis for expediting the process. Courts regularly deny expedited discovery requests that "appear to be a thinly veiled attempt to circumvent the normal litigation process." <u>Fannie Mae</u>, 227 F.R.D. at 143. That is exactly what Plaintiff attempts to do in this case. He seeks to conduct the entire litigation at the outset in lieu of making a showing sufficient to justify a preliminary injunction. There is no need to do so; Plaintiff's claims of wrongful separation will not become moot once he is separated from the Navy. He may still pursue his legal remedies both within the Navy and in a civil action. Similarly, Plaintiff's request for discovery related to the First Amendment claim also attempts to achieve a final result on the merits in the guise of a preliminary injunction. That, too, is improper. <u>See, e.g.</u>, <u>Disability Rights Council</u>, 234 F.R.D at 7 ("Surely, plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo. They want to gather all the evidence they would need to radically transform the status quo, on an expedited basis. But, that is not the purpose of a preliminary injunction, nor of the limited discovery that the courts traditionally permit a plaintiff to have to secure it.").

      **3.**      **Plaintiff's Request Comes Too Far In Advance of the Typical Discovery Process and Therefore Threatens to Waste Judicial Resources**

Plaintiff's request for expedited discovery should also be denied because it was made too "far in advance of the typical discovery process." <u>Disability Rights Council</u>, 234 F.R.D. at 6. Under Rule 26, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). That deadline for that Rule 26(f) conference falls "21 days before a scheduling conference is held under Rule 16(b)." Fed. R. Civ.

P. 26(f). And that Rule 16(b) scheduling conference, in turn, must be held within "90 days after the appearance of a defendant and within 120 days after the complaint has been served upon the defendant." Fed. R. Civ. P. 16(b). In this case, Plaintiff mailed his complaint to Defendant on October 26, 2006. Thus, the deadline for a Rule 16(b) scheduling conference is not until late January 2007. The corresponding deadline for a Rule 26(f) conference will fall in early-to-mid January. It is unreasonable for Plaintiff to attempt to accelerate the normal discovery by two months without first allowing Defendant the opportunity to respond to the complaint.

Plaintiff's request for expedited discovery threatens to waste not only the parties' but also this court's valuable resources. As noted above, Defendant intends to file a dispositive motion that could eliminate the need for any discovery or substantially focus the issues on which discovery is warranted. By waiting to consider Defendant's dispositive motion, this court could resolve the action with only one additional round of briefing. If, however, Plaintiff's motion for discovery is granted, Defendant would likely seek a protective order arguing, inter alia, that the APA proscribes Plaintiff's attempt to probe the Secretary's decision making process. That briefing would require an additional response from Plaintiff. Moreover, Defendant would be entitled to seek discovery of Plaintiff, and it is possible that Plaintiff will contest the discovery Defendant seeks. All of this briefing could be avoided if the court simply allowed Defendant to respond to the complaint before discovery begins, as is standard practice in civil litigation.[3]

  **B.** **PLAINTIFF'S REQUEST FOR EXPEDITED DISCOVERY COULD NOT MEET THE MORE STRINGENT NOTARO STANDARD.**

---

[3] Moreover, even if this court were to determine, after considering Defendant's dispositive motion, that discovery is warranted, there would be ample time to undertake that discovery in the normal course of litigation. As noted supra, this court would not need to hold a scheduling conference until late January 2007.

The "reasonableness" test is more commonly used in evaluating requests for expedited discovery in aid of a pending motion for preliminary injunction. Disability Rights Council, 234 F.R.D. at 6. However, this court also has applied the Notaro test, albeit in an unpublished opinion. See, e.g., Sinclair Nat'l Bank v. Comptroller of the Currency, 2000 WL 34012862 (D.D.C. 2000). If this court were to again apply the Notaro test, it should deny expedited discovery. Because Plaintiff's request for expedited discovery could not meet even the "more liberal" reasonableness standard, Fannie Mae, 227 F.R.D. at 142, then a fortiori it should fail under the much more stringent Notaro test for expedited discovery.

Notaro requires movants to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Notaro, 95 F.R.D. at 405. These requirements closely "parallel those showings necessary to obtain a preliminary injunction." Id. n.4. "A preliminary injunction is another, more extreme way of speeding relief to plaintiffs, and these prerequisites have been established by courts to protect defendants from the potential damages of speeded up remedies." Id.

For the reasons explained in Defendant's Brief in Opposition to the preliminary injunction, Plaintiff cannot demonstrate either irreparable injury or a probability of success on the merits of his claims. Moreover, Plaintiff has not demonstrated how obtaining the discovery earlier will help him avoid any irreparable injury. The four questions he seeks to explore are so wide-ranging and open-ended that Plaintiff cannot seriously claim they are tailored toward the prevention of irreparable harm. See Pls.' Mot. at 4. Instead, they are clearly designed to obtain

all discovery Plaintiff believes he will be entitled to. Finally, Plaintiff has not sufficiently alleged irreparable harm, see Def. Opp., and has not shown that his injury "looms greater" than the onerous burden that would fall on Defendant if forced to comply with Plaintiff's over broad discovery request.

## CONCLUSION

For all the foregoing reasons, Plaintiff's request for expedited discovery should be denied.

Dated: November 22, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFERY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

Of Counsel:
Lieutenant Commander Thomas Leary
Lieutenant Katy Pasieta
Office of the Judge Advocate General
Department of the Navy
Washington Navy Yard, Bldg 33
1322 Patterson Ave., S.E., Suite 3000
Washington, D.C. 30274-5066

/s/ Michael P. Abate
MICHAEL P. ABATE
Attorney, Civil Division
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Ave., N.W., Room 7302
Washington, D.C. 20530
Telephone: (202) 616-8209

Attorneys for Defendants

-13-

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT,<br><br>   Plaintiff,<br><br>   v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-01832 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of the Plaintiff's Motion for an Expedited Discovery Schedule, and Defendant's Opposition thereto, it is hereby ORDERED that the motion for expedited discovery schedule is DENIED.

DATED: _____

_____
HON. HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE