DEPARTMENT OF THE NAVY  
Office of the Secretary  
Washington, DC 20350-1000

SECNAVINST 1900.10A  
N097  
20 May 1993

SECNAV INSTRUCTION 1900.10A

From: Secretary of the Navy  
To: All Ships and Stations

Subj: ADMINISTRATIVE SEPARATION OF CHAPLAINS UPON REMOVAL OF PROFESSIONAL QUALIFICATIONS

Ref: (a) DoD Directive 1332.31 of 16 Oct 81 (NOTAL)  
(b) DoD Directive 1304.19 of 22 Nov 88 (NOTAL)  
(c) SECNAV 1920.6A  
(d) SECNAVINST 1210.5A  
(e) SECNAVINST 1811.3M  
(f) SECNAVINST 1820.2

Encl: (1) Procedures for the Administrative Separation of Chaplains Upon Removal of Professional Qualifications

1. **Purpose.** To implement the provisions of reference (a), and establish policy and procedures for the administrative separation of chaplains upon loss of professional qualifications through the removal of ecclesiastical endorsement.

2. **Cancellation.** SECNAVINST 1900.10.

3. **Applicability.** This instruction applies to all persons appointed as regular or reserve chaplains in the Navy.

4. **Policy.** According to reference (b), an applicant for the chaplaincy must receive endorsement from an ecclesiastical endorsing agency as a prerequisite to appointment as a chaplain. An endorsement by an ecclesiastical endorsing agency validates a chaplain's professional qualifications. A chaplain whose endorsement is withdrawn is no longer professionally qualified to serve as a chaplain; and must reestablish professional qualification to serve as a chaplain, seek redesignation in another competitive category or be separated from the Department of the Navy.

5. **Responsibilities**

a. The Chief of Naval Personnel shall process a chaplain who loses ecclesiastical endorsement under the procedures set forth in enclosure (1).

b. The Chief of Chaplains shall:    (R

(1) Notify the Chief of Naval personnel when an ecclesiastical endorsing agency withdraws its endorsement of a chaplain.

(2) Recertify the chaplain's professional qualification upon receipt of a new ecclesiastical endorsement.

(3) Recommend to the Chief of Naval Personnel, based on the needs of the Navy, the chaplain's continuance.

F. B. KELSO, II  
(Acting)

Distribution:  
SNDL Parts 1 and 2  
MARCORDS Codes PCN 71000000000 and 71000000100

Chief of Naval Operations  
(N09B34)  
Navy Department  
Washington DC 20374-5074 (165 copies)]

SECNAV/OPNAV Directives Control Office  
Washington Navy Yard Building 200  
901 M Street SE  
Washington DC 20374-5074 (60 copies)

Stocked:  
Naval Aviation Supply Office  
Physical Distribution Division Code 103  
5801 Tabor Avenue

SECNAVINST 1900.10A
20 MAY 1993

PROCEDURES FOR THE ADMINISTRATIVE SEPARATION OF CHAPLAINS
UPON REMOVAL OF PROFESSIONAL QUALIFICATIONS

1. <u>Initiation of Processing</u>. The Chief of Naval Personnel shall initiate processing under this instruction when notified by the Chief of Chaplains that an ecclesiastical endorsing agency has withdrawn its endorsement. Processing under this instruction is authorized only when removal of ecclesiastical endorsement is the sole cause for consideration for separation. When separation is appropriate for reasons other than the removal of ecclesiastical endorsement, processing under this instruction is not authorized except under unusual circumstances when recommended by the Chief of Naval Personnel and authorized by the Secretary of the Navy. Separation for reasons other than removal of ecclesiastical endorsement will be processed under reference (c).

2. <u>Notification</u>. When processing under this instruction is initiated, the Chief of Naval Personnel shall notify the chaplain in writing of the rights stated below:

   a. To legal counsel                                                    (R

      (1) Officers on the active-duty list have a right to consult with military counsel or to retain civilian counsel at their own expense, and to submit statements in response to notice.

      (2) Reserve officers not on the active-duty list have the same rights to counsel mentioned in subparagraph 2.a.(1), except that when Judge Advocate resources are not available, the commanding officer of the unit to which the officer is attached shall instead appoint a non-lawyer counsel. A non-lawyer counsel shall be a commissioned officer with no prior involvement in the circumstances leading to the basis of the proposed separation, and no involvement in the separation procedures. The non-lawyer counsel shall be encouraged to seek advice by telephone or other means from any Judge Advocate on any legal issue relevant to the case whenever practicable. When a non-lawyer counsel is appointed, the appointing letter shall state the reasons why qualified counsel is not available and that the needs of the naval service warrant processing before qualified counsel will be available. A copy of the appointing letter will be attached to each copy of the written notice of separation processing.

Enclosure (1)

SECNAVINST 1900.10A
20 MAY 1993

      (3) An officer's use of civilian counsel does not eliminate the requirement to furnish military counsel. Consultation with civilian counsel shall not delay orderly processing in accordance with this instruction.

  b. To submit statements in response to the notification.

  c. To receive a copy of the ecclesiastical endorsing agent's statement withdrawing endorsement.

  d. To exercise the following:

      (1) Seek another ecclesiastical endorsement under reference (b). The chaplain must submit a new ecclesiastical endorsement within 60 days of notification of withdrawal. The Chief of Naval Personnel may grant an extension upon reasonable justification. If the chaplain obtains a new endorsement, the Chief of Chaplains will consider the needs of the Department of the Navy before recommending the chaplain's continuance to the Chief of Naval Personnel.

      (2) If on the active-duty list, apply for reappointment in a competitive category other than the Chaplain Corps under reference (d). If on inactive duty, Naval Reserve chaplains may apply for reappointment only in a competitive category in which they have served prior to appointment in the Chaplain Corps, or to a designator that they are fully qualified to hold. Such reappointments are based on the officer's understanding that the officer shall be discharged voluntarily as a chaplain on one day and appointed for non-chaplain duties on the next day.

      (3) Apply for voluntary retirement, if eligible, under references (e) or (f).

      (4) Tender a voluntary resignation under reference (c).

3. **Response**. The chaplain shall have 10 working days to respond in writing to the notification. The Chief of Naval Personnel may grant an extension to the officer if a request is submitted in a timely manner and demonstrates reasonable justification. If the chaplain states intent to pursue action under subsection 2.d., the Chief of Naval Personnel shall notify the chaplain promptly in writing of the date and manner by which such request must be submitted. Failure

Enclosure (1)                    2

SECNAVINST 1900.10A
20 MAY 1993

by the chaplain to respond to this notification is sufficient reason to complete processing for separation under the provisions of section 4.

4. <u>Action by the Secretary of the Navy</u>.  The Secretary of the Navy may take action as follows:

    a.  Continue the chaplain's service upon receipt of a new ecclesiastical endorsement, certification of professional qualifications by the Chief of Chaplains and upon recommendation by the Chief of Naval Personnel;

    b.  Approve voluntary retirement, if requested;

    c.  Accept a voluntary resignation, if tendered, and separate the officer with an honorable discharge;

    d.  Reappoint an officer in a competitive category other than the Chaplain Corps upon recommendation by the Chief of Naval Personnel;

    e.  Involuntarily separate the officer with an honorable discharge by reason of removal of ecclesiastical endorsement if the actions in subsections 4.a., 4.b., 4.c. or 4.d. are not requested or approved.

3            Enclosure (1)