UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT )<br>)<br>Plaintiff, )<br>v. )<br>DONALD C. WINTER )<br>Defendant, ) | Civil No.: 06CV 1832 (HHK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT AND TO SHORTEN PLAINTIFF'S TIME TO RESPOND TO MOTION FOR AN EXTENSION OF TIME**

Plaintiff, Chaplain Klingenschmitt ("Plaintiff" or the "Chaplain") would have liked to consent to Defendant's motion.[1] Plaintiff's Counsel recognizes the demands of litigation make enlargements a necessary part of any case. Unfortunately, the Navy's actions on one hand -- informing the Chaplain that they will separate him from military service no later than January 31, 2007, and then on the other hand --asking for enlargement that will push this Court to decide numerous motions in the next month, are inconsistent. Plaintiff would have gladly have consented to a generous enlargement of time for Defendant if the Navy would only play fair and agree to keep the status quo while they write their briefs and the Court makes his decisions.

Unfortunately, the Defendant's request will stretch out the procedural matters in this Constitutional case until after Chaplain Klingenschmitt is separated from the military, prematurely cutting short his brilliant military career after 20.5 years and just over four years before retirement.

---

[1] Plaintiff was ordered to oppose the Defendant's motion within 20 business hours.

Fairness dictates that a temporary restraining order and/or preliminary injunction be granted enjoining Defendant from separating Chaplain Klingenschmitt from the Navy until after a hearing and a decision on the merits is completed in this matter. This will provide for a fair hearing so that this Court will have enough evidence to make a reasoned decision on the questions of whether the Navy's actions violate the Constitution and whether an injunction is necessary.

In addition, it is likely that the Defendant is contemplating filing a motion to dismiss, which would be a waste of time for all concerned pursuant to this Circuit's teachings. As the plaintiff has properly alleged constitutional violations in his complaint, a dispositive motion would be premature without discovery. *Paquin v. Federal Nat. Mortg. Ass'n*, 119 F.3d 23, 28 (D.C. Cir. 1997) ("Because we believe the district court erred in not granting Paquin's Rule 56(f) motion, we reverse the district court's grant of summary judgment and remand for further discovery.")

Thus, Plaintiff has no objection to any enlargement of time if the status quo is kept, *i.e.* keeping Chaplain Klingenschmitt in the Navy, until after there is a fair hearing on the merits or the Court has time to fully consider any dispositive motions.

## **BRIEF BACKGROUND**

Chaplain Klingenschmitt joined the military in 1986 when he enrolled in the U.S. Air Force Academy. After graduating from that Academy, the Chaplain spent 11 years rising through the ranks to Major. At that point Chaplain Klingenschmitt was called to become a Christian Chaplain in the Navy. Following his religious calling, Major Klingenschmitt agreed to give up part of his pay and accepted a demotion in rank to become Lieutenant Chaplain Klingenschmitt in the U.S. Navy.

Chaplain Klingenschmitt was a valued member of the military until one Navy Captain decided that he did not like the content of the Chaplain's religious speech during an

optionally-attended sermon in the chapel. The Navy began to pressure the chaplain to pray the way they instructed, and downgraded his evaluations solely for the content of his religious message. The Chief of Navy Chaplains provided a prayer policy since 1998 that requires "non-sectarian" prayers. The Navy informed Chaplain Klingenschmitt that praying in the name of Jesus was disrespectful. A Navy investigation confirmed that the Navy had a prayer policy which permits officers to evaluate and punish the content of the Chaplain's religious message.

Chaplain Klingenschmitt was denied any relief in the Navy forcing his appeal up the chain of command to the President. To silence the Chaplain, the Navy ordered him not to wear his uniform to pray publicly in the name of Jesus whenever news media might be present - *no praying in uniform*. The Navy also punished the Chaplain for blowing the whistle on their prayer instructions by downgrading the Chaplain's 2006 evaluation. The sole reason for lowering the Chaplain's evaluations was because he appealed the religious harassment to the President, and explained the religious policy of the Navy's religion as ordered by senior officers.

Once Chaplain Klingenschmitt said a prayer to Jesus in uniform in front of the White House in March 2006 - the Navy made a decision to force the Chaplain to pray to their God and punished the Chaplain for praying to his god, Jesus. The Navy went so far as to criminally court-martial the Chaplain for praying to Jesus in violation of the Navy's order prohibiting any public religious expression in uniform. This violation of the Chaplains religious speech ignores Naval Uniform Regulations that permit chaplains to wear the uniform during public worship. The Navy punished Chaplain Klingenschmitt pursuant to SECNAVINST 1730.7C ("Klingenschmitt Instruction"). The Klingenschmitt Instruction was used only against Chaplain Klingenschmitt and was rescinded after the Navy used it against Chaplain Klingenschmitt and began proceedings to separate the Chaplain

for the military.

Because of the punishment pursuant to the Klingenschmitt Instruction, the Chaplin was discredited by the Navy pinning a federal conviction on him. Because of the Klingenschmitt Instruction, Chaplain Klingenschmitt was unable to maintain his priestly covenant with the Evangelical Episcopal Church and was forced to resign his ordination after the Navy found him in violation of the Klingenschmitt Instruction. However, Chaplain Klingenschmitt was selected by a religious endorser that has hundreds of Chaplains in the Navy and the Navy has never denied anyone recertification who changed to this endorser. For the first time the Navy rejected that endorser for recertification and instead began proceedings to separate the Chaplain from the Naval service.

## ARGUMENT

A citizen in uniform may not be stripped of their basic constitutional rights. First Amendment protections exist for the military as "aspects of military life do not, of course render entirely nugatory in the military context the guarantees of the First Amendment." *Goldman v. Weinberger*, 475 U.S. 503, 507 (1986); *See also Chappell v. Wallace*, 462 U.S. 296, 304 (1983)(noting that " 'our citizens in uniform may not be stripped of basic rights simply because they have doffed their civilian clothes,'" quoting Earl Warren, The Bill of Rights and the Military, 37 N.Y.U.L.Rev. 181, 188 (1962)); *Brannum v. Lake*, 311 F.3d 1127, 1130 (D.C.Cir. 2002).

The Establishment Clause clearly forbids that there should be any official judgments about the correctness of religious beliefs. *See United Christian Scientists v. First Church of Christ, Scientist,* 829 F.2d 1152, 1167 (D.C.Cir.1987). To the same effect, the RFRA, 42 U.S.C. § 2000bb-1(a), (b), provides that "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" except "if it demonstrates that

the application of the burden to the person--(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."

1. Plaintiffs hereby incorporate by reference the arguments contained in the Memorandum in Support of the Motion For a Temporary Restraining Order and/or Preliminary Injunction and his Reply.

As explained more fully in his October 26, 2006 Memorandum, Plaintiff is likely to prevail on the merits of his Establishment Clause challenges to both the instructions and creation of a Naval religion.

3. Unless this Court preliminarily enjoins official-sanctioned religion establishment and termination of Chaplain Klingenschmitt who has exercised his First Amendment rights, Plaintiff will be subjected to an Establishment Clause violation for which there is no adequate remedy at law.

4. The issuance of a temporary restraining order and/or preliminary injunction will not harm Defendants, since it cannot be in a Navy's interest to violate sailors' and Naval Officers' constitutional rights.

5. The issuance of the requested injunction is in the public interest because respect for our precious First Amendment freedoms is of paramount importance.

6. Since the Navy has informed Chaplain Klingenschmitt that they plan to violate their own regulations and separate him from Naval service, Plaintiff respectfully request that this Court rule on the motion and grant the TRO to stop the separation proceedings.

7. Plaintiff has informed the Navy that their denial of his rights has been, and continues to be, in violation of the First Amendment, and requests that they agree to immediately comply with the Constitution, the law, and their own regulations.

8. Subsequently, however, the Navy refuses to grant Chaplain Klingenschmitt his rights.

**WHEREFORE**, Plaintiff respectfully requests that this Court to enjoin the Navy from separating him until the motions before the Court are decided and discovery is taken to enable plaintiff to have a fair hearing on his request for a restraining order.

Plaintiff also believes that it is in all the parties' interests for the status quo to kept until after discovery, briefing, a hearing and a decision. If an injunction is granted, plaintiff requests that Defendant's motion for extension of time be granted to save Defense Counsel from working overtime during this holiday season. A draft order is attached.

Respectfully submitted,

William P. Farley 466280
Law Office of William P. Farley
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
Farley@dccounselor.com
Counsel for Chaplain Klingenschmitt

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT ) | |
| ) | |
| Plaintiff, ) | Civil No.: 06CV 1832 (HHK) |
| v. ) | |
| DONALD C. WINTER ) | |
| Defendant, ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT AND TO SHORTEN PLAINTIFF'S TIME TO RESPOND TO MOTION FOR AN EXTENSION OF TIME AND GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Upon consideration of Defendant's Motion for an Extension of Time to File a Response to Plaintiff's Complaint and Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, Defendant's opposition, oral argument, and the record herein, it is the ___ day of December 2006 hereby:

**ORDERED** that both motions should be, and hereby are **GRANTED**; and it is

**FURTHER ORDERED** Defendant shall not separate Chaplain Klingenschmitt from Naval service until such time as the Court shall expressly permit; and it is

**FURTHER ORDERED** Defendant shall not instruct Chaplain Klingenschmitt how to pray and shall not instruct him to refrain from praying "in Jesus's name"; and it is

**FURTHER ORDERED** Defendant shall not instruct plaintiff or any other Naval member

to pray consistently with a one non-sectarian, Unitarian, Pluralistic religion and discourage public expression of diverse faiths and religions in violation of the Establishment Clause of the First Amendment to the United States Constitution and: and it is

**FURTHER ORDERED** Defendant shall not pressure or force all chaplains of the Navy to pray in the same way and; and it is

**FURTHER ORDERED** that Defendant's Motion for an Extension of Time to File a Response to Plaintiff's Complaint shall be **GRANTED** and Defendant's response to the complaint shall be filed no later than January 15, 2007.

_____
The Honorable Henry H. Kennedy
United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Opposition to Defendant's Motion for an Extension of Time to File a Response to Plaintiff's Complaint and to Shorten Plaintiff's Time to Respond to Motion for an Extension of Time, was sent to all parties via email and served on all parties via First Class U.S. Mail, postage prepaid and pursuant to the court's rules via electronic transmission, on this 16th day of December 2006 to:

>Michael P. Abate
>Trial Attorney
>United States Department of Justice
>Federal Programs Branch
>PO Box 883
>Washington, DC 20530
>Tel: (202) 616-8209
>Fax: (202) 616-8470
>michael.abate@usdoj.gov


>    /s/ William P. Farley
>William P. Farley 466280
>Law Office of William P. Farley
>1350 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036
>(202) 775-1550 (telephone)
>(202) 775-0008 (fax)
>farley@dccounselor.com
>Counsel for Plaintiff