UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES ) <br> KLINGENSCHMITT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.           ) <br> ) <br> DONALD C. WINTER ) <br> In his Official Capacity as Secretary, ) <br> DEPARTMENT OF THE NAVY, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-01832 (HHK) |

**DEFENDANT'S REPLY IN SUPPORT OF THE MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT**

Plaintiff's opposition to Defendant's Motion for an Extension of Time to Respond to the Complaint merely reiterates Plaintiff's arguments in support of his motion for a preliminary injunction. That motion, which has been fully briefed by the parties, awaits this court's consideration. The motion for a preliminary injunction is the appropriate mechanism for Plaintiff to seek to delay his pending separation; Plaintiff is simply incorrect to imply that this request for an extension of time to respond to the Complaint will somehow delay a decision on whether he should be separated on January 31, 2007.

The only argument germane to Defendant's motion is Plaintiff's contention that an extension of time would be a "waste of time" because any dispositive motion would be "premature without discovery." See Pls. Opp. at 2. Plaintiff relies on Paquin v. Federal Nat. Mortg. Ass'n, 119 F.3d 23, 28 (D.C. Cir. 1997), to support the assertion that merely alleging a

constitutional claim entitles a plaintiff to discovery before a dispositive motion can be filed. But, as Defendant previously explained, Paquin held nothing of the sort. See Def. Discovery Opp. at 5 n.1. Indeed, Paquin did not even involve a constitutional claim; it merely applied Fed R. Civ. P. 56(f) in an Age Discrimination and Employment Act case, concluding that the district court should have allowed discovery of a specific issue relevant to the ADEA's burden-shifting analysis before awarding summary judgment. Undeterred, Plaintiff continues to rely on that case, both in his reply brief on the motion for expedited discovery and, now, in opposing Defendant's reasonable request for an extension of time to respond to the Complaint. See Pls. Discovery Reply at 12; Pls. Opp. at 2.

Plaintiff's opposition provides no basis for denying Defendant's request for a 14-day time extension, and Plaintiff's inappropriate attempt to use his opposition to obtain all of the relief he is seeking in this litigation, see Pls. Proposed Order, should be rejected. This court should disregard Plaintiff's attempt to reargue its pending motions and should grant Defendant's reasonable request for a 14-day extension to and including January 9, 2007, to respond to the Complaint.

Dated: December 18, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFERY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

Of Counsel:
Lieutenant Commander Thomas Leary

 /s/ Michael P. Abate
MICHAEL P. ABATE

| | |
|---|---|
| Lieutenant Katy Pasieta<br>Office of the Judge Advocate General<br>Department of the Navy<br>Washington Navy Yard, Bldg 33<br>1322 Patterson Ave., S.E., Suite 3000<br>Washington, D.C.  30274-5066 | Attorney, Civil Division<br>U.S. Department of Justice<br>P.O. Box 883<br>20 Massachusetts Ave., N.W., Room 7302<br>Washington, D.C. 20530<br>Telephone: (202) 616-8209<br><br>Attorneys for Defendants |