UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT, <br><br> Plaintiff, <br><br> v. <br><br> DONALD C. WINTER <br> In his Official Capacity as Secretary, <br> DEPARTMENT OF THE NAVY, <br><br> Defendant. | Civil Action No. 06-01832 (HHK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY RULE 56(F) MOTION TO STAY PROCEEDINGS PENDING DISCOVERY**

Donald C. Winter, Secretary of the Navy ("Defendant"), did not file a motion for summary judgment. Defendant moved to dismiss Plaintiff's action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Thus, Plaintiff has no basis for even filing such a Rule 56(f) motion and, even if he did, that motion would be without merit.

Plaintiff's Emergency Rule 56(f) Motion to Stay Proceedings Pending Discovery ("Rule 56(f) Mot.") represents little more than a thinly-veiled attempt to reargue his motions for expedited discovery and a preliminary injunction. See Rule 56(f) Mot. at 3 ("Chaplain Klingenschmitt should be granted expedited discovery with sufficient time for presentation to this court prior to the Navy being permitted to separate him from military service."). That attempt is improper, for this court has already denied Plaintiff's motions for a temporary restraining order and a preliminary injunction; thus, even if Plaintiff were to obtain immediate discovery, that process would not be completed prior to his separation on January 31, 2007.

Moreover, the parties have already briefed the motion for expedited discovery. This new request is duplicative of that earlier motion.

## ARGUMENT

**I.    BECAUSE DEFENDANT DOES NOT SEEK SUMMARY JUDGMENT, RULE 56(F) IS INAPPOSITE**

By its own terms, Rule 56(f) only applies in cases where a party has moved for summary judgment under Rule 56. That rule provides, "[s]hould it appear from the affidavits of a party opposing <u>the motion</u> that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." Fed. R. Civ. P. 56(f) (emphasis added). Where, as here, a party only moves to dismiss the action under Fed. R. Civ. P. 12(b) – and does not file a motion for summary judgment – Rule 56(f) is simply inapposite.

Implicitly recognizing that Rule 56(f) does not entitle Plaintiff to discovery on Defendant's Motion to Dismiss, Plaintiff argues that Defendant has really filed a summary judgment motion. This argument proceeds in two parts. First, Plaintiff contends – without any supporting argument – that the motion must be one for summary judgment because neither Rule 12(b)(1) nor 12(b)(6) is applicable. <u>See</u> Rule 56(f) Mot. at 9 ("As the Court has subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(b)(6) would not be applicable, the only other possibility is a motion for summary judgment."). This argument is frivolous; for the reasons explained in Defendant's Motion to Dismiss and the Reply brief on that Motion, all of Plaintiff's claims can be disposed of under Rule 12(b).

Plaintiff's second argument for why this must be summary judgment motion is equally frivolous. Without providing any context, he notes three instances where Defendant's motion

makes reference to documents other than Plaintiff's Complaint. Then, after pointing out that the Defendant's motion relies on Rule 12(b)(6),[1] he simply assumes that these citations are sufficient to convert the entire motion into one under Rule 56. This is not true.

First, Plaintiff notes that Defendant refers to "three separate exhibits" at page 27 of its Motion to Dismiss. Rule 56(f) Mot. at 3. The exhibits to which Plaintiff refers are the now-rescinded SECNAVINST 1730.7C and the two former regulations re-enacted in its place. See Def. Mot. at 27. Defendant cited these materials to show that Plaintiff's Free Exercise, RFRA, and Establishment clause claims are now moot. Because that portion of Defendant's motion goes to the court's jurisdiction, it arises under Rule 12(b)(1). When reviewing a Rule 12(b)(1) motion, the court may examine materials outside the pleadings without converting it into a motion for summary judgment. See Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005). Even Plaintiff conceded as much in his Opposition to the Motion to Dismiss. See Pls. Opp. at 7 ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

Second, Plaintiff notes that Defendant attached the letter that the Secretary reviewed before making his decision to separate Plaintiff from service. See Rule 56(f) Mot. at 3. There are two reasons why this fact does not convert Defendant's motion into one for summary judgment. First, and most importantly, Defendant included that exhibit for the Court's consideration only if Plaintiff amended his complaint to challenge the Secretary's decision under

---

[1] Plaintiff completely ignores the fact that Defendant's Motion is based mostly on Rule 12(b)(1); Defendant argues that the court lacks jurisdiction to consider Plaintiff's generalized constitutional attacks on the Navy's religions policies, or any claims for prospective relief based upon allegations of past wrongdoing. Ignoring this fact, Plaintiff refers to Defendant's Motion as Defendant's "12(b)(6) motion" or "Motion for Summary Judgment." See Rule 56(f) Mot. at 3.

the APA. See Def. Mot. at 23 ("Plaintiff's Complaint does not attack [the Secretary's] decision, and for obvious reason; the Secretary had not decided to separate him at the time he filed that Complaint. If Plaintiff wishes to challenge his pending dismissal as part of this action, he will have to amend his complaint to bring an action pursuant to the Administrative Procedures Act (APA)."). Because Plaintiff refuses to bring such a challenge, he may not attack the Secretary's decision to dismiss him. Thus, this court need not consider that letter in ruling on the motion to dismiss. Moreover, even if the court did have to review that letter, it could still do so without converting Defendant's motion into one for summary judgment. See Def. Mot. at 25 (discussing D.C. Circuit case law holding that APA review of an administrative record is a question of law to be decided under Rule 12(b)(6)).

Third, Plaintiff notes two separate instances where Defendant referred to declarations submitted in opposition to Plaintiff's motion for a preliminary injunction. When viewed in context, neither of these citations asks or requires the court to convert the Motion to Dismiss into one for summary judgment. First, Plaintiff complains that Defendant "relies upon" two "untested" declarations from Captain Parker. See Rule 56(f) Mot. at 3 & n.2. Defendant referred to Captain Parker's first declaration only to set forth events that occurred after Plaintiff filed his Complaint and were relevant to the Secretary's decision to separate Plaintiff from service. See Def. Mot. at 6, 23.[2] As with the letter just discussed, these declarations would become relevant only if Plaintiff amended his complaint to challenge the Secretary's decision under the APA – which he has not done. Hence, this court need not consider any citation to Capt. Parker's

---

[2] Contrary to Plaintiff's suggestion, Defendant never "relies upon" Capt. Parker's second declaration; it was mentioned in a footnote only to distinguish Capt. Parker's two declarations. See Def. Mot. at 6 n.3.

declaration in order to grant Defendant's Motion to Dismiss.

Similarly, Defendant's cursory reference to Ms. Berto's declaration – in a footnote – does not require conversion of this Rule 12(b) motion into one for summary judgment. Plaintiff's attack on the use of a CARE board fails under Rule 12(b)(6) because he has failed to cite any legal authority that prevents the use of a CARE board to review the credentials of a chaplain that lost his ecclesiastical endorsement. Because this is a legal argument about controlling Navy regulations, the court need not resolve any disputes concerning past CARE board practices. Moreover, that footnote was included only to demonstrate that Plaintiff's own filings were inconsistent in describing those past practices. Initially, Plaintiff alleged that the use of a CARE board in such circumstances was wholly unprecedented, and was evidence that the Navy used irregular procedures against Plaintiff. However, in its reply brief on the motion for a preliminary injunction, Plaintiff attached an affidavit conceding that CARE boards had been convened on (at least) twenty-two similar occasions. The reference to Ms. Berto's declaration was included in Defendant's Motion to Dismiss only to give context to Plaintiff's inconsistent filings. See Def. Mot. at 15 n.8 (discussing Leuba Decl.). Defendant did not ask this court to rely on Ms. Berto's affidavit in addressing the Motion to Dismiss, or to convert that motion into one for summary judgment.

As none of these "outside" materials are offered to resolve factual disputes, this court need not convert the Rule 12(b) motion into one for summary judgment. Moreover, even if the original motion had been seeking summary judgment as an alternative to dismissal of the action, this court still would not need to convert the motion into one under Rule 56. Defendant's Reply Brief clearly demonstrates that all of Plaintiff's claims may be dismissed under Rule 12(b)(1) or

12(b)(6) without relying on any facts outside Plaintiff's Complaint. Hence, there would be no reason for this court to proceed to summary judgment even if Defendant had requested that alternative form of relief. In such instances, Rule 56(f) is simply irrelevant. See, e.g., Doe v. U.S. Dept. of Labor, 451 F. Supp. 2d 156, 166 (D.D.C. 2006) (noting that "it would be utterly futile to grant the plaintiff a continuance under Rule 56(f) to adduce additional facts through 'depositions, answers to interrogatories, or . . . affidavits'" because plaintiff's claims fail under Rule 12(b)(6) (internal citations omitted)); Holy Land Found. for Relief and Dev. v. Ashcroft, 219 F. Supp. 2d 57, 66 n.10 (D.D.C. 2002) ("Because the Court has not converted the motion to dismiss to one for summary judgment, HLF's request for Rule 56(f) discovery is inapplicable to those claims."); Honeywell Information Sys., Inc. v. Hodges, 85 F.R.D. 339, 342 (D.D.C. 1980) (court "withheld action" on, inter alia, Rule 56(f) motion "pending its ruling on the defendants' motions to dismiss").

There is no basis for considering Plaintiff's Rule 56(f) motion, and it should be summarily denied.

**II.    EVEN IF A RULE 56(F) MOTION WERE IN ORDER, PLAINTIFF'S MOTION SHOULD BE DENIED**

Even if a Rule 56(f) motion were proper at this time, Plaintiff's motion would not entitle him to relief. To obtain relief under Rule 56(f), the party opposing summary judgment must identify the specific facts necessary to oppose summary judgment, and demonstrate "how additional discovery will provide those facts, not simply assert that 'certain information' and 'other evidence' may exist and may be obtained through discovery." Richardson v. National Rifle Ass'n, 871 F. Supp. 499, 501-02 (D.D.C. 1994) (emphasis added). It is not sufficient to

assert that discovery is required to cross-examine or "test" the opposing party's theory of the case. See Strang v. United States Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (Ruth Bader Ginsburg, J.).

    Plaintiff has not satisfied this burden of specificity. Instead, he simply asserts that he is entitled to broad discovery concerning:

> (1) when the Navy began to create their "non-sectarian" civic religion suppressing plaintiff's Christian faith; (2) why the Navy removed Chaplain Klingenschmitt for his Trinitarianistic Christian veiws; (3) what conditions the Navy placed on Chaplain Klingenschmitt's prayers, including separating him from the Navy for praying to Jesus; (4) whether it is systemic within the Navy to deny Chaplains the liberties of religion and expression by infringing by [sic] denial of or by placing conditions on benefit [sic] or privilege; and each of the allegations in Chaplain Klingenschmitt's complaint; and (5) the 4,000 pages of emails that and documents which will shed light on the Navy's motives – identified by the Navy in FOIA and Congressional requests.

Rule 56(f) Mot. at 1-2; see also id. at 10-11 (repeating nearly identical discovery request). This request – which literally asks for discovery on every allegation in his complaint – does not specifically identify those facts that are necessary to oppose Defendant's arguments, nor does it demonstrate that the requested discovery is likely to uncover those facts. Yet, this is exactly what a Rule 56(f) motion must do.

    Instead, Plaintiff impermissibly speculates that such broad discovery would aid his cause. See, e.g., Rule 56(f) Mot. at 3 ([A]t the very least, depositions of Defendant's witnesses must be taken to understand their affidavits and declarations." (emphasis added)). But this is an insufficient basis to support a Rule 56(f) motion. See Yager v. Carey, 910 F. Supp. 704, 731 (D.D.C. 1995) ("[U]nder Federal Rule of Civil Procedure 56(f) . . . speculative and irrelevant discovery cannot serve as a basis for delaying summary judgment); Alexander v. F.B.I., 186

F.R.D. 180, 184 (D.D.C. 1999) ("Rule 56(f) does not provide parties with a doctrinal vehicle for defeating motions for summary judgment based on unsupported speculation about what may be forthcoming if an extension is granted." (quoting McVan v. Bolco Athletic Co., 600 F.Supp. 375, 378 (E.D.Pa.1984)). Equally insufficient are Plaintiff's repeated complaints that the information he desires resides within the Defendant's control. See Greenberg v. Food & Drug Admin., 803 F.2d 1213, 1224 (D.C. Cir. 1986) ("The mere averment of exclusive knowledge or control of the facts by the moving party is not adequate: the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control."(quoting 6 J. Moore & J. Wicker, Moore's Federal Practice ¶ 56.24, at 56-1432 (2d ed. 1985)).

In addition to being overbroad and speculative, Plaintiff's request inappropriately seeks discovery on claims which Defendant moved to dismiss for lack of jurisdiction under Rule 12(b)(1). Plaintiff seeks open-ended discovery on the Free Exercise, RFRA, and Establishment clause claims that he lacks standing to pursue. See, e.g., Rule 56(f) Mot. ¶¶ 3-7, 10, 12; Farley Decl. ¶9; Klingenschmitt Decl. ¶ 6. Similarly, Plaintiff seeks broad discovery on his allegations of past retaliation – allegations which can not be remedied in this suit for prospective relief. See, e.g., Rule 56(f) Mot. ¶¶ 5, 12; Klingenschmitt Decl. ¶¶ 3, 9-11, 19. Plaintiff additionally seeks to discover information about the court-martial proceedings this court lacks jurisdiction to consider. See Klingenschmitt Decl. ¶¶ 11, 16. "Such a request is a 'fishing expedition' of the most obvious kind, and this Court will not permit plaintiffs, in the face of a motion to dismiss for lack of subject matter jurisdiction, to undertake such a general search in the hope that some cause of action might be uncovered." United Presbyterian Church in U.S.A. v. Reagan, 557 F. Supp. 61,

64 (D.D.C. 1982).[3]

Moreover, Plaintiff repeatedly mischaracterizes the arguments in Defendant's Motion, claiming that legal contentions are actually assertions of "fact" on which he has been denied discovery. See, e.g., Rule 56(f) Mot. ¶ 14; Klingenschmitt Decl. ¶¶ 3, 12, 19 (claiming Defendant did not provide discovery to support its legal interpretations of Navy regulations); id. ¶¶ 5, 15, 17 (claiming Defendant did not provide discovery to support its legal arguments on Plaintiff's First Amendment claims). Purely legal contentions about the meaning of controlling statutes and regulations are not susceptible to the discovery Plaintiff requests.

Finally, Plaintiff attempts to use this motion as yet another brief in support of the merits of his claims. Much of what Plaintiff filed simply advances his factual arguments and legal contentions; these passages make no pretense of conforming to the proper purposes of a Rule 56(f) motion. See, e.g., Rule 56(f) Mot. ¶ 3-13; Klingenschmitt Decl. ¶¶ 8-9, 11-21, 23-24.

## CONCLUSION

For the foregoing reasons, Plaintiff's Emergency Rule 56(f) Motion should be denied.

Dated: January 18, 2006               Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      JEFFERY A. TAYLOR
                                      United States Attorney

                                      VINCENT M. GARVEY
                                      Deputy Branch Director

---

[3] That Plaintiff's motion is nothing more than a fishing expedition can also be seen from the fact that he seeks discovery on matters related to other chaplains, and that he seeks to depose specific individuals, without explaining how this discovery would advance any claims made in his Complaint. See, e.g., Rule 56(f) Mot. at 9; Farley Decl. ¶¶ 6-8; Klingenschmitt Decl. ¶¶ 7.

| | |
|---|---|
| Of Counsel: | **/s/ Michael P. Abate** |
| Lieutenant Commander Thomas Leary | MICHAEL P. ABATE |
| Lieutenant Katy Pasieta | Attorney, Civil Division |
| Office of the Judge Advocate General | U.S. Department of Justice |
| Department of the Navy | P.O. Box 883 |
| Washington Navy Yard, Bldg 33 | 20 Massachusetts Ave., N.W., Room 7302 |
| 1322 Patterson Ave., S.E., Suite 3000 | Washington, D.C. 20530 |
| Washington, D.C. 30274-5066 | Telephone: (202) 616-8209 |
| | |
| | <u>Attorneys for Defendants</u> |

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-01832 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Plaintiff's Emergency Rule 56(f) Motion to Stay Proceedings Pending Discovery is hereby DENIED.

IT IS SO ORDERED, this _____ day of _____, 2007.

_____
HON. HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE