UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT,<br><br>Plaintiff,<br><br>v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>Defendant. | Civil Action No. 06-01832 (HHK) |

**MOTION TO STAY PARTIES' OBLIGATIONS UNDER RULE 26
AND TO SHORTEN PLAINTIFF'S TIME TO OPPOSE THIS MOTION**

Defendant hereby moves this court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to stay the parties' obligations under Rule 26, including the obligation to conduct the initial Rule 26(f) conference, make initial disclosures required under Rule 26(a), and file a Rule 26(f) Joint Status report, pending resolution of Defendant's Motion to Dismiss.  Defendant also moves this court to shorten Plaintiff's time to oppose this motion to and including January 29, 2007.  Points and authorities supporting this motion are presented in the attached Memorandum in Support of the Motion to Stay the Parties' Obligations Under Rule 26.

Dated: <u>January 18, 2006</u>                    Respectfully submitted,

                                                PETER D. KEISLER
                                                Assistant Attorney General

                                                JEFFERY A. TAYLOR
                                                United States Attorney

                                                VINCENT M. GARVEY

                                          Deputy Branch Director

| Of Counsel: | **/s/ Michael P. Abate** |
|---|---|
| Lieutenant Commander Thomas Leary | MICHAEL P. ABATE |
| Lieutenant Katy Pasieta | Attorney, Civil Division |
| Office of the Judge Advocate General | U.S. Department of Justice |
| Department of the Navy | P.O. Box 883 |
| Washington Navy Yard, Bldg 33 | 20 Massachusetts Ave., N.W., Room 7302 |
| 1322 Patterson Ave., S.E., Suite 3000 | Washington, D.C. 20530 |
| Washington, D.C.  30274-5066 | Telephone: (202) 616-8209 |
| | |
| | <u>Attorneys for Defendants</u> |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-01832 (HHK) |
| DONALD C. WINTER In his Official Capacity as Secretary, DEPARTMENT OF THE NAVY, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PARTIES'
OBLIGATIONS UNDER RULE 26 AND TO SHORTEN
PLAINTIFF'S TIME TO OPPOSE THIS MOTION**

Defendant moves this court to stay the parties' obligations under Rule 26 until after the court rules on Defendant's Motion to Dismiss, because so doing promotes efficiency and avoids conducting potentially needless discovery. Defendant's Motion to Dismiss is potentially dispositive of this action, and therefore conducting discovery prior to the resolution of that motion is potentially wasteful. Courts have consistently exercised such discretion to stay discovery where it appears that a case is subject to a potentially dispositive motion. See, e.g., Patterson v. United States, 901 F.2d 927, 929 (11th Cir. 1990) (holding that a district court did not abuse its discretion in entering protective order prohibiting discovery pending determination of motion to dismiss or for summary judgment); Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Staying discovery pending the outcome of a motion to dismiss is

especially appropriate where, as here, that motion challenges the court's jurisdiction to hear some or all of the counts of the complaint. See 8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2040 (2d ed. 1994) ("[A] a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved."); see also U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters").

   This case presents no reason to deviate from the well-established practice of staying discovery during the pendency of a dispositive motion. On the contrary, this case presents compelling reasons to follow that practice. Currently pending before the court are two separate discovery motions – Plaintiff's Motion to Establish an Expedited Discovery Schedule, and his Emergency Rule 56(f) Motion to Stay Proceedings Pending Discovery, and Defendant's oppositions to those motions – that illustrate the parties' fundamental disagreements concerning the need for, and appropriate scope of, discovery. Defendant maintains that no discovery is warranted, and that the entire matter may be resolved under Rule 12(b). Plaintiff, on the contrary, proposes to conduct discovery on a wide range of issues through the use of thirty (30) depositions and forty five (45) interrogatories. Given the disagreement between the parties' positions – which have remained consistent throughout the litigation – it is likely that a Rule 26(f) conference will only lead to further briefing concerning the proper scope of discovery.

   In sum, initiating discovery at this point would only threaten to waste more of the parties' and the court's time with briefing on discovery issues that may be obviated (completely or in

part) by the court's ruling on Defendant's Motion to Dismiss. For those reasons, this Court should stay the parties' obligations under Rule 26, including the obligation to conduct the initial Rule 26(f) conference, make initial disclosures required under Rule 26(a), and file a Rule 26(f) Joint Status report, pending resolution of Defendant's Motion to Dismiss.

Absent such a stay, the parties would be required to hold a Rule 26(f) conference at least 21 days before a scheduling order is due under Rule 16(b). See Fed. R. Civ. P. 26(f). That Rule 16(b) order is due within 120 days of the service of the complaint – or, in this case, by Friday, February 23, 2007. See Fed. R. Civ. P. 16(b). The parties Rule 26(f) conference, therefore, would need to occur on or prior to February 2, 2007.

Pursuant to Local Rule 7(m), Defendant attempted to obtain Plaintiff's consent for this motion. Plaintiff refused to consent. Defendant therefore requests that the court grant this opposed motion. Moreover, in order to allow sufficient time for this court to consider the Motion prior to the February 2, 2007 deadline for a Rule 26(f) conference, Defendant requests that this court shorten Plaintiff's time to oppose this motion to no later than January 29, 2007.

Dated: January 18, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFERY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

Of Counsel:
Lieutenant Commander Thomas Leary
Lieutenant Katy Pasieta

/s/ **Michael P. Abate**
MICHAEL P. ABATE
Attorney, Civil Division

| | |
|---|---|
| Office of the Judge Advocate General<br>Department of the Navy<br>Washington Navy Yard, Bldg 33<br>1322 Patterson Ave., S.E., Suite 3000<br>Washington, D.C.  30274-5066 | U.S. Department of Justice<br>P.O. Box 883<br>20 Massachusetts Ave., N.W., Room 7302<br>Washington, D.C. 20530<br>Telephone: (202) 616-8209<br><br><u>Attorneys for Defendants</u> |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT,<br><br>      Plaintiff,<br><br>      v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>      Defendant. | Civil Action No. 06-01832 (HHK) |

**ORDER**

Defendant's Motion to Stay the Parties' Obligations Under Rule 26 pending consideration of Defendant's Motion to Dismiss is hereby GRANTED, and it is ORDERED that the parties' obligations under Rule 26, including the obligation to conduct the initial Rule 26(f) conference, make initial disclosures required under Rule 26(a), and file a Rule 26(f) Joint Status report, are hereby stayed until further order of the court.

IT IS SO ORDERED, this _____ day of _____, 2007.

_____
HON. HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE