UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>DONALD C. WINTER, in his )<br>Official Capacity as Secretary of )<br>the Navy, )<br>)<br>Defendant, )<br>) | Civil No.: 06CV 1832 (HHK) |

**PLAINTIFF'S EMERGENCY MOTION AND MEMORANDUM IN SUPPORT OF HIS EMERGENCY MOTION FOR AN EMERGENCY INJUNCTION DURING THE PENDENCY OF HIS APPEAL OF THE COURT'S JANUARY 4, 2007 ORDER DENYING THE PRELIMINARY INJUNCTION**

On January 4, 2007, this Court entered an Order denying the request of Plaintiff, Chaplain Gordon James Klingenschmitt, for an injunction to stay the ongoing proceedings initiated by the United States Navy to separate him from the Navy. Plaintiff asks that the Court grant plaintiff injunctive relief barring the Navy from separating Chaplain Klingenschmitt until the D.C. Circuit can decide these very important Constitutional issues. In compliance with local Rule 7(m) Plaintiff requested Defendant's consent to this motion. Defendant does not consent to this motion. No discovery has been provided in this matter. Plaintiff is simultaneously filing his notice of appeal.

Pursuant to Fed. R. Civ. P. 62(c), this Court has the power to grant injunctive relief pending appeal. A court should grant an injunction pending appeal when the appeal will raise serious legal questions that are fair grounds for further litigation and when the balance of the equities, including the injury to the plaintiff and the public interest, favors an injunction in this matter. *See Chamber of Commerce v. Reich*, 897 F.Supp. 570, 584-85 (D.D.C. 1995). The sole grounds set forth in the

Order for denying the Plaintiff's request for preliminary relief maintaining the status quo is that the Plaintiff has not shown that harm he will suffer is irreparable harm if the relief is denied.

Pursuant to Rule 7(b) and 62 of the Federal Rules of Civil Procedure and Local Civil Rule 7, Plaintiff respectfully asks this Court to order injunctive relief to keep the parties at the status quo while the plaintiff appeals the Courts January 4, 2007 order (Dkt. No. 23) ("January 4 Order"), pending Plaintiff's appeal to the United States Court of Appeals for the District of Columbia Circuit. In addition, because the January 4 Order permits the Defendant to discharge plaintiff by January 31, 2007, Plaintiff respectfully requests expedited consideration of this motion.

As explained in more detail in the accompanying memorandum of law, an injunction is appropriate because (i) the moving Plaintiff's appeal will present serious legal questions; and (ii) absent an injunction Defendant concedes the moving Plaintiff will suffer irreparable injury. In that plaintiff makes a substantial case on the merits, and the remaining injunctive factors, particularly the irreparable harm to the plaintiff if an injunction is not granted, strongly favors the grant of an injunction. *See Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2002).

In the event the Court denies this motion, Plaintiff respectfully requests that the date of Chaplain Klingenschmitt's separation be stayed to allow the Plaintiff to present his injunction request to the Court of Appeals. Plaintiff thus respectfully requests an emergency injunction to a date two weeks past the later of (a) the date of any order of this Court denying Plaintiff's motion for an injunction; or (b) the date of any order of the Court of Appeals denying any motion for an injunction.

Because of the immediate impact the Court's Order has on the separation of plaintiff from his 15+ year military career and Defendant's refusal to stipulate to a short stay, plaintiff also asks for

a shortened the time for consideration of this motion. L.R. 7-8(c). Plaintiff also moves, in the alternative, for an injunction stopping the Navy from separating Chaplain Klingenschmitt to February 15, 2007, to allow more time to complete consideration of plaintiff's motion for an injunction pending appeal from the Court of Appeals. This motion is based on this notice, the memorandum in support of this motion, and such other evidence as may be presented to the Court.

## PRELIMINARY ARGUMENT

The Court should have entered an injunction to prevent the separation of Chaplain Klingenschmitt as even the Defendant admits that Chaplain Klingenschmitt will lose his right to challenge the Navy's denial of his constitutional rights if the Navy is permitted to separate him by January 31, 2007. Defendant's Reply in Support of its Motion to Dismiss, pg. 5. Defendant informed this honorable Court that: Plaintiff "*will be separated from the Navy on January 31, 2007, [and will no] . . . no longer [be] subject to the Navy's allegedly unconstitutional or illegal religious practices or policies. Hence, he has no standing to challenge them [the unconstitutional acts of the Navy].*" *Id.* This concession by Defendant means that Chaplain Klingenschmitt will forever lose his right to challenge the unconstitutional conduct of the Navy if the Court permits the Navy to separate him from the military.

Chaplain Klingenschmitt will be irreparably harmed because he has lived his life on the path to be able to give service men at war Chaplaincy direction. Now, the Navy's separation of him will deny him that ministry war time sailors which he can never get back. In addition, Defendant must concede Chaplain Klingenschmitt will be irreparably harmed by a separation in that: (1) the Navy is evicting him from his home simultaneous with the separation; (2) the loss of reputation as one "fired" from the military for a religious crime; (3) loss of health benefits, including immediate access

to military hospitals, for the Chaplain, and his wife, who has special medical needs; (4) loss of tuition assistance to continue Ph.D. Program which will impact further promotions should plaintiff prevail; (5) loss of military ID card, including lost access to the commissary, gym, exchange privileges; (6) loss of tax benefits available to service members; (7) disruption to family stability during time of personal crisis, damaging my wife's emotional health; and (8) loss of ability to pray, preach, and counsel with Sailors, plaintiff cannot fulfill his life's calling to a military chaplaincy, for which he trained 20+ years.

The Plaintiff respectfully submits that the Court misapprehended or overlooked established precedent to the effect that the loss of First Amendment rights for even minimal periods of time constitutes irreparable harm justifying the entry of a preliminary injunction. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 299 (D.C.Cir. 2006); *citing Elrod v. Burns*, 427 U.S. 347, 373 (1976). Because the claims of the Plaintiff involve deprivations or infringement of First Amendment rights, this presumes an irreparable injury supporting injunctive relief. *Michel v. Bare*, 230 F. Supp. 2d 1147 (D. Nev. 2002); *Bioganic Safety Brands, Inc. v. Ament*, 174 F. Supp. 2d 1168 (D. Colo. 2001); *Video Software Dealers Ass'n, Inc. v. City of Oklahoma City*, 6 F. Supp. 2d 1292 (W.D. Okla. 1997), *aff'd in part, dismissed in part*, 248 F.3d 1214, 56 Fed. R. Evid. Serv. 1361 (10th Cir. 2001)*, Huminski v. Rutland City Police Dept.*, 221 F.3d 357 (2d Cir. 2000); *Wagner v. City of Holyoke*, 100 F. Supp. 2d 78 (D. Mass. 2000); *Rucker v. City of Kettering*, Ohio, 84 F. Supp. 2d 917 (S.D. Ohio 2000).

Even the loss of First Amendment rights for a brief period constitutes irreparable harm. *See Chabad of Southern Ohio v. City of Cincinnati*, 233 F. Supp. 2d 975 (S.D. Ohio 2002), *decision aff'd*, 363 F.3d 427, 2004 FED App. 0098P (6th Cir. 2004); *Red-Eyed Jack, Inc. v. City of Daytona*

*Beach*, 165 F. Supp. 2d 1322 (M.D. Fla. 2001), aff'd, 62 Fed. Appx. 921 (11th Cir. 2003); *Kamerling v. Massanari*, 295 F.3d 206 (2d Cir. 2002); *Jabr v. Rapides Parish School Bd. ex rel. Metoyer*, 171 F. Supp. 2d 653, 159 Ed. Law Rep. 95 (W.D. La. 2001). This case is particularly suited for an injunction because of the well-documented harm to the plaintiff as the Navy admits punishing the chaplain for quoting the Bible in the chapel and for praying publicly "in Jesus' name" in uniform was unconstitutional.

### I. Factors Considered in Determining Whether to Grant an Injunction Pending Appeal

The following factors are to be considered in determining whether an Injunction Pending Appeal is warranted: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent an injunction; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).

An injuction may be granted with either a high probability of success and some injury, or vice versa. *Id.* The Navy is separating Chaplain Klingenschmitt in violation of its own regulations and because the Chaplain prayed in the name of Jesus. Because Plaintiff is likely to prevail on the merits of his appeal, and because both the balance of harms and the public interest favor an injunction, Plaintiff's motion should be granted.

The fact that OPNAVINST 1120.9(5)(b)(3)(a) which is the Navy's own regulation, required that the Navy recertify Chaplain Klingenschmitt as a Christian Chaplain, and the Navy refuses relying upon a different regulation creates a divergence of legal authority. Where a divergence of legal authority or case law on a particular question exists, an Injunction Pending Appeal is

appropriate because the issue of the applicant's likelihood to prevail on the merits on an appeal is significant. The party moving for an injunction need not show a probability of success but need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay. *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

In addition Injunction pending an appeal should be granted otherwise plaintiff in this case would be denied his constitutional rights to pray as a Christian Naval Chaplain for a long period of time, thus never again having the opportunity to pray while the country is at war with his fellow military men. *McCoy v. Louisiana State Bd. of Educ.*, 332 F.2d 915(5th Cir. 1964) (Injunction pending an appeal was granted when otherwise plaintiff in a college-desegregation case would be denied her constitutional rights for another school term or longer. )

## II. Plaintiff is Likely to Prevail on The Merits of His Appeal

The January 4 Order is an injunction appealable pursuant to 28 U.S.C. 1292(a). *See Avery v. Sec'y of Health and Human Servs.*, 762 F.2d 158, 160-61 (1st Cir. 1985); *see also Great Rivers Coop. v. Farmland Indus., Inc.*, 59 F.3d 764, 766 (8th Cir. 1995). The Order denies injunctive relief which is appealable. *See* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure: Jurisdiction § 3922 (1977)). On its face, it is "not purely 'a matter of [litigation] procedure'" but reflects a substantive determination and orders substantive relief. *Id.* at 160-61. Harm resulting from the Order's failure to grant an injunction could not be undone on appeal from final judgment. *See id.* at 161; *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171-77 (1974)

### III. The Balance of Harms and The Public Interest Favor Entry of An Injunction Pending Appeal.

Both the balance of harms and the public interest favor entry of an Injunction Pending Appeal. An injunction that preserves the status quo will not harm the Defendant. Indeed, Defendant's principal argument is that Chaplain Klingenschmitt will lose standing as soon as they separate him from service.

Harm to the plaintiff is more likely to result from the Courts denial of an injunction with the January 4 Order than from an injunction of the status quo. The risk of irreparable harm to Plaintiffs absent an injunction is great. If Plaintiff is correct that the reason for his separation is that he prayed in a way that the Navy did not want him to because they had developed their own religion, then his military career will irreparably damaged and his reputation within the Navy will be destroyed. The Court's denial of an injunction exacerbates the potential harm to this Christian Chaplain.

Contrary to the arguments of the Defendant, this case does not involve only the loss of employment by the Plaintiff, but also the loss of fundamental rights protected by the First Amendment. Indeed, the fundamental claim of the Plaintiff in this case is that the Defendant began separation proceedings against him because of his exercise of First Amendment rights. The Complaint sets forth the history of the Plaintiff's objections to formal policies and institutional biases of the Navy that forbade or discouraged Navy Chaplains from praying according to their religious beliefs, a right that is granted to Navy Chaplains by 10 U.S.C. § 6031. Also shown by the allegations of the Complaint is the Navy's hostile response to the Plaintiff's assertion of his rights. This history of animosity toward the Plaintiff and the views he expressed culminated in the Navy's initiation of separation proceedings against him in October 2006.

Although the Navy has used the Plaintiff's change of ecclesiastical endorsement as a pretext for separating him from the Navy, that this is just a facade to cover retaliation against the Plaintiff for exercising his First Amendment rights is borne out by the circumstances. Thus, the Navy began separation proceedings even though the Plaintiff always had an ecclesiastical endorsement and even though the controlling Navy Instruction requires the recertification of Chaplains who obtain a new endorsement after one is lost, OPNAVINST 1120.9 ¶ 5(b)(3)(a).

The Navy tried to hide its retaliatory motive by using a Chaplain Appointment and Recall Eligibility (C/A/R/E) Advisory Group in the separation process even though the controlling regulations do not provide for the use of C/A/R/E boards in this situation. Moreover, the Plaintiff has presented statistical analysis and evidence showing that the separation of the Plaintiff is an extreme statistical anomaly.

There are strong grounds supporting the Plaintiff's assertion that his separation is in retaliation for his exercise of First Amendment rights. If that is the case, then the Plaintiff is being deprived of his First Amendment rights and will suffer irreparable harm by being separated from the Navy. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 299 (D.C.Cir. 2006); *citing Elrod v. Burns*, 427 U.S. 347, 373 (1976). *Elrod* also involved public employees who were threatened with termination because of their exercise of First Amendment rights.

The Supreme Court held that this threatened loss of employment constituted irreparable harm because it violated the First Amendment. *Elrod*, 427 U.S. at 373. More to the point, in *England*, the District of Columbia Court of Appeals recently held that the loss of promotion, selection and

retention opportunities for Navy Chaplains for reasons that violate the First Amendment constitutes irreparable harm and satisfies that prong of the requirement for obtaining a preliminary injunction. *England*, 454 F.3d at 304. Presumably, the Chaplains in *England* also could obtain after-the-fact relief for the employment opportunities they suffered, but the Court of Appeals nonetheless held that they would suffer irreparable harm because they had made a showing that the loss would result from a violation of the First Amendment.

The same principle should apply here and warrants reconsideration of this Court's Order denying the Plaintiff's request for a preliminary injunction. The Plaintiff's separation will not only cause economic loss, but will cause him to suffer a loss of First Amendment rights because the separation is in retaliation for his exercise of First Amendment rights. Under *Elrod* and *England*, this loss constitutes irreparable harm for purposes of determining whether a preliminary injunction should issue.

Irreparable harm to the Plaintiff also is apparent in light of the Defendant's arguments in support of their request that the instant action be dismissed. One argument Defendant has made is that because the Plaintiff will be separated from the Navy by the end of January 2007, he has no standing to challenge the Navy policies and practices that burden his First Amendment rights and have effected an Establishment of a civic religion within the Navy. *See* Defendant's Reply in Support of It's Motion to Dismiss at 5-6. If this is true, and the Defendant is judicially estopped from claiming otherwise, then the Plaintiff's right to maintain his causes of action will be irretrievably lost if he is not granted preliminary relief staying his separation from the Navy. In order to preserve his right to challenge these policies and practices of the Navy, the Plaintiff's request for a preliminary injunction should be granted.

The harm that the separation would could not be undone if Plaintiff prevails in his appeal. Finally, because the January 4 Order directly undermines the relationship between the Chaplain and his Christian flock, the public interest favors an injunction.

### IV. Expedited Consideration of This Motion Is Needed Because the Navy Refuses to Wait for a Decision on the Merits to Separate the Chaplain From the Navy

The January 4 Order permits the Navy to separate Chaplain Klingenschmitt prior to his enforcement of his constitutional rights. Plaintiff recognizes the Court's demanding schedule during the current proceeding on Defendants' motion to Dismiss. Nonetheless, Plaintiffs believe an injunction is warranted for the reasons set forth above and must be obtained no later than January 26, 2007 to provide meaningful relief. Accordingly, Plaintiff respectfully requests expedited consideration of this motion so that Plaintiffs may seek emergency relief from the Court of Appeals in the event this Court does not agree that an injunction is warranted.

For the reasons set forth above, the Plaintiff submits that this Court's previous Order denying Plaintiff's request for a preliminary injunction overlooked controlling principles establishing irreparable harm will be suffered by the Plaintiff if the status quo is not maintained.

**CONCLUSION** For the foregoing reasons, Plaintiff respectfully requests that this Court grant an injunction to plaintiff and rescind its January 4, 2005 Order. Plaintiff's respectfully requests the Court to keep the status quo during the appeal to the United States Court of Appeals for the District of Columbia Circuit. Because the Navy plans to separate the Chaplain by January 31, 2007, Plaintiff respectfully requests expedited consideration of this motion.

        Respectfully submitted,

           /s/ William P. Farley
        Law Office of William P. Farley, P.C.
        1350 Connecticut Avenue, N.W.
        Suite 200
        Washington, D.C. 20036
        (202) 775-1550
        (202) 775-0008 (fax)
        farley@dccounselor.com
        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Emergency Motion for an Emergency Injunction During the Pendency of His Appeal of the Court's January 4, 2007 Order Denying the Preliminary Injunction was served on all parties by delivering a copy thereof via the Court's electronic filing, on this 24th day of January 2007 to:

> Michael P. Abate
> Trial Attorney
> United States Department of Justice
> Federal Programs Branch
> PO Box 883
> Washington, DC 20530
> Tel: (202) 616-8209
> Fax: (202) 616-8470
> michael.abate@usdoj.gov

>    /s/ William P. Farley
> Law Office of William P. Farley, P.C.
> 1350 Connecticut Avenue, N.W.
> Suite 200
> Washington, D.C. 20036
> (202) 775-1550
> (202) 775-0008 (fax)
> farley@dccounselor.com
> Counsel for Plaintiff