UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT ) ) ) Plaintiff, ) v. ) ) DONALD C. WINTER ) ) Defendant, ) | Civil No.: 06CV 1832 (HHK) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS EMERGENCY RULE 56(F) MOTION TO STAY PROCEEDINGS PENDING DISCOVERY AND MEMORANDUM IN SUPPORT OF THAT MOTION**

Plaintiff brought his Rule 56(f) motion in order to have discovery prior to the Court considering Defendant's Rule 12(b)(6) motion, which relies on evidence outside of the complaint. Discovery is required to permit plaintiff to find evidence to support his findings that Defendant punished him for praying in the name of Jesus. Defendant does not deny that they refuse to follow their own regulation, OPNAVINST 1120.9(5)(b)(3)(a),[1] which requires the defendant to recertify Chaplain Klingenschmitt's ecclesiastical endorsement.[2] Instead, Defendant seeks to dismiss the

---

[1] The "Chief of Chaplains Chaplains shall . . . Recertify a chaplain's professional qualification upon receipt of a new ecclesiastical endorsement." OPNAVINST 1120.9(5)(b)(3)(a)

[2] On September 28, 2006, the Chaplaincy of Full Gospel Church, a fully qualified and recognized Religious Organization that has and continues to endorse numerous chaplains in the U.S. Navy and other military branches, signed a Statement of Ecclesiastical Endorsement for Chaplain Klingenschmitt attesting that Chaplain Klingenschmitt is professionally qualified as a religious ministry professional for the military chaplaincy. The Ecclesiastical Endorsement was

complaint prior to any discovery being taken.

If the Navy followed its own regulations, they would have no basis for separating Chaplain Klingenschmitt from the military. Plaintiff has evidence that the Navy's real reason for terminating him was that he prayed in the name of Jesus. Chaplain Klingenschmitt's complaint made clear his belief that he is being terminated for the content of his prayers and for no other reason. Plaintiff seeks discovery in order to oppose the Defendant's motion for summary judgment. "Unless dilatory or lacking in merit, the [Rule 56(f)] motion should be liberally treated." James W. Moore & Jeremy C. Wicker, Moore's Federal Practice ¶ 56.24 (1988).

**Defendant's Arguments**

The D.C. has instructed that "all a complaint need state is 'I was turned down for a job because of my race." *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1115 (D.C.Cir.2000). Here, the Court must determine what Defendant is arguing when they claim that they are not moving for summary judgment pursuant to Rule 12(b)(6) even though they base their argument on facts outside of the pleadings.

Rule 12(b)(6) provides that for a motion "to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The Defendant provides the Court with information not contained in the Complaint to show why they believe that Plaintiff's analysis of the facts is "simply wrong." Defendant's Rule 12 Motion, pages 1, 11, and 14. In their motion, Defendant

---

sent to the Chief of Navy Chaplains on September 29, 2006.

raises Rule 12(b)(6) on 30 separate occasions and claims Plaintiff is "simply wrong" and then gives evidence outside of the complaint why Plaintiff is wrong. This is exactly the type of case that requires discovery prior to any judicial determination.

**A. Rule 56 Applies Whenever Matters Outside the Pleadings are Considered**

Defendant argues that "Plaintiff has no basis for a Rule 56(f) motion . . .By its own terms, Rule 56(f) only applies in cases where a party has moved for summary judgment under Rule 56." Def. Opp., pg. 1-2. Defendant ignores that the D.C. Circuit has instructed that since "1948, however, Rule 12(b) has provided that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Hollis v. U.S. Dept. of Army*, 856 F.2d 1541, 1543 (D.C.Cir. 1988). Defendant's argument is contrary to the statutory law and the law of this Circuit - a 12(b)(6) motion can indeed raise Rule 56(f) discovery requirements.

Defendants novel argument also ignores that a 12(b)(6) motion to dismiss requires courts to treat all of plaintiff's factual assertions as true, especially here because Defendants filed their motion prior to any discovery. *See Westside Mothers v. Olszewski*, 454 F.3d 532, 537 (6th Cir.2006) (stating that Circuits should review a district court's grant of a defendant's Rule 12(b)(6) motion *de novo*, but taking the facts in the light most favorable to the plaintiff and only affirming if the plaintiff could not bring forth any set of facts that would entitle him to relief)

In addition, Defendant forgets that the standard by which orders dismissing complaints for failure to state claims must be tested is whether, taking allegations of complaint as true, and viewing them liberally, giving plaintiffs benefit of all inferences which fairly may be drawn therefrom, it appears beyond doubt that plaintiffs can prove no set of facts in support of claims which would

entitle them to relief. *See Wagener et al. v. SBC Pension Benefit Plan*, 407 F.3d 395, 401 (D.C.Cir.2005) (For a motion to dismiss, Court "accept[s] the factual allegations made in the complaint as true and giv[es] plaintiffs the benefit of all inferences that can reasonably be drawn from their allegations"). Defendant's Rule 12 motion does not argue solely based on the complaint, and in no way gives the benefit of inferences to plaintiff, instead defendant relies upon matters outside of the complaint, hence their motion is one for summary judgment and not a motion to dismiss.

The only matters the Court can consider for a motion to dismiss are those matters **within** a complaint. The Navy's whole argument is based on outside evidence. Once the Court considers outside evidence, then the motion to dismiss is converted to one for summary judgment and Rule 56(f) becomes applicable. Rule 12(b) provides in part: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Defendant relies, among other things, upon the following information in their Rule 12 Motion that is not in the complaint:

1. The Defendant's supposed cancellation of its unconstitutional activities.

2. DoDI 1304.28. Defendant's December 21, 2006 Motion to Dismiss/Summary Judgment ("Def. Mot."), pg. 2, fn. 1;

3. Navy Care Board Determinations. Def. Mot, pg. 5;

4. Two separate Parker Declaration. *Id.,* pg. 6;

     5.     Chief of Naval Personnel Concurrence. *Id.*;

     6.     Secretary of the Navy's findings. *Id.*.

The glaring problem with Defendant's opposition is that they ignore the very well settled law of this Circuit that: (1) "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim." *Francis O. Day Co. v. Shapiro*, 267 F.2d 669, 671 (D.C. Cir. 1959) ("To the contrary, all the Rules require is 'a short and plain statement of the claim' (8(a)(2)) that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (citations and quotations omitted); (2) "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.;* and (3)

In their motion to dismiss the Navy claims they were "required to institute these separation proceedings against plaintiff" according to Section 643 of Title 10. Defendant's December 21, 2006 Motion to Dismiss ("Mot. Dis."), pg. 1, 2. However, plaintiff never raised Section 643 in his complaint, instead he relied upon OPNAVINST 1120.9(5)(b)(3)(a) which is the Navy's own regulation that required the defendant to recertify Chaplain Klingenschmitt.

Thus, there are factual issues at stake here because the Navy Regulations clearly state that the "Chief of Chaplains **_shall_** . . . Recertify a chaplain's professional qualification upon receipt of a new ecclesiastical endorsement." OPNAVINST 1120.9(5)(b)(3)(a)[3]. The word "shall" requires the Navy to follow the conditions and rules it has established by recertifying Chaplain

---

[3] Of course, the question for a motion to dismiss is not what the statute provides, but whether Chaplain Klingenschmitt alleged the violation - which he did in ¶ 13, 14, and 19.

Klingenschmitt's endorsement.

The Navy argues that their regulations required separation. Chaplain Klingenschmitt has shown that Navy regulations require him to be recertified which would preclude his separation. It would be impossible for the Court to grant a motion to dismiss without looking at the background facts. "The risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment." *Harrington v. Painter*, 92 Fed.Appx. 126, 128-129 (6th Cir., 2003) *citing Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir.1995). Failure to provide the parties with either constitutes reversible error. *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir.1996); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

### B. DEFENDANT RELIES UPON MATTERS OUTSIDE THE COMPLAINT

Defendant argues that they have not sought summary judgment. Def. Opp., pg. 2. However, such a bald assertion must be looked at to see the substance over the title.

7.  Under Chief of Chaplains Instruction (COCINST) 1110.1G, a Chaplain Appointment and Recall Eligibility (CARE) Advisory Group is authorized only to assist the Chief of Chaplains in validating "the professional qualifications of all applicants for appointment in the Chaplain Corps, the Chaplain Candidate Program Officer (CCPO) program, and transfers between active and inactive duty." COCINST 1110.1G, para. 5 makes CARE Advisory Groups responsible for examining "each direct, superseding, recall or interservice transfer application and each Regular chaplain officer discharged from active duty who requests a Naval Reserve appointment." *Id., ¶* 17.

8.  Rule 56(f) of the Federal Rules of Civil Procedure provides that:

> Should it appear from the affidavits of a party opposing the motion

>that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The policy behind Fed.R.Civ.P. 56(f) is straightforward: "Summary judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). In this Circuit, "a reasonable opportunity to complete discovery before grappling with a summary judgment motion is the norm." *See generally* 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2741 at 541-48 (2d ed. 1983) ("One of the most common reasons offered under Rule 56(f) for being unable to present specific facts in opposition to a summary judgment motion is insufficient time or opportunity to engage in discovery.")

"The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment." 10A Wright, Miller, & Kane, Federal Practices and Procedure §2740 (1983). *See, Miller v. United States Department of Transportation*, 710 F.2d 656, 666 (10th Cir. 1983) ("[D]iscovery is strongly favored and generally denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error, particularly in the face of a Rule 56(f) affidavit.")

Additional discovery pursuant to Rule 56(f) is often granted. *See Khan v. Parsons Global Services, Ltd.*, 428 F.3d 1079, 1087 (D.C.Cir. 2005) ("Because the district court never ruled on the Khans' initial Rule 56(f) discovery request, on remand, the district court should address both Rule 56(f) declarations."). Who has made the decisions in this matter is of key importance. *See*

*Paralyzed Veterans of America v. D.C. Arena L.P.*, 117 F.3d 579, 587 (D.C.Cir.1997) ("A speech of a mid-level official of an agency . . . is not the sort of 'fair and considered judgment' that can be thought of as an authoritative departmental position.")  Plaintiffs should be granted an opportunity to depose decision makers to determine whether Chaplain Klingenschmitt's religious beliefs are the sole reason he has been punished by the Navy.  Chaplain Klingenschimtt will also seek to discover the Navy's position on the Constitutional right to pray.

Thus, the district court is empowered with discretion to decide whether the movant's motion is ripe and thus determine whether to delay action on a motion for summary judgment. *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1313 (3d Cir. 1994). Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. *See Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir. 1995). Accord WRIGHT & MILLER, 10A FEDERAL PRACTICE AND PROCEDURE § 2741 at 546 (West 1983)(Most courts are reluctant to grant summary judgment prior to the termination of discovery).

Plaintiff has amply demonstrated its need for discovery. In *Richardson v. National Rifle Association*, 871 F. Supp. 499, 501-502 (D.D.C. 1994), that Court stated: Under Rule 56(f), the Court upon request may defer ruling on a summary judgment motion and allow the non-moving party an opportunity through limited discovery to obtain information relevant to an issue of material fact he maintains is in dispute. The party opposing summary judgment and seeking deferral, usually but not invariably by motion and affidavit, must (I) alert the Court to the need for further discovery and (ii) demonstrate, either through an affidavit or other documents such as opposing motions and outstanding discovery requests, how additional discovery will enable it to rebut the movant's

allegations of no genuine issue of fact.

### C. PLAINTIFF'S AFFIDAVITS ARE PROPER PURSUANT TO RULE 56

The Navy's attacks on Plaintiff's Rule 56 affidavits not only fail to properly state the standard, they ignore the Circuit's clear instruction that affidavits are not required to obtain discovery. *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380-81 (D.C.Cir. 1988) (court chooses "flexible approach" of not requiring an affidavit in order to obtain additional time for discovery and to extend time for deciding summary judgment). "The purpose of the [Rule 56] affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Id.,* at 1380. Plaintiff's two affidavits exceed this standard by a large margin.

Other Circuits are consistent with the D.C. Circuit. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991) ("[a]lthough the preferred procedure is to present an affidavit in support of the requested continuance, so long as the nonmoving party indicates to the court ... preferably in writing of its need for additional discovery, the nonmoving party is deemed to have invoked the rule"), *cert. denied*, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992); *Garrett v. City & County of San Francisco*, 818 F.2d 1515 (9th Cir. 1987) (mere filing by nonmovant of a discovery motion satisfies Rule 56(f) and no need to file separate affidavit); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir. 1988) (any alternative to a Rule 56(f) affidavit should be in writing and "in some authoritative manner--say, by the party under penalty of perjury or by written representations of counsel subject to the strictures of Fed.R.Civ.P. 11--and filed with the court").

In the filed affidavit, plaintiff properly informed the Court that he seeks: "Plaintiff hopes to

discover correspondence that would shed light on the issues.; The plaintiff needs discovery to explore facts essential to justify the party's opposition to the Rule 12(b)(6) motion.; Plaintiff herein seeks discovery relating to his claim that Defendant violated the Establishment Clause by instructing Navy Chaplains on the content of their prayers as alleged in the complaint.; Defendant's exercise of control over Navy chaplains with respect to, inter alia, their prayers, their religious expression, their religious endorsements, their directives, their operating policies and procedures, and reasons for requiring no prayers in the name of Jesus.; Plaintiff intends to depose and otherwise seek discovery from, at a minimum, Parker, Berto, Carr, Harvey, Gragg, Moore, Iasiello, Pyle, Ruehe, Holcomb, and Blair." Farley Aff., pg. 1-2. Thus, the Defendant's arguments against the affidavits are not consistent with the D.C. Circuit.

## CONCLUSION

Prior to any dispositive motions decision, Chaplain Klingenschmitt should be permitted to find out: (1) when the Navy began to create their "non-sectarian" civic religion suppressing plaintiff's Christian faith; (2) why the Navy removed Chaplain Klingenschmitt for his Trinitarianistic Christian views; (3) what conditions the Navy placed on Chaplain Klingenschmitt's prayers, including separating him from the Navy for praying to Jesus; (4) whether it is systemic within the Navy to deny Chaplains the liberties of religion and expression by infringing by denial of or by placing conditions on benefit or privilege; and each of the allegations in Chaplain Klingenschmitt's complaint.

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint should be denied and discovery should commence immediately in this matter.

WHEREFORE, Klingenschmitt respectfully requests that his Rule 56(f) motion be granted

and the Court issue grant an order permitting discovery and keeping the status quo in this case during discovery.

                    Respectfully submitted,


                    /s/ William P. Farley
                    William P. Farley 466280
                    Law Office of William P. Farley
                    1350 Connecticut Avenue, N.W., Suite 200
                    Washington, D.C. 20036
                    (202) 775-1550 (telephone)
                    (202) 775-0008 (fax)
                    farley@dccounselor.com
                    Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Reply in Support of his Emergency Rule 56(f) Motion was served on all parties by delivering a copy thereof via the Court's electronic filing, on this 29th day of January 2007 to:

            Michael P. Abate
            Trial Attorney
            United States Department of Justice
            Federal Programs Branch
            PO Box 883
            Washington, D.C. 20530
            Tel.: (202) 616-8209
            Fax: (202) 616-8470
            michael.abate@usdoj.gov


              /s/ William P. Farley
            William P. Farley 466280
            Law Office of William P. Farley
            1350 Connecticut Avenue, N.W., Suite 200
            Washington, D.C. 20036
            (202) 775-1550 (telephone)
            (202) 775-0008 (fax)
            farley@dccounselor.com
            Counsel for Plaintiff