UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT ) ) ) Plaintiff, ) v. ) ) DONALD C. WINTER, in his ) Official Capacity as Secretary of ) the Navy, ) ) Defendant, ) ) | Civil No.: 06CV 1832 (HHK) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS EMERGENCY MOTION FOR AN EMERGENCY INJUNCTION DURING THE PENDENCY OF HIS APPEAL OF THE COURT'S JANUARY 4, 2007 ORDER DENYING THE PRELIMINARY INJUNCTION**

In this Reply Plaintiff, Chaplain Klingenschmitt, will address Defendant's arguments that are specific to plaintiff's motion for an emergency injunction during the appeal. Defendant's arguments begin on page 4 of their brief.

### **PLAINTIFF IS ENTITLED TO AN INJUNCTION PENDING APPEAL**

"The function of a preliminary injunction is to preserve the status quo pending a final determination of the rights of the parties." *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980). Defendant concedes that the notice of appeal does not deprive this Court of jurisdiction to consider Plaintiff's motion. Def. Opp, pg. 3, fn. 2. Plaintiff is seeking to keep the status quo during the pendency of the appeal, not change the status quo. Federal Rules of Civil Procedure 62©) provides that "[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for

the security of the rights of the adverse party."

Pursuant to Fed. R. Civ. P. 62©), this Court has the power to grant injunctive relief pending appeal. A court should grant an injunction pending appeal when the appeal will raise serious legal questions that are fair grounds for further litigation and when the balance of the equities, including the injury to the plaintiff and the public interest, favors an injunction in this matter. *See Chamber of Commerce v. Reich*, 897 F.Supp. 570, 584-85 (D.D.C. 1995). The sole grounds set forth in the Order for denying the Plaintiff's request for preliminary relief maintaining the status quo is that the Plaintiff has not shown that harm he will suffer is irreparable harm if the relief is denied.

Plaintiff is entitled to injunctive relief because he demonstrates 1) a substantial likelihood of success on the merits; 2) irreparable harm or injury absent an injunction; 3) less harm or injury to the other parties involved; and 4) the service of the public interest. *See Dendy v. Washington Hosp. Center*, 581 F.2d 990, 992 (D.C.Cir.1978) (footnote omitted); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977).

**A. Plaintiff Demonstrates a Likelihood of Success on the Merits**

First, the large team of government attorneys could not find one case to support their position that they provided to this honorable Court in their opposition. This is quite telling because there is no support for Defendant's positions. There arguments are only novel because they have no basis in the facts or the law. Precedent all goes against their position.

Second, the Navy could not take any of the actions against Chaplain Klingenschmitt if they followed their own regulations. Defendant does not deny that they refuse to follow their own

regulation, OPNAVINST 1120.9(5)(b)(3)(a),[1] which requires the defendant to recertify Chaplain Klingenschmitt's ecclesiastical endorsement.[2]  Because the "Chief of Chaplains ***shall*** . . . Recertify a chaplain's professional qualification upon receipt of a new ecclesiastical endorsement," once the Chief of Chaplains follows the Navy's regulations, the rest of Defendant's case falls apart. OPNAVINST 1120.9(5)(b)(3)(a)[3].  The word "shall" requires the Navy to follow the conditions and rules it has established by recertifying Chaplain Klingenschmitt's endorsement.

The Navy argues that their regulations required separation.  Chaplain Klingenschmitt has shown that Navy regulations require him to be recertified which would preclude his separation.  It would be impossible for the Court to grant a motion to dismiss without looking at the background facts - which require an injunction because the Navy argues they will escape review.  "The risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment." *Harrington v. Painter*, 92 Fed.Appx. 126, 128-129 (6th Cir., 2003) *citing Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir.1995). Failure to provide the parties with either constitutes reversible error. *Alioto v. Marshall Field's &* Co., 77 F.3d 934, 936

---

[1] The "Chief of Chaplains  Chaplains shall . . .  Recertify a chaplain's professional qualification upon receipt of a new ecclesiastical endorsement."  OPNAVINST 1120.9(5)(b)(3)(a)

[2] On September 28, 2006, the Chaplaincy of Full Gospel Church, a fully qualified and recognized Religious Organization that has and continues to endorse numerous chaplains in the U.S. Navy and other military branches, signed a Statement of Ecclesiastical Endorsement for Chaplain Klingenschmitt attesting that Chaplain Klingenschmitt is professionally qualified as a religious ministry professional for the military chaplaincy.  The Ecclesiastical Endorsement was sent to the Chief of Navy Chaplains on September 29, 2006.

[3] Of course, the question for a motion to dismiss is not what the statute provides, but whether Chaplain Klingenschmitt alleged the violation - which he did in ¶ 13, 14, and 19.

(7th Cir.1996); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

Second, this is a case where the Navy admits they could take away Constitutional Rights of Chaplains, separate them from service and then evade review. This is one of those cases that are "capable of repetition, yet evading review" that provide the District Court with *See, e.g., Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581, 594 fn. 6 (1999)*; Honig v. Doe*, 484 U.S. 305, 318-323, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988), and *Vitek v. Jones*, 445 U.S. 480, 486-487, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *Gerstein v. Pugh*, 420 U.S. 103, 107 n. 2, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973); *Moore v. Ogilvie*, 394 U.S. 814, 89 S. Ct. 1493, 23 L. Ed. 2d 1 (1969); *Southern Pacific Co. v. Interstate Commerce Comm'n*, 219 U.S. 433, 31 S. Ct. 288, 55 L.Ed. 283 (1911).

Supreme Court precedent teaches that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. *United States v. Trans-Missouri Freight Ass'n*, 166 U.S. 290, 17 S. Ct. 540, 41 L. Ed. 1007 (1987); *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 65 S. Ct. 11, 89 L. Ed. 29 (1944); *Hecht Co. v. Bowles*, 321 U.S. 321, 64 S. Ct. 587, 88 L. Ed. 754 (1944). A controversy may remain to be settled in such circumstances. *United States v. Aluminum Company of America*, 148 F.2d 416 (2nd Cir. 1945), e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. *United States v. Hamburg-Amerikanische Packet-Fahrt-Actien Gesellschaft*, 239 U.S. 466, 36 S. Ct. 212, 60 L. Ed. 387 (1916).

Because Defendant has not shown by credible arguments that they could discharge Chaplain Klingenschmitt when their regulations require exactly the opposite, Chaplain Klingenschmitt will prevail on the merits. Thus, he has met this prong of his demonstration.

**B. Plaintiff Demonstrates He will be Irreparably Harmed Absent an Injunction**

A Chaplain's good standing to preach within the military not only on his reputation as a man of God but also his reputation as a military officer, which is a significant factor affecting the progression of his military career. Not only is it a measure of how readily accepted an officer is by his seniors, peers, and subordinates, but it also impacts performance evaluations, receipt of awards and commendations, future assignments, promotions, and postgraduate education.

Normally, the temporary loss of money, ultimately to be recovered, does not usually constitute irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), where the Court reversed lower court orders granting the plaintiff, a probationary employee in the federal government, temporary relief enjoining dismissal from employment. The Court noted, however, that certain 'extraordinary situations' might arise in which the temporary loss of money could amount to irreparable injury. This is one of those cases.

Within this District, Courts have granted injunctions against the Navy and found irreparable harm by a military discharge. *See e.g., McVeigh v. Cohen*, 983 F.Supp. 215, 221 (D.D.C. 1998):

> Without this Court's immediate intervention, the Plaintiff will lose his job, income, pension, health and life insurance, and all the other benefits attendant with being a Naval officer. Having served honorably for the last seventeen years, Plaintiff will be separated from a position which is central to his life on the sole ground that he has been labeled a "homosexual," and thus by definition unfit for service. The stigma that attaches to such an accusation without substantiation is significant enough that this Court believes it must grant the injunctive relief sought. In cases nearly identical to this, courts have accordingly granted a preliminary injunction, *see Elzie v. Aspin*, 841 F.Supp. 439, 443 (D.D.C.1993) (loss of benefits and "rights as a Marine" constitute irreparable harm); *May v. Gray*, 708 F.Supp. 716, 719 (E.D.N.C.1988) (same); *see also Saunders v. George Washington University*, 768 F.Supp. 843, 845 (D.D.C.1991); *Huynh v. Carlucci*, 679 F.Supp. 61, 67 (D.D.C.1988).

1.  Chaplain Klingenschmitt's reputation within the military will be irreparably harmed because he has lived his life on the path to be able to give service men at war Chaplaincy direction. Now, the Navy's separation of him will deny him that ministry war time sailors which he can never get back.

Military service during wartime requires a large influx of service members. To be separated during a time of war will carry a stigma that Chaplain Klingenschmitt will never be able to overcome. Also, military officers are promoted faster during a time of war. Chaplain Klingenschmitt will miss out on the battle field promotions that often accompany such service.

2.  The Navy is evicting Chaplain Klingenschmitt from his home simultaneous with the separation. This has been found to be irreparable injury by other Courts. *Bloodworth v. Oxford Village Townhouses, Inc.*, 377 F.Supp. 709, 719 (N.D.Ga. 1974).

3.  The loss of reputation as one "fired" from the military for a religious crime creates an irreparable harm for military officers. *See McVeigh v. Cohen*, 983 F.Supp. at 221.

4.  The loss of health benefits, including immediate access to military hospitals, for the Chaplain, and his wife, who has special medical needs. The threat of termination of medical benefits to has been held to constitute irreparable harm. *In Whelan v. Colgan*, 602 F.2d 1060, 1062 (2d Cir.1979), ("the threatened termination of benefits such as medical coverage for workers and their families obviously raised the spectre of irreparable injury.") This is the type of injury other Courts have found to be irreparable. *Communications Workers of America, Dist. One, AFL-CIO v. NYNEX Corp.*, 898 F.2d 887, 892 (2nd Cir. 1990) ("acts that result in a denial of covered treatment justify a finding of irreparable harm.")

5.  Loss of tuition assistance to continue Ph.D. Program which will impact

further promotions should plaintiff prevail; (5) loss of military ID card, including lost access to the commissary, gym, exchange privileges; (6) loss of tax benefits available to service members; (7) disruption to Chaplain Klingenschmitt's family stability during time of personal crisis, damaging his family and wife's emotional health; and (8) loss of ability to pray, preach, and counsel with Sailors, plaintiff cannot fulfill his life's calling to a military chaplaincy, for which he trained 20+ years.

Defendant ignores most of plaintiff's arguments concerning irreparable harm and the granting of an injunction pending appeal. As shown above, Courts have found irreparable harm for the damage that the Defendant seeks to place on Chaplain Klingenschmitt. Defendant did not offer any contrary evidence.

Thus, plaintiff has demonstrated irreparable harm sufficiently to meet his burden of demonstration.

### C. Plaintiff Has Demonstrated That the Navy Will <u>Not</u> Be Harmed by the Injunction

The Navy refuses to follow their own regulations and recertify Chaplain Klingenschmitt. There is no evidence that Chaplain Klingenschmitt changed between September 29, 2006 and September 30, 2006. The only thing that changed was his ecclesiastical endorser. The Navy could look at the endorser, but, it is clearly pretextual to claim Chaplain Klingenschmitt somehow became different when he changed endorsers.

The Navy's argument is that they can basically do whatever they want and escape judicial review of their actions against a Navy Chaplain. Def. Opp., pg. 18-19. The law is different than Defendant leads the Court to believe.

Judicial review of military regulations is far more deferential than constitutional review of similar laws or regulations designed for civilian society. However, individual autonomy is not as

great within the military community as it is within the larger civilian community, the essence of individual constitutional rights nevertheless remain intact. *Goldman v. Weinberger*, 475 U.S. 503, 507 (1986) (the "aspects of military life do not, of course, render entirely nugatory in the military context the guarantees of the First Amendment"); *see also Rostker v. Goldberg*, 453 U.S. 57, 70, 101 S.Ct. 2646, 2654, 69 L.Ed.2d 478 (1981) ("when [Congress'] decision [to register only males for potential conscription] is challenged on equal protection grounds, the question a court must decide is not which alternative it would have chosen, had it been the primary decisionmaker, but whether that chosen by Congress denies equal protection of the laws"). Thus, "[s]imply labeling the legislative decision 'military' ... does not automatically guide a court to the correct constitutional result." *Id*. at 70, 101 S.Ct. at 2654.

The concept of deference to the military still requires the court to examine the underlying bases for defendant's actions in refusing to recertify the Chaplain because he prayed in the name of Jesus to determine whether that action scrutiny. *See, e.g., Dubbs v. Central Intell. Agency*, 769 F.Supp. 1113, 1116 n. 3 (N.D.Cal.1990) ("deference to Executive Branch decisions does not require the judiciary to abdicate its authority under Article III to decide whether or not an individual's right to *equal protection under the Federal Constitution has been violated*") (emphasis in original); *Meinhold v. U.S. Department of Defense*, 808 F.Supp. 1455, 1457 (C.D.Cal.1993), on appeal ("the [c]ourt cannot merely defer to the 'military judgment' as the rationale for the policy--the [c]ourt must consider the factual basis underlying the 'military judgment' ").

The defendant writes a solid theoretical piece explaining one side of the law. However, they never got down to the nuts and bolts and explained how following OPNAVINST 1120.9(5)(b)(3)(a) which requires that the "Chief of Chaplains ***shall*** . . . Recertify a chaplain's professional

qualification upon receipt of a new ecclesiastical endorsement," could in any way harm the Navy. Once the Chief of Chaplains follows the Navy's regulations, the rest of Defendant's case falls apart. OPNAVINST 1120.9(5)(b)(3)(a). Perhaps that is why there is no explanation.

For these reasons, the plaintiff has met his burden of demonstrating that there will be no harm to the Defendant if the injunctive relief is granted.

### D. Plaintiff Has Demonstrated the Injunction Will Not Disserve of the Public Interest

Defendant makes no argument that the injunction could disserve the public interest. There is a public interest generally in the Navy following their own regulations. It would not disserve the public for the Navy to recertify Chaplain Klingenschmitt. He is a fifteen year veteran. The only "crime" he has been accused of is praying in the name of Jesus. The public interest is served when the Navy follows its own regulations and recertifies the Chaplain. *See, e.g., Sierra Club v. Martin*, 168 F.3d 1 (11th Cir.1999) (Federal government violates own regulations).

**CONCLUSION** For the foregoing reasons, Plaintiff respectfully requests that this Court grant an injunction to plaintiff and keep the status quo during the appeal to the United States Court of Appeals for the District of Columbia Circuit. Because the Navy plans to separate the Chaplain by January 31, 2007, Plaintiff respectfully requests expedited consideration of this motion.

                                                      Respectfully submitted,

                                                      /s/ William P. Farley  
                                                    Law Office of William P. Farley, P.C.  
                                                    1350 Connecticut Avenue, N.W.  
                                                    Suite 200  
                                                    Washington, D.C. 20036  
                                                    (202) 775-1550  
                                                    (202) 775-0008 (fax)  
                                                    farley@dccounselor.com  
                                                    Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Reply in Support of his Emergency Motion for an Emergency Injunction During the Pendency of His Appeal of the Court's January 4, 2007 Order Denying the Preliminary Injunction was served on all parties by delivering a copy thereof via the Court's electronic filing, on this 30th day of January 2007 to:

> Michael P. Abate
> Trial Attorney
> United States Department of Justice
> Federal Programs Branch
> PO Box 883
> Washington, DC 20530
> Tel: (202) 616-8209
> Fax: (202) 616-8470
> michael.abate@usdoj.gov

>    /s/ William P. Farley
> Law Office of William P. Farley, P.C.
> 1350 Connecticut Avenue, N.W.
> Suite 200
> Washington, D.C. 20036
> (202) 775-1550
> (202) 775-0008 (fax)
> farley@dccounselor.com
> Counsel for Plaintiff