UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **CHAPLAIN GORDON JAMES KLINGENSCHMITT** )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>**DONALD C. WINTER, in his**<br>**Official Capacity as Secretary of**<br>**the Navy,** )<br>)<br>Defendant, ) | Civil No.: 06CV 1832 (HHK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY THE PARTIES'**
**OBLIGATIONS UNDER RULE 26**

Plaintiff, Chaplain Klingenschmitt, Opposes Defendant's motion to stay discovery while the Court decides the motion to dismiss. Defendant's motion to dismiss is full of novel arguments that have been rejected by the D.C. Circuit and/or the U.S. Supreme Court. Plaintiff seeks to have this matter resolved so he can continue his military career as soon as possible. For the below reasons, plaintiff asks the Court to order defendant to cooperate in discovery immediately.

Discovery is required to permit plaintiff to find evidence to support his findings that Defendant punished him for praying in the name of Jesus. Defendant does not deny that they refuse to follow their own regulation, OPNAVINST 1120.9(5)(b)(3)(a),[1] which requires the defendant to recertify Chaplain Klingenschmitt's ecclesiastical endorsement.[2] Instead, Defendant seeks to dismiss

---

[1] The "Chief of Chaplains Chaplains shall . . . Recertify a chaplain's professional qualification upon receipt of a new ecclesiastical endorsement." OPNAVINST 1120.9(5)(b)(3)(a)

[2] On September 28, 2006, the Chaplaincy of Full Gospel Church, a fully qualified and recognized Religious Organization that has and continues to endorse numerous chaplains in the U.S. Navy and other military branches, signed a Statement of Ecclesiastical Endorsement for

the complaint prior to any discovery being taken.

If the Navy followed its own regulations, they would have no basis for separating Chaplain Klingenschmitt from the military. Plaintiff has evidence that the Navy's real reason for terminating him was that he prayed in the name of Jesus. Chaplain Klingenschmitt's complaint made clear his belief that he is being terminated for the content of his prayers and for no other reason.

On January 31, 2007, the D.C. Circuit enjoined the Navy from separating Chaplain Klingenschmitt until after they determine the merits of his request for injunctive relief. Even if the D.C. Circuit had not enjoined the Navy, their argument that Chaplain Klingenschmitt would lose his right to review of their alleged unconstitutional actions ignored the under the "'capable of repetition, yet evading review'" doctrine. Roe v. Wade, 410 U.S. 113, 125 (1973) (quoting S. Pac. Terminal Co. v. ICC, 219 U.S 498, 515 (1911)).

As the plaintiff has properly alleged constitutional violations in his complaint, a dispositive motion would be premature without discovery. *Paquin v. Federal Nat. Mortg. Ass'n*, 119 F.3d 23, 28 (D.C. Cir. 1997) ("Because we believe the district court erred in not granting Paquin's Rule 56(f) motion, we reverse the district court's grant of summary judgment and remand for further discovery")

**Defendant's Motion to Dismiss Ignores Relevant Law**

The underlying desire of Defendant seeks to have this honorable Court deny Chaplain Klingenschmitt timely discovery. While District Courts have the discretion to issue such orders, that discretion is limited by the careful dictates of Fed.R.Civ.P. 26 and "is circumscribed by a long-established legal tradition" which values public access to court proceedings. *Brown &*

---

Chaplain Klingenschmitt attesting that Chaplain Klingenschmitt is professionally qualified as a religious ministry professional for the military chaplaincy. The Ecclesiastical Endorsement was sent to the Chief of Navy Chaplains on September 29, 2006.

*Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir.1983), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984). Rule 26 requires discovery and implies that the discovery shall be timely. In this case, defendant seeks to adjudicate their own case based upon their own self-interest and delay discovery, which always results in lost document s and faulty memories. This is a violation not only of Rule 26 but of the principles that make our legal system great.

Defendant whole argument is based on the premise that their motion to dismiss will be granted. Defendant ignores the standard by which orders dismissing complaints for failure to state claims must be tested – whether, taking allegations of complaint as true, and viewing them liberally, giving plaintiffs benefit of all inferences which fairly may be drawn therefrom, it appears beyond doubt that plaintiffs can prove no set of facts in support of claims which would entitle them to relief. Defendant's Rule 12 motion does not argue solely based on the complaint, and in no way gives the benefit of inferences to plaintiff, instead defendant relies upon matters outside of the complaint, hence their motion is one for summary judgment and not a motion to dismiss. The motion for summary judgment requires that plaintiff be permitted discovery.

**<u>The Defendant's "Motion to Dismiss" is Really a Motion for Summary Judgment</u>**

In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). As the Court has subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(b)(6) would not be applicable, the only other possibility is a motion for summary judgment. And "[w]hen a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties both a reasonable opportunity to present all

material made pertinent to such a motion by Rule 56 and a chance to pursue reasonable discovery." *Taylor v. FDIC*, 132 F.3d 753, 765 (D.C.Cir.1997) (quoting Fed.R.Civ.P. 12(b)(6)) (internal quotation marks and other citation omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (holding that an adequate time for discovery is required) (citation omitted).

The only matters the Court can consider for a motion to dismiss are those matters **within** a complaint. The Navy's whole argument is based on a statute that they wish this Court to rely upon. Once the Court considers outside evidence, then the motion to dismiss is converted to one for summary judgment and Rule 56(f) becomes applicable. Rule 12(b) provides in part: "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

In their motion to dismiss the Navy claims they were "required to institute these separation proceedings against plaintiff" according to Section 643 of Title 10. Defendant's December 21, 2006 Motion to Dismiss ("Mot. Dis."), pg. 1, 2. However, plaintiff never raised Section 643 in his complaint, instead he relied upon OPNAVINST 1120.9(5)(b)(3)(a) which is the Navy's own regulation that required the defendant to recertify Chaplain Klingenschmitt.

Thus, there are factual issues at stake here because the Navy Regulations clearly state that the "Chief of Chaplains ***shall*** . . . Recertify a chaplain's professional qualification upon receipt of


a new ecclesiastical endorsement." OPNAVINST 1120.9(5)(b)(3)(a)[3]. The word "shall" requires the Navy to follow the conditions and rules it has established by recertifying Chaplain Klingenschmitt's endorsement.

The Navy argues that their regulations required separation. Chaplain Klingenschmitt has shown that Navy regulations require him to be recertified which would preclude his separation. It would be impossible for the Court to grant a motion to dismiss without looking at the background facts. "The risk of prejudicial surprise arising from the court's treating a motion to dismiss as a motion for summary judgment, Rule 12(b) further requires notice and an opportunity to supplement the record before the court enters summary judgment." *Harrington v. Painter*, 92 Fed.Appx. 126, 128-129 (6th Cir., 2003) *citing Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir.1995). Failure to provide the parties with either constitutes reversible error. *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir.1996); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

**DEFENDANT RELIES UPON MATTERS OUTSIDE THE COMPLAINT**

Defendant argues that they have not sought summary judgment. However, such a bald assertion must be looked at to see the substance over the title.

1. Under Chief of Chaplains Instruction (COCINST) 1110.1G, a Chaplain Appointment and Recall Eligibility (CARE) Advisory Group is authorized only to assist the Chief of Chaplains in validating "the professional qualifications of all applicants for appointment in the Chaplain Corps, the Chaplain Candidate Program Officer (CCPO) program, and transfers between active and inactive duty." COCINST 1110.1G, para. 5 makes CARE Advisory Groups

---

[3] Of course, the question for a motion to dismiss is not what the statute provides, but whether Chaplain Klingenschmitt alleged the violation - which he did in ¶ 13, 14, and 19.

responsible for examining "each direct, superseding, recall or interservice transfer application and each Regular chaplain officer discharged from active duty who requests a Naval Reserve appointment." *Id.,* ¶ 17.

2.  Rule 56(f) of the Federal Rules of Civil Procedure provides that:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The policy behind Fed.R.Civ.P. 56(f) is straightforward: "Summary judgment should not be granted where the non-moving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). In this Circuit, "a reasonable opportunity to complete discovery before grappling with a summary judgment motion is the norm." *See generally* 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2741 at 541-48 (2d ed. 1983) ("One of the most common reasons offered under Rule 56(f) for being unable to present specific facts in opposition to a summary judgment motion is insufficient time or opportunity to engage in discovery.")

"The protection afforded by Rule 56(f) is an alternative to a response in opposition to summary judgment under 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment." 10A Wright, Miller, & Kane, Federal Practices and Procedure §2740 (1983). *See, Miller v. United States Department of Transportation*, 710 F.2d 656, 666 (10th Cir. 1983) ("[D]iscovery is strongly favored and generally denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error, particularly in the face of a

Rule 56(f) affidavit.")

Consistent with its underlying policy, courts treat Rule 56(f) motions and affidavits liberally: "Unless dilatory or lacking ill merit, the motion should be liberally treated.'" James W. Moore & Jeremy C. Vicker, Moore's Federal Practice 56.24 (1988). *See, Jensen v. Redev. Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993); *RTC Mortgage Trust 1994-S3 v. Guadalupe Plaza*, 918 F.Supp. 1441, 1448 (D.N.M. 1996).

Discovery pursuant to Rule 56(f) is often granted. *See Khan v. Parsons Global Services, Ltd.*, 428 F.3d 1079, 1087 (D.C.Cir. 2005) ("Because the district court never ruled on the Khans' initial Rule 56(f) discovery request, on remand, the district court should address both Rule 56(f) declarations."). Who has made the decisions in this matter is of key importance. *See Paralyzed Veterans of America v. D.C. Arena L.P.*, 117 F.3d 579, 587 (D.C.Cir.1997) ("A speech of a mid-level official of an agency . . . is not the sort of 'fair and considered judgment' that can be thought of as an authoritative departmental position.")  Plaintiffs should be granted an opportunity to depose decision makers to determine whether Chaplain Klingenschmitt's religious beliefs are the sole reason he has been punished by the Navy.  Chaplain Klingenschimtt will also seek to discover the Navy's position on the Constitutional right to pray.

In *Anderson*, 477 U.S. at 250 n.5, the Supreme Court noted that Rule 56(f) provides that "summary judgment be refused where the non-moving party has not had the opportunity to discover information that is essential to his position." Because a plaintiff should not be "'railroaded' by a premature motion for summary judgment, the United States Supreme Court has held that a district court must apply Federal Rule of Civil Procedure Rule 56(f) if the opposing party has not made full discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

Thus, the district court is empowered with discretion to decide whether the movant's motion is ripe and thus determine whether to delay action on a motion for summary judgment. *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1313 (3d Cir. 1994). Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. *See Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir. 1995). Accord WRIGHT & MILLER, 10A FEDERAL PRACTICE AND PROCEDURE § 2741 at 546 (West 1983)(Most courts are reluctant to grant summary judgment prior to the termination of discovery).

Plaintiff has amply demonstrated its need for discovery. In *Richardson v. National Rifle Association*, 871 F. Supp. 499, 501-502 (D.D.C. 1994), that Court stated: Under Rule 56(f), the Court upon request may defer ruling on a summary judgment motion and allow the non-moving party an opportunity through limited discovery to obtain information relevant to an issue of material fact he maintains is in dispute. The party opposing summary judgment and seeking deferral, usually but not invariably by motion and affidavit, must (i) alert the Court to the need for further discovery and (ii) demonstrate, either through an affidavit or other documents such as opposing motions and outstanding discovery requests, how additional discovery will enable it to rebut the movant's allegations of no genuine issue of fact.

The Defendant have initiated separation proceedings against Chaplain Klingenschmitt based upon his lack of ecclesiastical endorsement. For three major reasons discovery is required: (1) there is no evidence that in its more than 200 year history the Navy has ever separated a chaplain who has an ecclesiastical endorsement (which Chaplain Klingenschmitt has his Ecclesiastical Endorsement from the Chaplaincy of Full Gospel Churches); (2) there needs to be discovery on whether any other

chaplain in the Navy has faced separation based upon praying in Jesus' name; and (3) the treatment of the other Navy Chaplains that are similarly situated to Chaplain Klingenschmitt and are not being separated.

## CONCLUSION

WHEREFORE, Klingenschmitt respectfully requests that the defendant's motion be Denied.

Respectfully submitted,

/s/ William P. Farley
William P. Farley 466280
Law Office of William P. Farley
1350 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 775-1550 (telephone)
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>DONALD C. WINTER )<br>)<br>Defendant, )<br>) | Civil No.: 06CV 1832 (HHK) |

**ORDER**

Upon consideration of Defendant's Motion to Stay the Parties' Obligations under Rule 26, Plaintiff's memorandum of points and authorities in support thereof, Plaintiff's opposition thereto, Defendant's Reply and the record herein, it is the ___ day of _____ 2007 hereby:

**ORDERED** that the Defendant's motion be and hereby is **DENIED**.

_____
Judge Henry H. Kennedy
Federal District Court Judge - District of Columbia

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Opposition to Defendant's Motion to Stay the Parties' Obligations under Rule 26 was served on all parties by delivering a copy thereof via the Court's electronic filing, on this 31st day of January 2007 to:

>Michael P. Abate
>Trial Attorney
>United States Department of Justice
>Federal Programs Branch
>PO Box 883
>Washington, D.C. 20530
>Tel.: (202) 616-8209
>Fax: (202) 616-8470
>michael.abate@usdoj.gov

>    /s/ William P. Farley
>William P. Farley 466280
>Law Office of William P. Farley
>1350 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036
>(202) 775-1550 (telephone)
>(202) 775-0008 (fax)
>farley@dccounselor.com
>Counsel for Plaintiff