UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT, )<br><br>Plaintiff, )<br><br>v. )<br><br>DONALD C. WINTER )<br>In his Official Capacity as Secretary, )<br>DEPARTMENT OF THE NAVY, )<br><br>Defendant. ) | Civil Action No. 06-01832 (HHK) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PARTIES' OBLIGATIONS UNDER RULE 26**

Plaintiff's opposition only underscores why this court should grant Defendant's motion for a stay of Rule 26(f) proceedings. Plaintiff persists in mischaracterizing his claims about the meaning of Navy regulations as "factual" matters that require discovery. That is incorrect. Because these attacks on Plaintiff's separation proceedings are purely legal contentions about the meaning of DoDI 1304.28 and OPNAVINST 1120.9, no discovery is needed or warranted on those claims. Moreover, because Plaintiff's arguments concerning the Navy regulations are the only way that Plaintiff can reverse his pending separation – as Plaintiff has not challenged the Secretary's exercise of discretion under the APA – his standing to press the more generalized constitutional attacks contained in his Complaint rests entirely on his interpretation of those regulations.

If this court does not stay the parties' obligations under Rule 26 by February 2, 2007, further briefing on these issues will be assured. The Federal Rules of Civil Procedure require the

parties to hold a Rule 26(f) conference by February 2, 2007, and that conference will trigger the parties' initial disclosure requirements. Given the parties' respective positions on the appropriateness of discovery in this action, it is assured that this court will be asked to adjudicate, at a minimum, Plaintiff's motions to compel and Defendant's corresponding motions seeking protective orders. These motions are likely to duplicate the arguments already in front of this court in Plaintiff's pending motions for expedited discovery and for Rule 56(f) discovery. Moreover, they may be entirely unnecessary; if Defendant's motion to dismiss is granted, no discovery will be warranted on any allegation in the Complaint.

In such situations, courts regularly stay the parties' discovery obligations until the court resolves a dispositive motion that might eliminate some or all of the counts in a complaint. See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters"); see also Patterson v. United States, 901 F.2d 927, 929 (11th Cir. 1990); Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936); 8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2040 (2d ed. 1994) ("[A] a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved.").

Finally, Defendant notes that the D.C. Circuit did not award Plaintiff an injunction pending appeal of this court's January 4, 2007 order. Instead, the D.C. Circuit merely entered a short *administrative stay* so that it could *consider* Plaintiff's request for an injunction pending

appeal of that order.[1] The D.C. Circuit's order specifically states that "[t]he purpose of this administrative injunction is to give the court sufficient opportunity to consider the merits of the emergency motion for an injunction pending appeal *and should not be construed in any way as a ruling on the merits of that motion*." See Exh. 1 (emphasis added). Therefore, any suggestion that the D.C. Circuit awarded Plaintiff the injunction pending appeal that this court properly denied – see Pls. Opp. at 2 ("[T]he D.C. Circuit enjoined the Navy from separating Chaplain Klingenschmitt until after they determine the *merits of his request for injunctive relief*.") (emphasis added) – is erroneous.

Plaintiff faces an exceedingly high burden in his quest to obtain an injunction pending appeal of this court's January 4, 2007 order – much higher than the already substantial burden he will face in seeking to reverse that order itself. See Society for Animal Rights, Inc. v. Schlesinger, 512 F.2d 915, 917 (D.C. Cir. 1975) ("[E]ven if we were now determining the appeal from the denial of the preliminary injunction, we could not reverse unless we . . . conclude . . . that the district judge abused his discretion. This would present a narrow question, and a great burden on appellants. The question is still more narrow, *and the burden is still greater* for litigants, like appellants, seeking an injunction pending the disposition of the appeal from the denial of the temporary injunction." (emphasis added)) (citing Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921 (1958)). As this court recognized in its order denying Plaintiff's request for a preliminary injunction, and in denying Plaintiff's request for an injunction pending appeal of the denial of that order, Plaintiff is unlikely to obtain preliminary injunctive relief. Moreover,

---

[1] The court ordered the Defendant to oppose Plaintiff's request for an injunction pending appeal by 4:00 PM on February 2, 2007, and further ordered the Plaintiff to reply to that opposition by 12:00 PM on Monday February 5, 2007. See Exh. 1.

even if the D.C. Circuit did grant Plaintiff an injunction pending appeal, it would not deprive this court of jurisdiction to consider the pending Motion to Dismiss.

Defendant respectfully requests that this court grant its motion for a stay of the parties' Rule 26 obligations by February 2, 2007.

Dated: <u>February 1, 2007</u>                         Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFERY A. TAYLOR
United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

Of Counsel:                                        **/s/ Michael P. Abate**
Lieutenant Commander Thomas Leary   MICHAEL P. ABATE
Lieutenant Katy Pasieta                     Attorney, Civil Division
Office of the Judge Advocate General   U.S. Department of Justice
Department of the Navy                     P.O. Box 883
Washington Navy Yard, Bldg 33           20 Massachusetts Ave., N.W., Room 7302
1322 Patterson Ave., S.E., Suite 3000   Washington, D.C. 20530
Washington, D.C.  30274-5066             Telephone: (202) 616-8209

<u>Attorneys for Defendants</u>

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5034**  **September Term, 2006**

06cv01832

Filed On:

Gordon James Klingenschmitt,
    Appellant

v.

Donald C. Winter, in his official capacity as Secretary, Department of the Navy,
    Appellee



**BEFORE:**   Sentelle, Rogers, and Garland, Circuit Judges

### ORDER

Upon consideration of the emergency motion for an injunction pending appeal, it is

**ORDERED** that appellee is enjoined from effectuating appellant's separation from the Navy pending further order of the court. The purpose of this administrative injunction is to give the court sufficient opportunity to consider the merits of the emergency motion for an injunction pending appeal and should not be construed in any way as a ruling on the merits of that motion. See D.C. Circuit Handbook of Practice and Internal Procedures 32 (2007). It is

**FURTHER ORDERED**, on the court's own motion, that appellee hand-deliver and hand-file a response to the emergency motion by 4:00 p.m. on Friday, February 2, 2007, and that appellant hand-deliver and hand-file any reply by noon on Monday, February 5, 2007.

Per Curiam