UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil No.: 06CV 1832 (HHK)** |
| **v.** | ) | |
| | ) | |
| DONALD C. WINTER, in his | ) | |
| Official Capacity as Secretary of | ) | |
| the Navy, | ) | |
| | ) | |
| **Defendant,** | ) | |

## THE PARTIES' JOINT STATUS REPORT

NOTICE IS HEREBY GIVEN that the parties met pursuant to Federal Rules of Civil Procedure, Rule 26(f), and Local Rules of Civil Procedure, Rule 16 on February 2, 2007. Pursuant to the Rules of the Court, counsel submit this joint report and the parties' alternative proposed orders.

## THE MATTERS DISCUSSED BY THE PARTIES

At the conference required by Fed. R. Civ. P. 26(f) and LCvR16.3, the parties conferred and discussed the following matters:

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendant has filed a motion to dismiss.  Defendant has also filed a motion to stay

discovery pending the court's resolution of that motion to dismiss. Plaintiff believes that a dispositive motion is premature, and he has opposed Defendant's motions.

In the event that the case proceeds, and the court permits discovery, defendant believes that any additional dispositive motions should be filed within thirty (30) days of the close of discovery, with any opposition thereto due twenty (20) days after the filing of that dispositive motion, and any reply thereto due ten (10) days after the filing of the opposition.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Neither party believes there are other parties to be joined at this time. Plaintiff may require to amend the pleadings pending on the actions of defendant and the discovery in this matter.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not want the case to be assigned to a magistrate judge.

**(4) Whether there is a realistic possibility of settling the case.**

Defendant does not believe that the case could settle. Plaintiff believes that settlement could be reached if he is permitted to stay in the Navy.

**(5) Whether the case could benefit from the Court's alternative dispute resolution**

2

(ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

> (i) the client's goals in bringing or defending the litigation;
> (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;
> (iii) the point during the litigation when ADR would be most appropriate, with special    consideration given to:
>> (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
>> (bb) whether ADR should take place before or after the judicial resolution of key legal issues;
> (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
> (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Defendant does not believe that ADR would be helpful.  Plaintiff believes ADR would be helpful to the parties - and should take place before the judicial resolution of key legal issues; however, he believes discovery should continue.


**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendant believes that the case can be dismissed on the pending motion to dismiss, which has been fully briefed.  Plaintiff believes that there are factual issues that need to be

resolved.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Defendant believes the parties should dispense with initial disclosures and objects to such initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**Plaintiff has already fully complied with Fed. R. Civ. P. 26(a)(1) and served his initial disclosures** on Defendant. Plaintiff believes that initial disclosures are due within 14 days of the Fed. R. Civ. P. 26(a) and LCvR16.3 conference in circumstances such as the present.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Defendant believes that no discovery is required because the case concerns purely legal issues that may be resolved on the pending motion to dismiss. Defendant believes a protective order precluding all discovery is appropriate. In the event that the court denies defendant's pending motion to dismiss the action and to stay discovery, and permits discovery, defendant asks that each party be allowed no more than the standard number of depositions and interrogatories provided for in the Federal Rules of Civil Procedure: ten (10) depositions, each limited to one day of seven hours of testimony, see Fed. R. Civ. P. 30(a)(2)(A) and 30(d), and

twenty five (25) interrogatories, see Fed. R. Civ. P. 33(a). Defendant would ask that the parties

have 180 days to complete any discovery permitted by the court.

*Number of interrogatories***:** Plaintiff asks that each side may serve up to 35 interrogatories.

*Number and length of depositions:* Plaintiff asks that each side should be allowed to take 30

depositions, excluding expert depositions. Duration of each deposition shall not exceed two days

of seven hours.

*Length of Discovery:* Plaintiff believes that all discovery, except expert depositions, should be

completed within 90 days from the Court's entry of the Scheduling Order.


**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Defendant believes that no expert discovery is required because the case concerns purely

legal issues that may be resolved on the pending motion to dismiss. Defendant believes that

expert testimony would be unnecessary and improper even if the court were to deny the pending

motion to dismiss. In the event that the court permits expert testimony, defendant would ask: (1)

that plaintiff's expert report be due no less than 90 days before the start of trial, as provided in

Fed. R. Civ. P. 26(a)(2)(C); (2) that any report of an expert retained by defendant be due 30 days

after the filing the report of plaintiff's expert; and (3) that no expert be deposed until after any

such report has been filed, as provided in Fed. R. Civ. P. 26(b)(4)(A).

Plaintiff asks that reports pursuant to Federal Rule of Civil Procedure 26(a)(2) by

Defendant's retained experts and any other information required by Rule 26(a)(2) are due 30 days

after receipt of Plaintiff's experts' reports.  Depositions of expert witnesses, if any, must be

completed no later than 30 days before the pretrial conference.


**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This is not a class action matter.


**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree no bifurcation is required at the present time.

Defendant, however, asks if the court denies the pending motion to dismiss, defendant

reserves the right to request that the court bifurcate plaintiff's challenges to his separation

proceedings from the other issues in the case.  Defendant believes the challenges to plaintiff's

separation proceedings should be resolved first, as the success of those challenges will determine

whether the court has jurisdiction to entertain plaintiff's other claims.

Plaintiff believes bifurcation would waste time and the Court's, as well as the parties',

resources because the complaint in this action is for numerous violations of Chaplain

Klingenschmitt's Constitutional rights and they can't be tried piecemeal.


**(12) The date for the pretrial conference (understanding that a trial will take place**

**30 to 60 days thereafter).**

Defendant believes the case can be resolved on the pending motion to dismiss and therefore the court need not schedule a pretrial conference.  If this case goes forward, defendant asks that the pretrial conference be set for no less than 60 days after the close of discovery, to allow for the filing of any additional dispositive motions.

Plaintiff believes a pretrial conference could be held within 20 days after close of discovery if no dispositive motions are filed.  If a dispositive motion is filed, then the Court should schedule the pretrial within 20 days after the court's decision on any dispositive motions that may be filed, or at the Court's convenience.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Defendant believes the case can be resolved on the pending motion to dismiss and, therefore, the court need not schedule a firm trial date.

Plaintiff believes a firm trial date should be set and recommends September 2007.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.  Pursuant to LCvR 16.3, the parties submit the attached alternative proposed orders.

7

Respectfully submitted,

| ___/s/_____ | ___/s/_____ |
|---|---|
| William P. Farley | Michael P. Abate |
| D.C. Bar 466280 | Trial Attorney |
| Law Office of William P. Farley, P.C. | United States Department of Justice |
| 1350 Connecticut Avenue, N.W. | Federal Programs Branch |
| Suite 200 | PO Box 883 |
| Washington, D.C. 20036 | Washington, DC 20530 |
| (202) 775-1550 | Tel: (202) 616-8209 |
| (202) 775-0008 (fax) | Fax: (202) 616-8470 |
| farley@dccounselor.com | michael.abate@usdoj.gov |
| | |
| Attorney for Plaintiff | Attorney for Defendant |

Dated: February 15, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHAPLAIN GORDON JAMES KLINGENSCHMITT** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **Civil No.: 06CV 1832 (HHK)** |
| **v.** ) | |
| ) | |
| **DONALD C. WINTER, in his** ) | |
| **Official Capacity as Secretary of** ) | |
| **the Navy,** ) | |
| ) | |
| **Defendant,** ) | |

## [PLAINTIFF'S PROPOSED] ORDER

Upon consideration of the Report of the Rule 16.3 Conference, and the entire record herein, it is this _____day of February 2007, hereby

ORDERED that this case shall be placed on the "Standard" track; and it is further

ORDERED that the parties shall comply with initial disclosures required by Rule 26(a)(1), F.R.Civ.P. within 14 days of the conference required by Fed. R. Civ. P. 26(f) and LCvR16.3; and it is further

ORDERED that all discovery shall be completed within 90 days after the parties provide the initial disclosures required by Rule 26(a)(1); and it is further

ORDERED that each party shall be permitted thirty depositions; and it is further

ORDERED that each party shall be permitted thirty-five interrogatories; and it is further

ORDERED that all motions shall be filed no later than twenty days after the close of discovery; and it is further

ORDERED that the opposing party shall have two weeks to respond and to file any cross

motion; and it is further

ORDERED that the party who filed the initial motion will then have one week to reply,

and to oppose any cross-motion; and it is further

ORDERED that the other party will then have one week to file a reply; and it is further

ORDERED that the Pretrial Conference be held on _____, 2007.


_____
HON. HENRY H. KENNEDY
U.S. District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

_____ )
                                         )
CHAPLAIN GORDON JAMES                     )
KLINGENSCHMITT,                           )
                                         )
          Plaintiff,                      )
                                         )
     v.                                   )          Civil Action No. 06-01832 (HHK)
                                         )
DONALD C. WINTER                          )
In his Official Capacity as Secretary,    )
DEPARTMENT OF THE NAVY,                    )
                                         )
          Defendant.                      )
_____ )

## [DEFENDANT'S PROPOSED] ORDER

It is hereby ORDERED that the parties' obligations under Rule 26 to conduct discovery,

including the obligation to make initial disclosures required under Rule 26(a), are hereby stayed

until further order of the court.


IT IS SO ORDERED, this _____ day of _____, 2007.


                                   _____
                                   HON. HENRY H. KENNEDY
                                   UNITED STATES DISTRICT JUDGE

11