UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>　　　　Defendant. | Civil Action No. 06-01832 (HHK) |

**EMERGENCY MOTION FOR A PROTECTIVE ORDER
AND TO SHORTEN PLAINTIFF'S TIME TO OPPOSE THE MOTION**

Defendant files this emergency motion for a protective order under Fed. R. Civ. P. 26(c) to seek expeditious resolution from the court on whether discovery should proceed before this court resolves the pending Motion to Dismiss. In a Notice filed yesterday, Defendant informed the court that Plaintiff had served upon Defendants requests for document production, requests for admissions, and a set of interrogatories. That Notice explained how those documents were relevant to the pending Motion to Stay Discovery (Docket #28) and to the parties' alternate proposed orders attached to the Joint Status Report (Docket #40). Despite the pendency of these discovery matters, and without consulting Defendant, Plaintiff has also noticed the deposition of Lt. Cmdr. William Marks for March 2, 2007 at the offices of Plaintiff's counsel in Washington, D.C. Because of the extremely short time remaining before the notice date – which is seven calendar days from the date of this Motion – Defendant requests that the court shorten Plaintiff's time to oppose this motion to February 27, 2007.

Noticing this deposition further illustrates that Plaintiff is unwilling to wait for this court to resolve the numerous pending discovery matters. This court should enter a protective order forbidding Plaintiff from undertaking any of the discovery proposed to date, and from initiating any additional discovery, including noticing any additional depositions, until this court has resolved the substantial jurisdictional questions presented in the Motion to Dismiss. Pursuant to Local Rule 7(m), Defendant attempted to contact Plaintiff and obtain his consent to this motion. Defendant left a voicemail message for Plaintiff's counsel concerning the deposition notice, but has been unable to reach him directly. Because of the shortness of time, Defendant was compelled to file this Emergency Motion as soon as possible.

At a minimum, the court should enter a protective order preventing Plaintiff from deposing Lt. Cmdr. Marks. That specific relief is warranted because:

1.      Lt. Cmdr. Marks, formerly a Navy spokesman assigned to the Chief of Naval Information (CHINFO) at the Pentagon, Arlington, VA, is currently assigned to a Reserve Officer Training Corps (ROTC) unit at the University of San Diego, CA, while he is enrolled in a graduate program at San Diego State University. Plaintiff noticed a deposition in his counsel's office in Washington, D.C., without consulting Defendant on the location or availability of Defendant. Defendant immediately attempted to contact Lt. Cmdr. Marks upon receiving the notice, but has of yet been unable to reach him to even determine whether he is available to travel from California to Washington, D.C. next week. Because Lt. Cmdr. Marks is assigned to a ROTC unit while in graduate school, he has only periodic contact with his Navy unit

2.      Plaintiff's allegations concerning Lt. Cmdr. Marks have no relevance to any claim upon which Plaintiff can obtain relief. Plaintiff's Complaint alleged that Lt. Cmdr. Marks,

formerly a Navy public relations officer, made public statements that caused damage to his reputation. *See* Compl. ¶¶ 74-77, 79. These allegations are simply not relevant to the central issue in this case – whether Navy regulations required the Secretary to automatically approve the ecclesiastical endorsement Plaintiff submitted after his prior endorsing agency withdrew their support. In addition, these allegations fall squarely within the class of claims for which this court *already found* Plaintiff can obtain no relief in this action. "To the extent he seeks redress for harms he suffered in the past, an injunction can afford him no relief." Jan. 4, 2007 Order Denying Plaintiff's Request for a Preliminary Injunction (Docket #23).

       3.     Moreover, the proposed format of the discovery violates the Federal Rules of Civil Procedure. The Federal Rules limit deposition testimony to one day of seven hours, absent an order from the court allowing longer depositions. *See* Fed. R. Civ. P. 30(d)(2). Despite this clear limitation, Plaintiff states that this deposition will last "from day to day until completed," with no limitations on the amount of time. To be sure, Plaintiff has *proposed* to this court, in the Joint Status Report and his two pending motions for discovery, that he be allowed to take depositions lasting more than one day. But this court has yet to grant such permission.

      Defendant respectfully requests that this court act expeditiously to enter a protective order stopping all pending discovery in this case, and forbidding any new discovery, until the Court resolves Defendant's Motion to Dismiss.

Dated: <u>February 23, 2007</u>                    Respectfully submitted,

                                                 PETER D. KEISLER
                                                 Assistant Attorney General

                                                 JEFFERY A. TAYLOR
                                                 United States Attorney

                    VINCENT M. GARVEY
                    Deputy Branch Director

| Of Counsel: | **/s/ Michael P. Abate** |
|---|---|
| Lieutenant Commander Thomas Leary | MICHAEL P. ABATE |
| Lieutenant Katy Pasieta | Attorney, Civil Division |
| Office of the Judge Advocate General | U.S. Department of Justice |
| Department of the Navy | P.O. Box 883 |
| Washington Navy Yard, Bldg 33 | 20 Massachusetts Ave., N.W., Room 7302 |
| 1322 Patterson Ave., S.E., Suite 3000 | Washington, D.C. 20530 |
| Washington, D.C. 30274-5066 | Telephone: (202) 616-8209 |

<u>Attorneys for Defendants</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 06-01832 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Defendant's Emergency Motion For a Protective Order and to Shorten Plaintiff's Time to Oppose the Motion is hereby GRANTED, and it is ORDERED that all discovery matters are hereby stayed until further order of the court.

IT IS SO ORDERED, this _____ day of _____, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　HON. HENRY H. KENNEDY
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February 2007, I caused the foregoing Notice to be served on plaintiff's counsel of record electronically by means of the Court's ECF system.

/s/ Michael P. Abate

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAPLAIN GORDON JAMES KLINGENSCHMITT )
)
)
)
Plaintiff, ) Civil No.: 06CV 1832 (HHK)
v. )
)
DONALD C. WINTER, in his )
Official Capacity as Secretary of )
the Navy, )
)
Defendant, )
)

## PLAINTIFF'S NOTICE OF DEPOSITION TO LIEUTENANT WILLIAM MARKS

Please take notice that plaintiff, pursuant to the Federal Rules of Civil Procedure, will take the deposition of **LIEUTENANT WILLIAM MARKS** on Friday, March 2, 2007 commencing at 10:00 a.m., at the Law Office of William P. Farley, 1350 Connecticut Avenue, NW, Suite 200, Washington, D.C. 20036, before a notary public authorized to administer oaths and pursuant to the rules of the District of Columbia Superior Court. This deposition will be taken for the purposes of discovery and/or for use at the time of trial. The deposition will continue from day to day until completed.

Dated February 22, 2007

_____
William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Notice of deposition examination of **LIEUTENANT WILLIAM MARKS** was served on all parties by delivering a copy thereof on this ~~15th~~ 22nd day of February 2007, via email and U.S. Mail, postage prepaid to:

>Michael P. Abate
>Trial Attorney
>United States Department of Justice
>Federal Programs Branch
>PO Box 883
>Washington, DC 20530
>Tel: (202) 616-8209
>Fax: (202) 616-8470
>michael.abate@usdoj.gov

Respectfully submitted,

*/s/ William P. Farley*

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAPLAIN GORDON JAMES KLINGENSCHMITT )<br><br>Plaintiff,<br>v.<br><br>DONALD C. WINTER, in his<br>Official Capacity as Secretary of<br>the Navy,<br><br>Defendant, | Civil No.: 06CV 1832 (HHK) |

## PLAINTIFF'S CERTIFICATE REGARDING DISCOVERY

I HEREBY certify that on February 22, 2007, I served on all parties hereto Plaintiff's Notice of Deposition to **LIEUTENANT WILLIAM MARKS** and that I will retain the original of this document in my possession, without alteration, until the case in concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

William P. Farley
Law Office of William P. Farley, P.C.
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550
(202) 775-0008 (fax)
farley@dccounselor.com
Counsel for Plaintiff