### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHAPLAIN GORDON JAMES KLINGENSCHMITT,**<br><br>                              **Plaintiff,**<br><br>                    **v.**<br><br>**DONALD C. WINTER,**<br>**In his Official Capacity as Secretary**<br>**DEPARTMENT OF THE NAVY,**<br><br><br>                              **Defendant.** | **Civil Action 06-01832 (HHK)** |

### MEMORANDUM OPINION

Plaintiff Gordon Klingenschmitt brings this civil action against Donald Winter, in his official capacity as Secretary of the Navy, for declaratory and injunctive relief stemming from the Navy's commencement of proceedings which have separated him from service as a Navy Chaplain. He alleges violations of internal Navy and Chaplain Corps regulations, as well as violations of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"), the First Amendment, and denial of the equal protection and due process guarantees of the Fifth Amendment. The Secretary has moved to dismiss the complaint on grounds that the court lacks jurisdiction over some of Klingenschmitt's claims and, as to other claims, that the complaint fails to state a claim upon which relief can be granted. Upon consideration of the motion, the opposition thereto, and the record of this case, the court determines that the motion must be granted.

## I.  FACTUAL BACKGROUND

Klingenschmitt is a former Navy chaplain and evangelical Christian who has battled with the Navy for some time over restrictions the Navy placed on his exercise of his religious faith during his time of service.  Specifically, Klingenschmitt's desire to more freely preach a Trinitarian gospel that specifically recognizes Jesus as a person separate from God conflicted with the nondenominational tenets the Navy encouraged chaplains to preach in non-sectarian services.   He alleges that when he recently withdrew his affiliation from the Evangelical Episcopal Church (and therefore lost that denomination's ecclesiastical endorsement), the Navy commenced termination proceedings, despite the fact that even before the expiration of his endorsement, he obtained a new endorsement from another recognized sect, the Full Gospel Church.[1]  He also alleges that the Navy has conspired to restrict him from practicing his faith and by so doing has violated the Establishment Clause, his speech rights protected by the First Amendment, and the due process and equal protection guarantees of the Fifth Amendment.

Klingenschmitt filed his complaint on October 25, 2006, shortly after his attempt to re-certify his credentials failed and separation/recertification proceedings commenced.[2]  After the court denied Klingenschmitt's motions for a temporary restraining order and for a preliminary injunction and his appeal to the D.C. Circuit for injunctive relief pending appeal failed, the Navy

---

[1] Ecclesiastical endorsement from a recognized faith organization is a prerequisite to service as a Navy chaplain.  *See* DoDI 1304.28, Def.'s Opp'n to Mot. for Prelim. Inj. Ex. 2 at ¶ 6.1 (June 11, 2004) ("DoDI 1304.28").

[2] A Navy board convened to review his application for recertification on October 25, 2006.

separated Klingenschmitt from its service on March 1, 2007.  *See* Def.'s Notice of Separation

from Navy Service [#44].

## II.  ANALYSIS

In support of his motion to dismiss, the Secretary contends that the Navy did not violate

its own regulations when it commenced separation proceedings against Klingenschmitt.  To the

contrary, according to the Secretary, the commencement of separation proceedings was *required*

by Navy regulations and Klingenschmitt's claim in this regard therefore must be dismissed.  The

Secretary further contends that (1) Klingenschmitt's allegations of retaliatory actions taken prior

to the commencement of separation proceedings do not state a viable claim for relief; (2)

Klingenschmitt must amend his complaint if he wishes to challenge his actual separation from

the Navy; (3) Klingenschmitt lacks standing to bring his free exercise and RFRA claims; and (4)

to the extent that Klingenschmitt brings an Establishment Clause claim, it also must be

dismissed.  The court agrees with the Secretary and will dismiss Klingenschmitt's complaint.

**A.**     **Violation Of Navy Regulations**

The Secretary of Defense has statutory authority to establish regulations concerning the

discharge of a military chaplain who "fails to maintain the qualifications needed to perform his

professional function."  10 U.S.C. § 643.  Pursuant to that authority, the Department of Defense

("DoD") promulgated an instruction entitled "Guidance for the Appointment of Chaplains for the

Military Departments."  *See* DoDI 1304.28.  Under that regulation, in order to "serve as a

chaplain, [a Religions Ministry Professional] shall receive an endorsement from a qualified

Religions Organization."  *Id.* ¶ 6.1.  If the endorsement is ever withdrawn, the chaplain's

endorsing organization "shall provide written notification to the Military Department concerned."

*Id.* ¶ 6.5. "Processing for separation in accordance with [§ 643] shall be initiated immediately upon such notification." *Ibid*.

Upon commencement of this process, the military must inform the chaplain of a variety of things, including: (1) her right to consult military or private counsel (at no expense to the Government), *id.* ¶ 6.5.1.1; (2) the fact that the chaplain's endorsement has been terminated, *id.* ¶ 6.5.1.2; and (3) the chaplain's options going forward (she may "seek another ecclesiastical endorsement," apply for "nonchaplain duties" or "voluntary retirement," or "tender a voluntary resignation"), *id.* ¶ 6.5.1.3. Importantly, DoDI 1304.28 makes it abundantly clear that where a chaplain seeks to have her qualifications recertified (pursuant to ¶ 6.5.1.3), that recertification is not automatic and is subject to the approval (i.e., the certification) of the Department Secretary. *See id.* ¶¶ 6.5.3 (stating that the Secretary "may" take the actions enumerated in subsection 5.3), 6.5.3.1 (giving the Secretary power to approve a request for a new ecclesiastical endorsement), & 6.5.3.5 (allowing the Secretary to "[d]irect an appropriate discharge if" the request for recertification is not approved).

The Navy's regulations promulgated pursuant to DoDI 1304.28 substantially track these directives. *See* Def.'s Opp'n to Pl.'s Mot. for TRO Ex. A (OPNAVINST 1120.9, Dec. 20, 2005). Under OPNAVINST 1120.9, the Chief of Chaplains is required to "[n]otify Chief of Naval Personnel (CHNAVPERS) when an ecclesiastical endorsing agency withdraws its endorsement of a chaplain or when the Chief of Chaplains withdraws its designation of a chaplain." OPNAVINST 1120.9 ¶ 5(b)3. After notifying the CHNAVPERS of the loss of endorsement, the Chief of Chaplains must "[r]ecertify a chaplain's professional qualification upon receipt of a new

4

ecclesiastical endorsement" and "[r]ecommend to CHNAVPERS a chaplain's continuance based on needs of the Navy." *Id.* ¶ 3(a)–(b).

Assuming *arguendo* that the court has jurisdiction to hear Klingenschmitt's claims in this regard, his argument that the Navy has violated its own regulations in commencing termination proceedings against him is unpersuasive. His reading is that upon the submission of a new ecclesiastical endorsement from a qualifying organization, the Chief of Chaplains is required to accept that endorsement such that the recertification process is simply *pro forma*. This reading fails to account for both DoDI 1304.28, which informs OPNAVINST 1120.9, and subparagraph (b) of the Naval Instruction, which requires a recommendation regarding a chaplain's continuance in all cases, regardless of whether the new endorsement comes from an authorized organization or is otherwise valid. Accurately interpreted, then, the term "recertify" refers to a decisionmaking process by which the Chief of Chaplains is required to determine whether a chaplain continues to enjoy "professional qualification" and whether the chaplain's continuance with the Navy should be recommended. Whether or not this process was conducted for a legitimate purpose (i.e, whether or not the separation decision was supportable), the *commencement* of that process was mandatory. Because Klingenschmitt's complaint challenges only this commencement, it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

---

[3] Klingenschmitt's contention that the Navy's use of so-called CARE ("Chaplain Appointment and Recall Eligibility") board to review his endorsement violated regulations is equally unpersuasive. Nowhere does Klingenschmitt identify any mandatory requirement precluding the use of a CARE board in the circumstances presented here.

**B.      Retaliation Claims**

Klingenschmitt's contention that the Navy retaliated against him by not approving his new endorsement likewise fails. Prior to the filing of his complaint, the only action taken relative to the new endorsement was the commencement of separation proceedings. This commencement was mandatory and by definition was not retaliatory. To the extent Klingenschmitt challenges other actions taken by the Navy, these claims also cannot survive a motion to dismiss. Any claim he now asserts that his court martial was improper has not been exhausted. *See* 10 U.S.C. §§ 860(b)(1), 864, 869. And allegations regarding alleged retaliatory actions taken (prior to the loss of Klingenschmitt's endorsement) by Klingenschmitt's superior officers fail to establish any meaningful continued adverse impact upon Klingenschmitt and therefore are moot. *See Sw. Bell Tel. Co. v. FCC*, 168 F.3d 1344, 1350 (D.C. Cir. 1999) (where "an action has not continuing adverse impact and there is no effective relief that a court may grant, any request for judicial review of the action is moot").[4]

**C.      Standing**

The remainder of Klingenschmitt's claims amount to generalized challenges to the Navy's policies regarding the conduct of its chaplains. These claims allege that these policies (1) infringe upon Klingenschmitt's right to the free exercise of his religion by unjustifiably prohibiting him from praying and conducting services according to his religious convictions;

---

[4] Additionally, as Klingenschmitt effectively concedes in his opposition to the Secretary's motion, he may not seek damages for the constitutional violations he alleges. *See Jackson v. Bush*, 448 F. Supp. 2d 198, 201 (D.D.C. 2006) ("Our Circuit has found that Congress has not waived immunity for suits seeking monetary damages that arise under the Constitution."); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006) ("We . . . hold that RFRA does not waive the federal government's sovereign immunity for damages.").

(2) violate the Establishment Clause by essentially establishing Trinitarian Unitarianism as the official religion of the Navy; and (3) violate RFRA.  Because his separation from service has been effected, and because Klingenschmitt is not prospectively threatened or affected by these policies in any particular way, Klingenschmitt lacks standing to bring these claims.  *See Veitch v. England*, 471 F.3d 124, 131 (D.C. Cir. 2006) (stating that, assuming a Navy chaplain's resignation was valid, the chaplain lacked standing to pursue broadside attacks against the Navy's pluralism policies);  *see also Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) ("The limitations that Article III imposes upon federal court jurisdiction are not relaxed in the declaratory judgment context.").

## III.  CONCLUSION

For the foregoing reasons, the court determines that Klingenschmitt's complaint must be dismissed.  An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.
United States District Judge

Dated:  August 22, 2007

7